## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE
### Bangor Division

| | | |
|---|---|---|
| JANE DOES 1–6, JOHN DOES 1–3, | ) | |
| JACK DOES 1–1000, JOAN DOES 1–1000, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| JANET T. MILLS, in her official capacity as | ) | |
| Governor of the State of Maine, | ) | |
| JEANNE M. LAMBREW, in her official capacity | ) | |
| as Commissioner of the Maine Department of | ) | |
| Health and Human Services, | ) | |
| NIRAV D. SHAH, in his official capacity as | ) | |
| Director of the Maine Center for Disease Control | ) | |
| and Prevention, | ) | |
| MAINEHEALTH, | ) | |
| GENESIS HEALTHCARE OF MAINE, LLC, | ) | |
| GENESIS HEALTHCARE, LLC, | ) | |
| NORTHERN LIGHT HEALTH FOUNDATION, | ) | |
| MAINEGENERAL HEALTH, | ) | |
| | ) | |
| Defendants. | ) | |

*"I believe we must do everything in our power not to fan the flames of fear but to encourage public health professionals . . . to continue their brave humanitarian work."*—**Janet Mills**[1]

### VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES

For their VERIFIED COMPLAINT against Defendants, JANET T. MILLS, in her official capacity as Governor of the State of Maine, JEANNE M. LAMBREW, in her official capacity as Commissioner of the Maine Department of Health and Human Services, NIRAV D. SHAH, in his official capacity as Director of the Maine Center for Disease Control and Prevention,

---

[1]     Jacob Sullum, *Ebola Panic Control*, Reason.com (Nov. 5, 2014), https://reason.com/2014/11/05/ebola-panic-control/ (quoting then-Attorney General Janet Mills concerning unwarranted quarantine orders against healthcare professionals) (emphasis added)).

MAINEHEALTH, GENESIS HEALTHCARE OF MAINE, LLC, GENESIS HEALTHCARE, LLC, NORTHERN LIGHT HEALTH FOUNDATION, and MAINEGENERAL HEALTH ("Defendants"), Plaintiffs, JANE DOES 1-6, JOHN DOES 1-3, JACK DOES 1-1000, and JOAN DOES 1-1000 ("Plaintiffs"), allege and aver as follows:

<u>**URGENCIES JUSTIFYING EMERGENCY RELIEF**</u>

1.     The seminal issue before this Court can be boiled down to a simple question: Does federal law apply in Maine? Though the question borders on the absurd, so does Defendants' answer to it. Defendants have explicitly claimed to healthcare workers in Maine, including Plaintiffs, that federal law does not apply, and neither should they. Defendants have informed Plaintiffs, who have sincerely held religious objections to the Governor's mandate that all healthcare workers in Maine must receive a COVID-19 vaccine by October 1, 2021 (the "**COVID-19 Vaccine Mandate**"), that no protections or considerations are given to religious beliefs in Maine. Indeed, Defendants' answer has been an explicit claim that federal law does not provide protections to Maine's healthcare workers. When presented with requests from Plaintiffs for exemption and accommodation for their sincerely held religious beliefs, Defendants have responded in the following ways:

- "I can share MaineHealth's view that **federal law does not supersede state law in this instance**." (*See infra* ¶87 (emphasis added).)

- "**[W]e are no longer able to consider religious exemptions for those who work in the state of Maine**." (*See infra* ¶84 (bold emphasis original).)

- "All MaineGeneral employees will have to be vaccinated against COVID-19 by Oct. 1 unless they have a medical exemption. The mandate also states that only medical exemptions are allowed, **no religious exemptions are allowed**." (*Infra* ¶93 (emphasis added).)

- "Allowing for a religious exemption would be a violation of the state mandate issued by Governor Mills. So, unfortunately, that is not an option for us." (*Infra* ¶94.)

2.      The answer to the question before this Court is clear: **federal law and the United States Constitution are supreme over any Maine statute or edict, and Maine cannot override, nullify, or violate federal law**. *See* U.S. Const. Art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."). "**This Court has long made clear that federal law is as much the law of the several States as are the laws passed by their legislatures**." *Haywood v. Drown*, 556 U.S. 729, 734 (2009) (emphasis added). Indeed, "**[i]t is a familiar and well-established principle that the Supremacy Clause . . . invalidates state laws that interfere with, or are contrary to, federal law. Under the Supremacy Clause . . . state law is nullified to the extent that it actually conflicts with federal law**." *Hillsborough Cnty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712-13 (1985) (emphasis added) (cleaned up).

3.      Thus, there can be no dispute that **Maine is required to abide by federal law and provide protections to employees who have sincerely held religious objections to the COVID-19 vaccines**. And, here, the federal law is clear: There can be no dispute that Title VII of the Civil Rights Act prohibits Defendants from discriminating against Plaintiffs on the basis of their sincerely held religious beliefs. 42 U.S.C. §2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . religion."). And, Defendants have a duty under Title VII to provide religious exemptions and accommodations to those with sincerely held religious objections to the COVID-19 Vaccine Mandate. In direct contrast to this

unquestionable principle of black letter law, however, every Defendant in this suit has seen fit to claim to its healthcare workers that the converse is true, and that Maine law is supreme over federal law; has engaged in a conspiracy and scheme to discourage employees with religious objections to the mandatory vaccines from even seeking religious exemptions from such a policy; has informed Plaintiffs that their requests for an exemption and accommodation from the mandate cannot even be evaluated or considered; and has flatly denied all requests for religious exemption and accommodation from the mandate that all healthcare workers receive a COVID-19 vaccine. Employers bent on discrimination "usually don't post help wanted signs reading 'blacks need not apply.'" *Lewis v. City of Unity City*, 918 F.3d 1213, 1261 (11th Cir. 2019) (Rosenbaum, J., concurring in part). But Maine and its healthcare employers have no problem being direct: "**religious misbelievers need not apply**."

4.       The dispute in this case is not about what accommodations are available to Plaintiffs or whether accommodation of Plaintiffs' sincerely held religious objections can be conditioned on compliance with certain reasonable requirements. Plaintiffs have already acknowledged to Defendants that they are willing to comply with reasonable health and safety requirements that were deemed sufficient a mere two weeks ago. **The dispute is about whether Defendants are required to even consider a request for reasonable accommodation of Plaintiffs' sincerely held religious beliefs**. The answer is clear: **yes**. And this Court should require Defendants to acknowledge and accept that federal law mandates accommodation for Plaintiffs' sincerely held religious beliefs and order that Defendants extend such protections.

**5.       Plaintiffs have been given a deadline to become vaccinated by October 1, 2021, forcing them to accept a vaccine injection by September 17, 2021 at the latest. If Plaintiffs do not comply with the vaccine mandate, they will be terminated and deprived of their ability**

4

to feed their families. No American should be faced with this unconscionable choice, **especially the healthcare heroes who have served us admirably for the entire duration of COVID-19. A TRO is needed now to ensure that Defendants are enjoined from their continued efforts to deny that federal law even applies in Maine and to compel Defendants to extend the protections that federal law demands of them. Plaintiffs will suffer (and some have already suffered) irreparable harm by being forced to choose between their jobs and their sincerely held religious beliefs. Despite the Governor's mandate only requiring full vaccination by October 1, Plaintiff Jane Doe 2 was told her deadline to comply with the mandate was August 23, and she has already suffered termination as a result of the Governor's mandate. Relief from this unconscionable and unlawful deprivation of Plaintiffs' liberties cannot wait another day.**

6.      Earlier this year, the Governor rightfully declared that Maine's healthcare workers were "Superheroes" and requested that "all Maine people join me in thanking all of our healthcare workers who have heeded the call of duty and worked long hours, days, and weeks, often at great sacrifice to themselves and their families, to protect Maine people during this extraordinary crisis." Office of Governor Janet T. Mills, *Governor Mills Announces Four Maine Healthcare Superheroes to Attend Super Bowl LV Thanks to Generosity of New England Patriots' Kraft Family* (Feb. 2, 2021), https://www.maine.gov/governor/mills/news/governor-mills-announces-four-maine-healthcare-superheroes-attend-super-bowl-lv-thanks. Every word of that statement is equally as true today as it was the day the Governor uttered it. **Yet, on August 12, 2021, those same superheroes have now been cast as evil villains for requesting exemption and accommodation from the Governor's edict for their sincerely held religious beliefs**.

7.      Neither the Governor nor any of the Defendant employers is permitted to blatantly ignore federal protections under the First Amendment and Title VII, yet that is precisely why emergency relief is needed in the instant action: Plaintiffs need **an order mandating that Defendants follow federal protections for religious objectors to the COVID-19 Vaccine Mandate.**

8.      Plaintiffs are all healthcare workers in Maine who have sincerely held religious beliefs that preclude them from accepting any of the COVID-19 vaccines because of the vaccines' connections to aborted fetal cell lines and for other religious reasons that have been articulated to Defendants. Since COVID-19 first arrived in Maine, Plaintiffs have risen every morning, donned their personal protective equipment, and fearlessly marched into hospitals, doctor's offices, emergency rooms, operating rooms, and examination rooms with one goal: to provide quality healthcare to those suffering from COVID-19 and every other illness or medical need that confronted them. They did it bravely and with honor. They answered the call of duty to provide healthcare to the folks who needed it the most and worked tirelessly to ensure that those ravaged by the pandemic were given appropriate care. **All Plaintiffs seek in this lawsuit is to be able to continue to provide the healthcare they have provided to patients for their entire careers, and to do so under the same protective measures that have sufficed for them to be considered superheroes for the last 18 months**. Defendants shamelessly seek to throw these healthcare workers out into the cold and ostracize them from the very medical facilities for which they have sacrificed so much solely because of Plaintiffs' desire to continue to provide quality healthcare while still exercising their sincerely held religious beliefs.

9.      The law mandates that Defendants permit them to do both. Regardless of whether Maine sees fit to extend protections to religious objectors under its own statutory framework,

**federal law demands that these Plaintiffs and all employees in Maine receive protections for their sincerely held religious beliefs**. This Court should hold Maine to the bargain it made with its citizens when it joined the union and ensure that Maine extends the required protections that federal law demands. As the Supreme Court held just last year, "**even in a pandemic, the Constitution cannot be put away and forgotten**." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2021) (emphasis added). When we have demanded so much of our healthcare heroes, we owe them nothing less than the full measure of our own commitment to constitutional principles. Anything less would be desecrating the sacrifice these medical heroes made for untold numbers of people—including Defendants—when the call of duty demanded it of them.

**PARTIES**

10.     Plaintiff Jane Doe 1 is a citizen of the State of Maine and is a healthcare worker employed by Defendant MaineHealth at one of its healthcare facilities in Maine. Jane Doe 1 submitted a written request for an exemption and accommodation from the Governor's COVID-19 Vaccine Mandate based upon her sincerely held religious beliefs but was denied an exemption because MaineHealth informed her that the Governor does not allow MaineHealth to consider or grant religious exemption or accommodation requests.

11.     Plaintiff Jane Doe 2 is a citizen of the State of Maine and is a healthcare worker employed by Genesis Healthcare at one of its healthcare facilities in Maine. Jane Doe 2 submitted a written request for an exemption and accommodation from the Governor's COVID-19 Vaccine Mandate based upon her sincerely held religious beliefs but was denied an exemption because Genesis Healthcare informed her that the Governor does not allow Genesis Healthcare to consider or grant religious exemption or accommodation requests. Jane Doe 2 was given until August 23rd

to receive the vaccination or be terminated from her employment in the healthcare industry. Jane Doe 2 has received notification that the exercise of her religious beliefs has resulted in her termination from Genesis Healthcare.

12.    Plaintiff Jane Doe 3 is a citizen of the State of Maine and is a healthcare worker employed by Northern Light Health Foundation at one of its healthcare facilities in Maine. Jane Doe 3 submitted a written request for an exemption and accommodation from the Governor's COVID-19 Vaccine Mandate based upon her sincerely held religious beliefs but was denied an exemption because Northern Light Health Foundation informed her that the Governor does not allow Northern Light Health Foundation to consider or grant religious exemption or accommodation requests.

13.    Plaintiff Jane Doe 4 is a citizen of the State of Maine and is a healthcare worker employed by Northern Light Health Foundation at one of its healthcare facilities in Maine. Jane Doe 4 submitted a written request for an exemption and accommodation from the Governor's COVID-19 Vaccine Mandate based upon her sincerely held religious beliefs but was denied an exemption because Northern Light Health Foundation informed her that the Governor does not allow Northern Light Health Foundation to consider or grant religious exemption or accommodation requests.

14.    Plaintiff Jane Doe 5 is a citizen of the State of Maine and is a healthcare worker employed by MaineGeneral Health at one of its healthcare facilities in Maine. Jane Doe 5 submitted a written request for an exemption and accommodation from the Governor's COVID-19 Vaccine Mandate based upon her sincerely held religious beliefs but was denied an exemption because MaineGeneral Health informed her that the Governor does not allow MaineGeneral Health to consider or grant religious exemption or accommodation requests.

15.     Plaintiff Jane Doe 6 is a citizen of the State of Maine and is a healthcare worker employed by Plaintiff John Doe 1. Jane Doe 6 has sincerely held religious objections to accepting or receiving the COVID-19 vaccine, but the Governor's mandate against her employer threatens to close his practice and revoke his business license for granting Jane Doe 6's request for an accommodation based on her sincerely held religious beliefs.

16.     Plaintiff John Doe 1 is a licensed healthcare provider in Maine, operating his own practice with employees who all have sincerely held religious objections to the Governor's COVID-19 Vaccine Mandate. John Doe 1 has sincerely held religious objections to accepting or receiving the COVID-19 vaccines (*see infra*) and has sincerely held religious beliefs that he is to honor the sincerely held religious beliefs of his employees who object to the COVID-19 vaccines. John Doe 1 has been threatened with closure of his practice and loss of his business license for considering and granting religious accommodations and exemptions to his employees.

17.     Plaintiff John Doe 2 is a citizen of the State of Maine and is a healthcare worker employed by Genesis Healthcare at one of its healthcare facilities in Maine. John Doe 2 submitted a written request for an exemption and accommodation from the Governor's COVID-19 Vaccine Mandate based upon his sincerely held religious beliefs but was denied an exemption because Genesis Healthcare informed him that the Governor does not allow Genesis Healthcare to consider or grant religious exemption or accommodation requests.

18.     Plaintiff John Doe 3 is a citizen of the State of Maine and is a healthcare worker employed by Northern Light Health Foundation at one of its healthcare facilities in Maine. John Doe 3 submitted a written request for an exemption and accommodation from the Governor's COVID-19 Vaccine Mandate based upon his sincerely held religious beliefs but was denied an exemption because Northern Light Health Foundation informed him that the Governor does not

allow Northern Light Health Foundation to consider or grant religious exemption or accommodation requests.

19.     Plaintiffs Jack Does 1–250 are citizens of the State of Maine and are healthcare workers employed by MaineHealth at its healthcare facilities in Maine. Jack Does 1–250 would like to submit requests for exemptions and accommodations but have been told not to do so or have submitted written requests for exemptions and accommodations from the Governor's COVID-19 Vaccine Mandate based upon their sincerely held religious beliefs but were denied exemptions because MaineHealth informed Jack Does 1–250 that the Governor does not allow MaineHealth to consider or grant religious exemption or accommodation requests.

20.     Plaintiffs Joan Does 1–250 are citizens of the State of Maine and are healthcare workers employed by MaineHealth at its healthcare facilities in Maine. Joan Does 1–250 would like to submit requests for exemptions and accommodations but have been told not to do so or have submitted written requests for exemptions and accommodations from the Governor's COVID-19 Vaccine Mandate based upon their sincerely held religious beliefs but were denied exemptions because MaineHealth informed Joan Does 1–250 that the Governor does not allow MaineHealth to consider or grant religious exemption or accommodation requests.

21.     Plaintiffs Jack Does 251–500 are citizens of the State of Maine and are healthcare workers employed by Northern Light Health Foundation at its healthcare facilities in Maine. Jack Does 251–500 would like to submit requests for exemptions and accommodations but have been told not to do so or have submitted written requests for exemptions and accommodations from the Governor's COVID-19 Vaccine Mandate based upon their sincerely held religious beliefs but were denied exemptions because Northern Light Health Foundation informed Jack Does 251–500 that

the Governor does not allow Northern Light Health Foundation to consider or grant religious exemption or accommodation requests.

22.     Plaintiffs Joan Does 251–500 are citizens of the State of Maine and are healthcare workers employed by Northern Light Health Foundation at its healthcare facilities in Maine. Joan Does 251–500 would like to submit requests for exemptions and accommodations but have been told not to do so or have submitted written requests for exemptions and accommodations from the Governor's COVID-19 Vaccine Mandate based upon their sincerely held religious beliefs but were denied exemptions because Northern Light Health Foundation informed Joan Does 251–500 that the Governor does not allow Northern Light Health Foundation to consider or grant religious exemption or accommodation requests.

23.     Plaintiffs Jack Does 501–750 are citizens of the State of Maine and are healthcare workers employed by Genesis Healthcare at its healthcare facilities in Maine. Jack Does 501–750 would like to submit requests for exemptions and accommodations but have been told not to do so or have submitted written requests for exemptions and accommodations from the Governor's COVID-19 Vaccine Mandate based upon their sincerely held religious beliefs but were denied exemptions because Genesis Healthcare informed Jack Does 501–750 that the Governor does not allow Genesis Healthcare to consider or grant religious exemption or accommodation requests.

24.     Plaintiffs Joan Does 501–750 are citizens of the State of Maine and are healthcare workers employed by Genesis Healthcare at its healthcare facilities in Maine. Joan Does 501–750 would like to submit requests for exemptions and accommodations but have been told not to do so or have submitted written requests for exemptions and accommodations from the Governor's COVID-19 Vaccine Mandate based upon their sincerely held religious beliefs but were denied

exemptions because Genesis Healthcare informed Joan Does 501–750 that the Governor does not allow Genesis Healthcare to consider or grant religious exemption or accommodation requests.

25.     Plaintiffs Jack Does 751–1000 are citizens of the State of Maine and are healthcare workers employed by MaineGeneral Health at its healthcare facilities in Maine. Jack Does 751–1000 would like to submit requests for exemptions and accommodations but have been told not to do so or have submitted written requests for exemptions and accommodations from the Governor's COVID-19 Vaccine Mandate based upon their sincerely held religious beliefs but were denied exemptions because MaineGeneral Health informed Jack Does 751–1000 that the Governor does not allow MaineGeneral Health to consider or grant religious exemption or accommodation requests.

26.     Plaintiffs Joan Does 751–1000 are citizens of the State of Maine and are healthcare workers employed by MaineGeneral Health at its healthcare facilities in Maine. Joan Does 751–1000 would like to submit requests for exemptions and accommodations but have been told not to do so or have submitted written requests for exemptions and accommodations from the Governor's COVID-19 Vaccine Mandate based upon their sincerely held religious beliefs but were denied exemptions because MaineGeneral Health informed Joan Does 751–1000 that the Governor does not allow MaineGeneral Health to consider or grant religious exemption or accommodation requests.

27.     Defendant, Janet T. Mills, in her official capacity as Governor of the State of Maine ("the Governor") is responsible for enacting the COVID-19 Vaccine Mandate. Governor Mills is sued in her official capacity

28.     Defendant Jeanne M. Lambrew, in her official capacity as the Commissioner of the Maine Department of Health and Human Services is responsible for overseeing the healthcare

industry in Maine and is responsible for the Governor's COVID-19 Vaccine Mandate and enforcing the provisions of threatened loss of licensure for those healthcare providers who refuse to mandate the COVID-19 vaccine. Defendant Lambrew is sued in her official capacity.

29.     Defendant Nirav D. Shah in his official capacity as the Director of the Maine Center for Disease Control and Prevention is responsible for overseeing the healthcare industry in Maine and is responsible for the Governor's COVID-19 mitigation measures and COVID-19 Vaccine Mandate and enforcing the provisions of threatened loss of licensure for those healthcare providers who refuse to mandate the COVID-19 vaccine. Defendant Shah is sued in his official capacity.

30.     Defendant MaineHealth is a nonprofit corporation incorporated under the laws of the State of Maine, employees a number of Plaintiffs in this action, has refused to even consider requests for religious accommodations, and has threatened to terminate Plaintiffs for their refusal to accept a vaccine that violates their sincerely held religious beliefs.

31.     Defendant Genesis Healthcare of Maine, LLC is a limited liability company organized under the laws of the State of Maine, employees a number of Plaintiffs in this action, has refused to even consider requests for religious accommodations, and has threatened to terminate Plaintiffs for their refusal to accept a vaccine that violates their sincerely held religious beliefs. Defendant Genesis Healthcare, LLC is a foreign limited liability company organized under the laws of the State of Delaware and is a corporate parent of Genesis Healthcare of Maine, LLC. Plaintiffs collectively refer to the parent and subsidiary corporations as Genesis Healthcare in this Verified Complaint.

32.     Defendant Northern Light Health Foundation is a nonprofit corporation incorporated under the laws of the State of Maine, employees a number of Plaintiffs in this action, has refused to even consider requests for religious accommodations, and has threatened to

13

terminate Plaintiffs for their refusal to accept a vaccine that violates their sincerely held religious beliefs.

33.     Defendant MaineGeneral Health is a nonprofit corporation incorporated under the laws of the State of Maine, employees a number of Plaintiffs in this action, has refused to even consider requests for religious accommodations, and has threatened to terminate Plaintiffs for their refusal to accept a vaccine that violates their sincerely held religious beliefs.

## JURISDICTION AND VENUE

34.     This action arises under the First and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983. This action also arises under federal statutory laws, namely 42 U.S.C. § 1985(3) and 42 U.S.C. § 2000e-2.

35.     This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1331 and 1343.

36.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

37.     This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

38.     This Court is authorized to grant Plaintiffs' prayer for a temporary restraining order and preliminary and permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

39.     This Court is authorized to grant Plaintiffs' prayer for relief regarding damages under 42 U.S.C. § 2000e-5.

40.     This Court is authorized to grant Plaintiffs' prayer for relief regarding costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988.

## GENERAL ALLEGATIONS

### A.     THE GOVERNOR'S COVID-19 VACCINE MANDATE FOR HEALTHCARE WORKERS.

41.     On August 12, 2021, Governor Mills announced that Maine will now require health care workers to accept or receive one of the three, currently available COVID-19 vaccines in order to remain employed in the healthcare profession. *See* Office of Governor Janet Mills, *Mills Administration Requires Health Care Workers To Be Fully Vaccinated Against COVID-19 By October 1* (Aug. 12, 2021), https://www.maine.gov/governor/mills/news/mills-administration-requires-health-care-workers-be-fully-vaccinated-against-covid-19-october (last visited Aug. 24, 2021) (hereinafter "COVID-19 Vaccine Mandate"). (A true and correct copy of the Governor's COVID-19 Vaccine Mandate is attached hereto as **EXHIBIT A** and incorporated herein.)

42.     The Governor's COVID-19 Vaccine Mandate defines health care workers as "any individual employed by a hospital, multi-level health care facility, home health agency, nursing facility, residential care facility, and intermediate care facility for individuals with intellectual disabilities that is licensed by the State of Maine" as well as "those employed by emergency medical service organizations or dental practices."

43.     The Governor's COVID-19 Vaccine Mandate also says that "[t]he organizations to which this requirement applies must ensure that each employee is vaccinated, with this requirement being enforced as a condition of the facilities' licensure."

44.     **Thus, the Governor has threatened to revoke the licenses of all health care employers who fail to mandate that all employees receive the COVID-19 vaccine**.

45.     In addition to the Governor's mandate, Plaintiffs and all health care workers in Maine were also stripped of their rights to request a religious exemption and accommodation from the COVID-19 Vaccine Mandate.

46.     On August 14, 2021, Dr. Shah and the Maine Center for Disease Control and Prevention ("MCDC") amended 10-144 C.M.R. Ch. 264 to eliminate the ability of health care workers in Maine to request and obtain a religious exemption and accommodation from the COVID-19 Vaccine Mandate.

47.     The only exemptions Maine now lists as available to health care workers are those outlined in 22 M.R.S. § 802.4-B, which purports to exempt only those individuals for whom an immunization is medically inadvisable and who provide a written statement from a doctor documenting the need for an exemption.

48.     Under the prior version of the rule, 10-144 C.M.R. Ch. 264, §3-B a health care worker could be exempt from mandatory immunizations if the "employee states in writing an opposition to immunization because of a sincerely held religious belief." *Id.*

49.     In fact, as acknowledged by MCDC, Maine removed the religious exemption to mandatory immunizations in early August 2021. *See* Division of Disease Surveillance, *Maine Vaccine Exemption Law Change* 2021, https://www.maine.gov/dhhs/mecdc/infectious-disease/immunization/maine-vaccine-exemption-law-changes.shtml (last visited Aug. 17, 2021) ("The health care immunization law has removed the allowance for philosophical and religious exemptions and has included influenza as a required immunization.").

**B.      PLAINTIFFS' SINCERELY HELD RELIGIOUS OBJECTIONS TO COVID-19 VACCINE MANDATE.**

50.     Plaintiffs all have sincerely held religious beliefs that preclude them from accepting or receiving any of the three available COVID-19 vaccines because of the connection between the

various COVID-19 vaccines and the cell lines of aborted fetuses, whether in the vaccines' origination, production, development, testing, or other inputs.

51.     A fundamental component of Plaintiffs' sincerely held religious beliefs is that all life is sacred, from the moment of conception to natural death, and that abortion is a grave sin against God and the murder of an innocent life.

52.     Plaintiffs' sincerely held religious beliefs are rooted in Scripture's teachings that "[a]ll Scripture is given by inspiration of God, and is profitable for doctrine, for reproof, for correction, [and] for instruction in righteousness." *2 Timothy* 3:16 (KJV).

53.     Because of that sincerely held religious belief, Plaintiffs believe that they must conform their lives, including their decisions relating to medical care, to the commands and teaching of Scripture.

54.     Plaintiffs have sincerely held religious beliefs that God forms children in the womb and knows them prior to their birth, and that because of this, life is sacred from the moment of conception. *See Psalm* 139:13–14 (ESV) ("For you formed my inward parts; you knitted me together in my mother's womb. I praise you, for I am fearfully and wonderfully made."); *Psalm* 139:16 (ESV) ("Your eyes saw my unformed substance; in your book were written, every one of them, the days that were formed for me, when as yet there was none of them."); *Isaiah* 44:2 (KJV) ("the LORD that made thee, and formed thee from the womb"); *Isaiah* 44:24 (KJV) ("Thus saith the LORD, thy redeemer, and he that formed thee from the womb, I am the LORD that maketh all things."); *Isaiah* 49:1 (KJV) ("The LORD hath called my from the womb; from the bowels of my mother hath he made mention of my name."); *Isaiah* 49:5 (KJV) ("the LORD that formed me from the womb to be his servant"); *Jeremiah* 1:5 (KJV) ("Before I formed thee in the belly I knew thee; and before thou camest forth out of the womb I sanctified thee, and I ordained thee.").

55.     Plaintiffs also have sincerely held religious beliefs that every child's life is sacred because they are made in the image of God. *See Genesis* 1:26–27 (KJV) ("Let us make man in our image, after our likeness. . . . So God created man in his own image; in the image of God created he him; male and female created he them.").

56.     Plaintiffs also have sincerely held religious beliefs that because life is sacred from the moment of conception, the killing of that innocent life is the murder of an innocent human in violation of Scripture. *See, e.g.*, *Exodus* 20:13 (KJV) ("Though shalt not kill."); *Exodus* 21:22–23 (setting the penalty as death for even the accidental killing of an unborn child); *Exodus* 23:7 (KJV) ("the innocent and righteous slay thou not, for I will not justify the wicked"); *Genesis* 9:6 (KJV) ("Whoso sheddeth a man's blood, by man shall his blood by shed: for in the image of God made he man."); *Deuteronomy* 27:25 (KJV) ("Cursed be he that taketh reward to slay an innocent person."); *Proverbs* 6:16–17 (KJV) ("These six things doth the LORD hate: yea, seven are an abomination to him . . . hands that shed innocent blood.").

57.     Plaintiffs also have the sincerely held religious belief that it would be better to tie a millstone around their necks and be drowned in the sea than bring harm to an innocent child. *See Matthew* 18:6; *Luke* 17:2.

58.     Plaintiffs have sincerely held religious beliefs, rooted in the Scriptures listed above, that anything that condones, supports, justifies, or benefits from the taking of innocent human life via abortion is sinful, contrary to the Scriptures, and must be denounced, condemned, and avoided altogether.

59.     Plaintiffs have sincerely held religious beliefs, rooted in the Scriptures listed above, that it is an affront to Scripture's teaching that all life is sacred when any believer uses a product derived from or connected in any way with abortion.

18

60.     Plaintiffs' sincerely held religious beliefs, rooted in the above Scriptures, preclude them from accepting any one of the three currently available COVID-19 vaccines derived from, produced or manufactured by, tested on, developed with, or otherwise connected to aborted fetal cell lines.

61.     Plaintiffs have sincerely held religious objections to the Johnson & Johnson (Janssen Pharmaceuticals) vaccine because it unquestionably used aborted fetal cells lines to produce and manufacture the vaccine.

62.     As reported by the North Dakota Department of Health, in its handout literature for those considering one of the COVID-19 vaccines, "[t]he non-replicating viral vector vaccine produced by Johnson & Johnson **did require the use of fetal cell cultures, specifically PER.C6, in order to produce and manufacture the vaccine**." *See* North Dakota Health, *COVID-19 Vaccines & Fetal Cell Lines* (Apr. 20, 2021), *available at* https://www.health.nd.gov/sites/www/files/documents/COVID%20Vaccine%20Page/COVID-19 _Vaccine_Fetal_Cell_Handout.pdf (last visited Aug. 2, 2021) (bold emphasis original).

63.     The Louisiana Department of Health likewise confirms that the Johnson & Johnson COVID-19 vaccine, which used the PER.C6 fetal cell line, "is a retinal cell line that was **isolated from a terminated fetus in 1985**." Louisiana Department of Public Health, *You Have Questions, We Have Answers: COVID-19 Vaccine FAQ* (Dec. 12, 2020), https://ldh.la.gov/assets/oph/Center-PHCH/CenterPH/immunizations/You_Have_Qs_COVID-19_Vaccine_FAQ.pdf (last visited Aug. 2, 2021) (emphasis added).

64.     Scientists at the American Association for the Advancement of Science have likewise published research showing that the Johnson & Johnson vaccine used aborted fetal cell lines in the development and production phases of the vaccine. *Meredith Wadman*, *Vaccines that*

*use human fetal cells draw fire*, Science (June 12, 2020), *available at* https://science.sciencemag.org/content/368/6496/1170.full (last visited Aug. 22, 2021).

65.     Plaintiffs have sincerely held religious objections to the Moderna and Pfizer/BioNTech COVID-19 vaccines because both of these vaccines, too, have their origins in research on aborted fetal cells lines.

66.     As reported by the North Dakota Department of Health, in its handout literature for those considering one of the COVID-19 vaccines, the Moderna and Pfizer mRNA vaccines are ultimately derived from research and testing on aborted fetal cell lines. In fact, "[e]arly in the development of mRNA vaccine technology, **fetal cells were used for 'proof of concept' (to demonstrate how a cell could take up mRNA and produce the SARS-CoV-2 spike protein) or to characterize the SARS-CoV-2 spike protein**." *See* North Dakota Health, *COVID-19 Vaccines & Fetal Cell Lines* (Apr. 20, 2021), *available at* https://www.health.nd.gov/sites/www/files/documents/COVID%20Vaccine%20Page/COVID-19 _Vaccine_Fetal_Cell_Handout.pdf (last visited Aug. 22, 2021) (emphasis added).

67.     The Louisiana Department of Health's publications again confirm that aborted fetal cells lines were used in the "proof of concept" phase of the development of their COVID-19 mRNA vaccines. Louisiana Department of Public Health, *You Have Questions, We Have Answers: COVID-19 Vaccine FAQ* (Dec. 12, 2020), *available at* https://ldh.la.gov/assets/oph/Center-PHCH/Center-PH/immunizations/You_Have_Qs_COVID-19_Vaccine_FAQ.pdf (last visited Aug. 22, 2021).

68.     Because all three of the currently available COVID-19 vaccines are developed and produced from, tested with, researched on, or otherwise connected with the aborted fetal cell lines HEK-293 and PER.C6, Plaintiffs' sincerely held religious beliefs compel them to abstain from

obtaining or injecting any of these products into their body, regardless of the perceived benefit or rationale.

69.     Plaintiffs have sincerely held religious beliefs that their bodies are temples of the Holy Spirit, and that to inject medical products that have any connection whatsoever to aborted fetal cell lines would be defiling the temple of the Holy Spirit. (*See 1 Corinthians* 6:15-20 (KJV) ("Know ye not that your bodies are the members of Christ? shall I then take the members of Christ and make them members of an harlot? God forbid. . . . What? Know ye not that your body is the temple of the Holy Ghost which is in you, which have of God, and ye are not your own? For ye are bought with a price: therefore glorify God in your body, and in your spirit, which are God's.").

70.     In addition to their sincerely held religious beliefs that compel them to abstain from any connection to the grave sin of abortion, Plaintiffs have sincerely held religious beliefs that the Holy Spirit—through prayer and the revelation of Scripture—guide them in all decisions they make in life.

71.     Plaintiffs have sincerely held religious beliefs that Jesus Christ came to this earth, died on the cross for their sins, and was resurrected three days later, and that when He ascended to Heaven, He sent the Holy Spirit to indwell His believers and to guide them in all aspects of their lives. *See John* 16:7 (KJV) ("Nevertheless I tell you the truth, It is expedient for you that I go away: for if I go not away, the Comforter will not come unto you; but if I depart, I will send him unto you."); *John* 14:26 (KJV) ("But the Comforter, which is the Holy Ghost, whom the Father will send in my name, he shall teach you all things, and bring all things to your remembrance, whatsoever I have said unto you.").

72.     Plaintiffs have sincerely held religious beliefs that the Holy Spirit was given to them by God to reprove them of righteousness and sin and to guide them into all truth. *See John*

16:8, 13 (KJV) ("And when he is come, he will reprove the world of sin, and of righteousness, and of judgment . . . . [W]hen he, the Spirit of truth, is come, he will guide you into all truth: for he shall not speak of himself; but whatsoever he shall hear, that shall he speak: and he will shew you things to come.").

73.     Plaintiffs also have sincerely held religious beliefs that they shall receive all answers to their questions through prayer and supplication, including for decisions governing their medical health. *See James* 1:5 (KJV) ("If any of you lack wisdom, let him ask of God, that giveth to all men liberally, and upbraideth not; and it shall be given him."); *Mark* 11:24 (KJV) ("Therefore I say unto you, What things soever ye desire, when ye pray, believe that ye receive them, and ye shall have them."); *Philippians* 4:6–7 (KJV) ("Be careful for nothing, but in everything by prayer and supplication with thanksgiving let your request be made known to God. And the peace of God, which passeth all understanding, shall keep your hearts and minds through Christ Jesus."); *1 John* 4:14–15 (KJV) ("And this is the confidence we have in him, that, if we ask anything according to his will, he heareth us. And if we know that he hear us, whatsoever we ask, we know that we have the petitions that we desired of him.").

74.     Through much prayer and reflection, Plaintiffs have sought wisdom, understanding, and guidance on the proper decision to make concerning these COVID-19 vaccines, and Plaintiffs have been convicted by the Holy Spirit in their beliefs that accepting any of the three currently available vaccines is against the teachings of Scripture and would be a sin.

## C.   PLAINTIFFS' WILLINGNESS TO COMPLY WITH ALTERNATIVE SAFETY MEASURES.

75.     Plaintiffs have offered, and are ready, willing, and able to comply with all reasonable health and safety requirements to facilitate their religious exemption and accommodation from the COVID-19 Vaccine Mandate.

22

76.     Plaintiffs have all informed their respective employers that they are willing to wear facial coverings, submit to reasonable testing and reporting requirements, monitor symptoms, and otherwise comply with reasonable conditions that were good enough to permit them to do their jobs for the last 18 months with no questions asked.

77.     In fact, last year the State said Plaintiffs were heroes because of their willingness to abide by the same conditions and requirements that Plaintiffs are willing to abide by now.

78.     In fact, Defendant Shah and the MCDC continues to say that facial coverings are one of the most effective ways to prevent COVID-19. In its Face Covering FAQs page, the MCDC states:

> How does wearing a face covering prevent the spread of COVID-19?
>
> COVID-19 is an airborne virus that most commonly spreads between people who are in close contact with one another. It spreads through respiratory droplets or small particles, such as those in aerosols, produced when an infected person coughs, sneezes, sings, talks, or breathes. Because it helps contain respiratory droplets, **wearing a face covering has been proven to be one of the most significant, effective, and easiest ways to reduce the spread of COVID-19**.

COVID-19      Response,      *Face      Covering      FAQs*      (July      29,      2021), https://www.maine.gov/covid19/faqs/face-coverings (emphasis added).

79.     In fact, the MCDC still recommends that vaccinated individuals wear a mask in public settings. And the reason for this is simple,

> A preliminary study has shown that in the case of a breakthrough infection, the Delta variant is able to grow in the noses of vaccinated people **to the same degree as if they were not vaccinated at all**. The virus that grows is just as infectious as that in unvaccinated people, meaning vaccinated people can transmit the virus and infect others.

National Geographic, *Evidence mounts that people with breakthrough infections can spread Delta easily* (Aug. 20, 2021), https://www.nationalgeographic.com/science/article/evidence-mounts-

that-people-with-breakthrough-infections-can-spread-delta-easily (last visited Aug. 23, 2021) (emphasis added).

80.     Masking and testing protocols remain sufficient to prevent the spread of COVID-19 among healthcare workers, and constitute a reasonable alternative to vaccination as an accommodation of sincerely held religious beliefs.

81.     In fact, the United States District Court for the Western District of Louisiana just issued a temporary restraining order against a medical school for the school's failure to grant religious exemptions when reasonable accommodations were available (such as masking, testing, etc.) and mandatory vaccination was not the least restrictive means of achieving the school's interest in protecting the school's student body. *See Magliulo v. Edward Via College of Osteopathic Medicine*, No. 3:21-CV-2304, 2021 WL 36799227 (W.D. La. Aug. 17, 2021).

## D.     DEFENDANTS' RESPONSES CLAIMING FEDERAL LAW IS IRRELEVANT IN MAINE.

82.     Consistent with her sincerely held religious beliefs, Jane Doe 1 submitted to her employer, Defendant MaineHealth, a request for a religious exemption from the Governor's COVID-19 Vaccine Mandate.

83.     On August 17, 2021, MaineHealth denied Jane Doe 1's request for a religious exemption and accommodation. (A true and correct copy of the communications between MaineHealth and Jane Doe 1 is attached hereto as **EXHIBIT B** and incorporated herein.)

84.     In its response, MaineHealth stated:

Please be advised that due to the addition of the COVID-19 vaccine to Maine's Healthcare Worker Immunization law announced by the governor in a press conference on 8/12/21, **we are no longer able to consider religious exemptions for those who work in the state of Maine. This also includes those of you who submitting [sic] influenza exemptions as well.** The State of Maine now requires all healthcare workers to be fully vaccinated by October 1st, which means you are

two weeks beyond the completion of a COVID-19 vaccination series. (i.e. Both doses of the mRNA vaccine, or the single dose of J & J) as of that date.

You submitted a religious exemption, your request is unable to be evaluated due to a change in the law. Your options are to receive vaccination or provide documentation for a medical exemption to meet current requirements for continued employment.

(Exhibit B at 2 (bold emphasis original).)

85.     On August 20, 2021, after receiving her first denial from MaineHealth, Jane Doe 1

responded to MaineHealth, stating:

My request for an exemption was made under federal law, including Title VII of the Civil Rights [Act] of 1964. The Constitution provides that federal law is supreme over state law, and Maine cannot abolish the protections of federal law. You may be interested in this press release from Liberty Counsel, and the demand letter they have sent to Governor Mills on this issue (which is linked in the press release): https://lc.org/newsroom/details/081821-maine-governor-must-honor-religious-exemptions-for-shot-mandate. Regardless of what the Governor chooses to do, Franklin Memorial has a legal obligation under federal law to consider and grant my proper request for a religious exemption. Please let me know promptly if you will do so.

(Exhibit B at 1.)

86.     That same day, MaineHealth responded to Jane Doe 1 stating that federal law does

not supersede state law or the Governor's COVID-19 Vaccine Mandate and that MaineHealth

would not be following federal law on the issue.

87.     Specifically, MaineHealth stated:

Although I cannot give legal guidance to employees, **I can share MaineHealth's view that federal law does not supersede state law in this instance**. The EEOC is clear in its guidance that employers need only provide religious accommodations when doing so does not impose an undue hardship on operations. Requiring MaineHealth to violate state law by granting unrecognized exemptions would impose such a hardship. **As such, we are not able to grant a request for a religious exemption from the state mandated vaccine**.

(Exhibit B at 1 (emphasis added).)

88.     Plaintiff Jane Doe 2 submitted to her employer, Genesis Healthcare, a request for a

religious exemption and accommodation from the Governor's COVID-19 Vaccine Mandate. After

reviewing Jane Doe 2's submission, which articulated her sincerely held religious beliefs, Genesis Healthcare sent Jane Doe 2 a cursory response stating that her religious beliefs did not qualify for an exemption from the vaccine mandate. **Plaintiff Jane Doe 2 was given until August 23 to become vaccinated, and when her request for a religious objection and accommodation was denied, Jane Doe 2 was terminated from her employment**.

89.     Plaintiff Jane Doe 3 submitted a request to her employer, Defendant Northern Light Health Foundation, seeking an exemption and accommodation from the Governor's COVID-19 Vaccine Mandate. Northern Light responded to Jane Doe 3, denying her request and stating that the Governor's COVID-19 Vaccine Mandate does not permit exemptions or accommodations for sincerely held religious beliefs. (A true and correct copy of Northern Light's denial of Jane Doe 3's request for a religious exemption and accommodation is attached hereto as **EXHIBIT C** and incorporated herein.)

90.     Specifically, Northern Light informed Jane Doe 3 that her request for a religious exemption could not be granted because Maine law and the Governor do not permit "non-medical exemptions," and stated, "the only exemptions that may be made to this requirement are medical exemptions supported by a licensed physician, nurse practitioner, or physician assistant." (Exhibit C at 1.)

91.     Northern Light therefore ignored federal law on the basis that the Governor has removed any exemptions for sincerely held religious beliefs.

92.     On August 19, 2021, Jane Doe 5 submitted a request to her employer, Defendant MaineGeneral Health, stating that she has sincerely held religious objections to the COVID-19 vaccines and requesting an exemption and accommodation from the Governor's COVID-19 Vaccine Mandate. MaineGeneral responded to Jane Doe 5, stating that no religious exemptions

26

were permitted under the Governor's mandate and that her request for a religious exemption and accommodation was denied. (A true and correct copy of MaineGeneral's denial of Jane Doe 5's request for a religious exemption is attached hereto as **EXHIBIT D** and incorporated herein.)

93.     Specifically, MaineGeneral stated:

MaineGeneral Health must comply with Governor's Mill's [sic] COVID-19 vaccination mandate for all health care employees. All MaineGeneral employees will have to be vaccinated against COVID-19 by Oct. 1 unless they have a medical exemption. **The mandate also states that only medical exemptions are allowed, no religious exemptions are allowed**.

(Exhibit D at 1 (emphasis added).)

94.     Thus, MaineGeneral has made it abundantly clear to its employees that religious exemptions are not available because of the Governor's Mandate. But, if its initial denials left any room for doubt, its follow-up response to Jane Doe 5 put all doubt to rest: "**Allowing for a religious exemption would be a violation of the state mandate issued by Governor Mills. So, unfortunately, it is not an option for us.**" (Exhibit D at 2.)

95.     The responses from Defendants MaineHealth, Genesis Healthcare, Northern Light Health Foundation, and MaineGeneral Health have been virtually identical for all other Plaintiffs as well, indicating that the various Defendants were not permitted by the Governor's COVID-19 Vaccine Mandate to allow for (or even consider) an exemption and accommodation for sincerely held religious beliefs.

## E.     DEFENDANTS ADMIT THAT OTHER, NON-RELIGIOUS EXEMPTIONS ARE AVAILABLE.

96.     Defendants' responses to Plaintiffs' requests for exemption and accommodation for their sincerely held religious beliefs confirm that Maine is, indeed, willing to grant other exemptions from the Governor's COVID-19 Vaccine Mandate but have relegated religious exemption requests to constitutional orphan status.

97.     In its response to Jane Doe 1, Defendant MaineHealth has indicated it is perfectly willing to accept and grant medical exemptions but will not allow religious exemptions. Specifically, it told Jane Doe 1:

> You submitted a religious exemption, your request is unable to be evaluated due to a change in the law. Your options are to receive vaccination or provide documentation for a medical exemption to meet current requirements for continued employment.

(Exhibit B at 2.)

98.     Thus, while MaineHealth says it will consider and grant the preferred medical exemptions, **it will not even consider the constitutionally orphaned religious exemption requests**.

99.     To make matters even more clear, MaineHealth subsequently informed Jane Doe 1 that she was permitted to seek any other exemption, except a religious one: "If you seek an accommodation **other than a religious exemption** from the state mandated vaccine, please let us know." (Exhibit B at 1 (emphasis added).)

100.     Defendant Northern Light gave a similar response to Jane Doe 3, indicating that only medical exemptions would be considered or approved. Specifically, it stated that "the only exemptions that may be made to this requirement are medical exemptions" and that all Northern Light employees must comply with the Governor's COVID-19 Vaccine Mandate "except in the case of an approved medical exemption." (Exhibit C at 1.)

101.     Defendant MaineGeneral issued a similar response to Jane Doe 5, stating that all healthcare workers must comply with the Governor's COVID-19 Vaccine Mandate "unless they have a medical exemption," and that the Governor's "mandate states that only medical exemptions are allowed, no religious exemptions are allowed." (Exhibit D at 1.)

102.    The Governor, through her COVID-19 Vaccine Mandate, has created a two-tiered system of exemptions, and placed religious beliefs and those who hold them in a class less favorable than other exemptions that Defendants are perfectly willing to accept.

103.    Under the Governor's scheme of creating a disfavored class of religious exemptions, Defendants are not even willing to consider religious exemptions, much less grant them to those who have sincerely held religious objections to the COVID-19 vaccines.

**F.      IRREPARABLE HARM SUFFERED BY PLAINTIFFS.**

104.    Because Jane Doe 1's request for an exemption and accommodation of her sincerely held religious beliefs has been denied by MaineHealth, Jane Doe 1 faces the unconscionable choice of accepting a vaccine that conflicts with her religious beliefs or losing her job. Unless Jane Doe 1 immediately violates her conscience and sincere religious beliefs by beginning the Governor's mandatory COVID-19 vaccine process, she will be terminated from her employment on October 1.

105.    Jane Doe 2's employer, Genesis Healthcare, mandated that she receive the vaccine by August 23, even though the Governor did not require compliance until October 1. Jane Doe 2 was informed that her religious beliefs would not be accommodated because religious exemptions were not available in Maine. Jane Doe 2 was informed that her employment was terminated on August 23 at 11:59 p.m.

106.    Because Jane Doe 3's request for an exemption and accommodation of her sincerely held religious beliefs has been denied by Northern Light, Jane Doe 3 faces the unconscionable choice of accepting a vaccine that conflicts with her religious beliefs or losing her job. Unless Jane Doe 3 immediately violates her conscience and sincere religious beliefs by

beginning the Governor's mandatory COVID-19 vaccine process, she will be terminated from her employment on October 1.

107.    Because Jane Doe 4's request for an exemption and accommodation of her sincerely held religious beliefs has been denied by Northern Light, Jane Doe 4 faces the unconscionable choice of accepting a vaccine that conflicts with her religious beliefs or losing her job. Unless Jane Doe 4 immediately violates her conscience and sincere religious beliefs by beginning the Governor's mandatory COVID-19 vaccine process, she will be terminated from her employment on October 1.

108.    Because Jane Doe 5's request for an exemption and accommodation of her sincerely held religious beliefs has been denied by MaineGeneral, Jane Doe 5 faces the unconscionable choice of accepting a vaccine that conflicts with her religious beliefs or losing her job. Unless Jane Doe 5 immediately violates her conscience and sincere religious beliefs by beginning the Governor's mandatory COVID-19 vaccine process, she will be terminated from her employment on October 1.

109.    Because John Doe 2's request for an exemption and accommodation of his sincerely held religious beliefs has been denied by Genesis Healthcare, John Doe 2 faces the unconscionable choice of accepting a vaccine that conflicts with his religious beliefs or losing his job. Unless John Doe 2 immediately violates his conscience and sincere religious beliefs by beginning the Governor's mandatory COVID-19 vaccine process, he will be terminated from her employment on October 1.

110.    Because John Doe 3's request for an exemption and accommodation of his sincerely held religious beliefs has been denied by Northern Light, John Doe 3 faces the unconscionable choice of accepting a vaccine that conflicts with his religious beliefs or losing his

job. Unless John Doe 3 immediately violates his conscience and sincere religious beliefs by beginning the Governor's mandatory COVID-19 vaccine process, he will be terminated from her employment on October 1.

111.    Because of the Governor's COVID-19 Vaccine Mandate, John Doe 1 faces the unconscionable choice of violating his own sincerely held religious beliefs and accepting the Governor's mandatory vaccine or potentially losing his practice and business license for failure to comply.

112.    Because of the Governor's COVID-19 Vaccine Mandate, John Doe 1 also faces the unconscionable choice of refusing to grant his employees' requests for exemptions and accommodation from the Governor's COVID-19 Vaccine Mandate or losing his practice and his business license.

113.    Because of the Governor's COVID-19 Vaccine Mandate, Jane Doe 6 is faced with the unconscionable choice of receiving a vaccine to which she has sincerely held religious objections and keeping her job or losing her job and source of income.

114.    As a result of the Governor's COVID-19 Vaccine Mandate, Plaintiffs have suffered and are suffering irreparable injury by being prohibited from engaging in their constitutionally and statutorily protected rights to the free exercise of their sincerely held religious beliefs.

115.    As a result of the Governor's COVID-19 Vaccine Mandate, Plaintiffs have suffered and are suffering irreparable injury by being forced to choose between maintaining the ability to feed their families and the free exercise of their sincerely held religious beliefs.

116.    As a result of the Governor's COVID-19 Vaccine Mandate, Plaintiffs have suffered and are suffering irreparable injury by being stripped of their rights to equal protection of the law and being subjected to disfavored class status in Maine.

G.    **PLAINTIFFS' ATTEMPTS TO SECURE RELIEF PRIOR TO SEEKING A TRO AND PRELIMINARY INJUNCTION.**

117.   On August 18, 2021, Plaintiffs' counsel sent the Governor, Director Shah, and Commissioner Lambrew a letter informing them that their COVID-19 Vaccine Mandate, on its own, and in its interpretation and application by others deprives Plaintiffs of their rights to request a sincerely held religious exemption and accommodation under federal law. (A true and correct copy of the Letter sent to the Governor, Director, and Commissioner is attached hereto as **EXHIBIT E** and incorporated herein.)

118.   Plaintiffs requested that the Governor withdraw her unlawful directives and publicly announce that any interpretation of her mandate to deprive Plaintiffs and all healthcare workers in Maine of  their right to request and receive an exemption and accommodation for their sincerely held religious objections to the mandatory COVID-19 vaccine was unlawful and impermissible.

119.   Plaintiffs requested the response and the public announcement from the Governor prior to August 20, 2021, as that was the given deadline for compliance with the vaccine mandate for those individuals choosing a particular vaccine and because some of Defendants were demanding that their employees receive the first dose of a vaccine by that date.

120.   Plaintiffs' counsel requested a response informing counsel that the Governor's directives, and the interpretation of the Governor's COVID-19 Vaccine Mandate to deprive Plaintiffs of their federal rights were impermissible, and that the Governor would permit Plaintiffs and other healthcare workers with sincere religious objections to the vaccine to request and receive reasonable accommodation to the mandate.

121.   Neither Governor Mills, Director Shah, nor Commissioner Lambrew responded to Plaintiffs' counsel, nor announced that federal law would continue to apply in Maine, nor provided

any information to healthcare employers in Maine that federal law required Defendants to accept and permit their healthcare employees to request and receive religious exemptions and accommodation to the COVID-19 Vaccine Mandate.

## COUNT I—VIOLATION OF THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION.
### (All Plaintiffs v. Government Defendants)

122.    Plaintiffs hereby reallege and adopt each and every allegation in paragraphs 1-121 above as if fully set forth herein.

123.    The Free Exercise Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits the State from abridging Plaintiffs' rights to free exercise of religion.

124.    Plaintiffs have sincerely held religious beliefs that Scripture is the infallible, inerrant word of the Lord Jesus Christ, and that they are to follow its teachings.

125.    Plaintiffs reallege the discussion of their sincerely held religious beliefs (*supra* Section B) as if fully set forth herein.

126.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, targets Plaintiffs' sincerely held religious beliefs by prohibiting Plaintiffs from seeking and receiving exemption and accommodation for their sincerely held religious beliefs against the COVID-19 vaccine.

127.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, impermissibly burdens Plaintiffs' sincerely held religious beliefs, compels Plaintiffs to either change those beliefs or act in contradiction to them, and forces Plaintiffs to choose between the teachings and requirements of their sincerely held religious beliefs in the commands of Scripture and the State's imposed value system.

33

128.   The Governor's COVID-19 Vaccine Mandate, on its face and as applied, places Plaintiffs in an irresolvable conflict between compliance with the mandate and their sincerely held religious beliefs.

129.   The Governor's COVID-19 Vaccine Mandate, on its face and as applied, puts substantial pressure on Plaintiffs to violate their sincerely held religious beliefs or face loss of their ability to feed their families.

130.   The Governor's COVID-19 Vaccine Mandate, on its face and as applied, is neither neutral nor generally applicable.

131.   The Governor's COVID-19 Vaccine Mandate, on its face and as applied, specifically targets Plaintiffs' religious beliefs for disparate and discriminatory treatment.

132.   The Governor's COVID-19 Vaccine Mandate, on its face and as applied, creates a system of individualized exemptions for preferred exemption requests while discriminating against requests for exemption and accommodation based on sincerely held religious beliefs.

133.   The Governor's COVID-19 Vaccine Mandate, on its face and as applied, constitutes a religious gerrymander by unconstitutionally orphaning exemption and accommodation requests based solely on sincerely held religious beliefs of healthcare workers in Maine while permitting the more favored medical exemptions to be granted.

134.   The Governor's COVID-19 Vaccine Mandate, on its face and as applied, constitutes a substantial burden on Plaintiffs' exercise of their sincerely held religious beliefs.

135.   The Governor's COVID-19 Vaccine Mandate, on its face and as applied, fails to accommodate Plaintiffs' sincerely held religious beliefs.

136.     There is no legitimate, rational, or compelling interest in the Governor's COVID-19 Vaccine Mandate's exclusion of exemptions and accommodations for sincerely held religious beliefs.

137.     The Governor's COVID-19 Vaccine Mandate is not the least restrictive means of achieving an otherwise permissible government interest.

138.     The Governor's COVID-19 Vaccine Mandate, on its face and as applied, has caused, is causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiffs' sincerely held religious beliefs.

139.     Plaintiffs have no adequate remedy at law to protect the continuing deprivation of their most cherished constitutional liberties and sincerely held religious beliefs.

WHEREFORE, Plaintiffs respectfully pray for relief against Defendants as hereinafter set forth in their prayer for relief.

### COUNT II—DEFENDANTS' WILLFUL DISREGARD OF FEDERAL PROTECTIONS VIOLATES THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION BY ATTEMPTING TO MAKE MAINE LAW SUPERSEDE FEDERAL LAW
#### (All Plaintiffs v. All Defendants)

140.     Plaintiffs hereby reallege and adopt each and every allegation in paragraphs 1-121 above as if fully set forth herein.

141.     The Supremacy Clause provides:

> **This Constitution, and the Laws of the United States** which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, **shall be the supreme Law of the Land**; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. Art. VI, cl. 22 (emphasis added).

142.     "**When federal law forbids an action that state law requires, the state law is without effect**." *Mutual Pharm. Co., Inc. v. Bartlett*, 570 U.S. 472, 486 (2013) (emphasis added).

143.     Simply put, "**It is a familiar and well-established principle that the Supremacy Clause . . . invalidates state laws that interfere with, or are contrary to, federal law. Under the Supremacy Clause . . . state law is nullified to the extent that it actually conflicts with federal law**." *Hillsborough Cnty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712-13 (1985) (emphasis added) (cleaned up).

144.     By claiming that the protections of Title VII are inapplicable in the State of Maine, which all Defendants have either explicitly or tacitly stated, Defendants are running roughshod over the Supremacy Clause and appointing themselves independent of the protections of federal law.

145.     As demonstrated by Defendant MaineHealth's response to Jane Doe 1, MaineHealth believes that "**federal law does not supersede state law in this instance**" because it believes granting the religious exemptions required by Title VII would "[r]equir[e] MaineHealth to violate state law." (Exhibit B at 1 (emphasis added).)

146.     Similarly, in its response to Jane Doe 5, MaineGeneral explicitly stated that "**[a]llowing for a religious exemption would be a violation of the state mandate issued by Governor Mills**." (Exhibit C at 2 (emphasis added).)

147.     Further, MaineGeneral noted that the Governor's "mandate also states that . . . no religious exemptions are allowed." (Exhibit C at 1.)

148.     Thus, all Defendants have purported to remove the availability of religious exemptions and accommodations within the State of Maine, have ignored Title VII's commands that employers provide reasonable accommodations to individuals with sincerely held religious beliefs, and have claimed that the Governor's COVID-19 Vaccine Mandate prohibits employers in Maine from even considering a religious exemption or accommodation request.

149.    By purporting to place itself outside of the protections of Title VII and the First Amendment, Maine and each individual Defendant have violated the most basic premise that "**federal law is as much the law of the several States as are the laws passed by their legislatures**." *Haywood v. Drown*, 556 U.S. 729, 734 (2009) (emphasis added).

150.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, has caused, is causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiffs' sincerely held religious beliefs.

151.    Plaintiffs have no adequate remedy at law for the continuing deprivation of their most cherished constitutional liberties and sincerely held religious beliefs.

WHEREFORE, Plaintiffs respectfully pray for relief against Defendants as hereinafter set forth in their prayer for relief.

### COUNT III—VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (All Plaintiffs v. Government Defendants)

152.    Plaintiffs hereby reallege and adopt each and every allegation in paragraphs 1-121 above as if fully set forth herein.

153.    The Fourteenth Amendment to the United States Constitution guarantees Plaintiffs the right to equal protection under the law.

154.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, is an unconstitutional abridgment of Plaintiffs' right to equal protection under the law, is not neutral, and specifically targets Plaintiffs' sincerely held religious beliefs for discriminatory and unequal treatment.

155.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, is an unconstitutional abridgement of Plaintiffs' right to equal protection because it permits the State to

treat Plaintiffs differently from other similarly situated healthcare workers on the basis of Plaintiffs' sincerely held religious beliefs.

156.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, singles out Plaintiffs for selective treatment based upon their sincerely held religious objections to the COVID-19 vaccines.

157.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, is intended to inhibit and punish the exercise of Plaintiffs sincerely held religious beliefs and objections to the COVID-19 vaccines.

158.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, creates a system of classes and categories that permit the Governor to accommodate the exemptions of some healthcare workers while denying consideration of those individuals requesting religious exemptions to the COVID-19 Vaccine Mandate.

159.    By removing statutorily required religious accommodations from consideration in Maine, the Governor has created and singled out for disparate treatment a specific class of healthcare employees (*i.e.*, religious objectors to COVID-19 vaccinations) as compared to other similarly situated healthcare workers (*i.e.*, those with medical exemption requests).

160.    There is no rational, legitimate, or compelling interest in the Governor's COVID-19 Vaccine Mandate's application of different standards to the similarly situated field of healthcare workers.

161.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, discriminates between religion and nonreligion by allowing certain, nonreligious exemptions to the COVID-19 Vaccine Mandate while prohibiting religious exemptions to the same mandate for the same similarly situated field of healthcare workers.

162.    The Governor's COVID-19 Vaccine Mandate and the MCDC's removal of religious exemptions for healthcare workers in Maine, on their face and as applied, are each a "status-based enactment divorced from any factual context" and "a classification of persons undertaken for its own sake," which "the Equal Protection Clause does not permit." *Romer v. Evans*, 517 U.S. 620, 635 (1996).

163.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, "identifies persons by a single trait [religious beliefs] and then denies them protections across the board." *Id.* at 633.

164.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, along with the MCDC's removal of religious exemptions from immunizations—while keeping medical exemptions as perfectly acceptable in the healthcare field—results in a "disqualification of a class of persons from the right to seek specific protection [for their religious beliefs]." *Id.*

165.    "A law declaring that in general it shall be more difficult for one group of citizens than for all others to seek [an exemption from the COVID-19 Vaccine Mandate] is itself a denial of equal protection of the laws in the most literal sense." *Id.* The Governor's COVID-19 Vaccine Mandate, on its face and as applied, and the MCDC's removal of religious exemptions for healthcare workers, are each such a law.

166.    The Governor's COVID-19 Vaccine Mandate, on its face and as applied, has caused, is causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiffs' sincerely held religious beliefs.

167.    Plaintiffs have no adequate remedy at law to protect the continuing deprivation of their most cherished constitutional liberties and sincerely held religious beliefs

WHEREFORE, Plaintiffs respectfully pray for relief against Defendants as hereinafter set forth in their prayer for relief.

## COUNT IV—VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, *et seq.* (All Plaintiffs v. Private Employer Defendants)

168.    Plaintiffs hereby reallege and adopt each and every allegation in paragraphs 1-121 above as if fully set forth herein.

169.    Title VII prohibits discrimination against employees on the basis of their religion. 42 U.S.C. §2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin . . . .").

170.    Title VII defines the protected category of religion to include "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j). Moreover, as the EEOC has made clear, Title VII's protections also extend nonreligious beliefs if related to morality, ultimate ideas about life, purpose, and death. *See EEOC*, *Questions and Answers: Religious Discrimination in the Workplace* (June 7, 2008), https://www.eeoc.gov/laws/guidance/questions-and-answers-religious-discrimination-workplace ("Title VII's protections also extend to those who are discriminated against or need accommodation because they profess no religious beliefs."); (*Id.* ("Religious beliefs include theistic beliefs (i.e. those that include a belief in God) as well as non-theistic 'moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views.' Although courts generally resolve doubts about particular beliefs in favor of finding that they are religious, beliefs are not protected merely because

they are strongly held. Rather, religion typically concerns 'ultimate ideas' about 'life, purpose, and death.'").)

171.    Each of Defendants MaineHealth, Genesis Healthcare, Northern Light, and MaineGeneral Health is an employer within the meaning of Title VII and employs more than 15 employees.

172.    By refusing to even consider, much less grant, any religious accommodation or exemption to the Governor's COVID-19 Vaccine Mandate, Defendants have discriminated against Plaintiffs' sincerely held religious beliefs with respect to the terms, conditions, and privileges of employment.

173.    By threatening to fire Plaintiffs unless they violate their sincerely held religious beliefs and comply with the Governor's COVID-19 Vaccine Mandate, Defendants have unlawfully discriminated against Plaintiffs by discharging them or constructively discharging them for the exercise of their religious beliefs.

174.    Each Plaintiff has a bona fide and sincerely held religious belief against the COVID-19 vaccines, as outlined above.

175.    Plaintiffs' sincerely held religious beliefs conflict with Defendants' policies in collusion with the Governor to impose the Governor's COVID-19 Vaccine Mandate and to withhold from Plaintiffs any consideration of sincerely held religious objections.

176.    Plaintiffs have all raised their sincerely held religious beliefs with their respective Defendant employers, have brought their objections and their desire for a religious accommodation and exemption to the Defendants' attention, and have requested a religious exemption and accommodation from the COVID-19 Vaccine Mandate.

177.    Defendants termination, threatened termination, denial of benefits, and other adverse employment actions against Plaintiffs are the result of Plaintiffs' exercise of their sincerely held religious beliefs.

178.    Defendants' refusal to consider or grant Plaintiffs' requests for accommodation and exemption from the Governor's COVID-19 Vaccine Mandate has caused, is causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiffs' sincerely held religious beliefs.

179.    Plaintiffs have no adequate remedy at law for the continuing deprivation of their most cherished constitutional liberties and sincerely held religious beliefs.

WHEREFORE, Plaintiffs respectfully pray for relief against Defendants as hereinafter set forth in their prayer for relief.

## COUNT V—DEFENDANTS HAVE ENGAGED IN AN UNLAWFUL CONSPIRACY TO VIOLATE PLAINTIFFS' CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1985
(All Plaintiffs v. All Defendants)

180.    Plaintiffs hereby reallege and adopt each and every allegation in paragraphs 1-121 above as if fully set forth herein.

181.    Section 1985 provides a cause of action against public and private defendants who unlawfully conspire to deprive an individual of his constitutionally protected liberties. 42 U.S.C. § 1985(3) ("If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws").

182.    The elements of the claim of conspiracy to violate civil rights under § 1985 include (1) a conspiracy, (2) a conspiratorial purpose to deprive the plaintiff of the equal protection of the laws or of a constitutionally protected liberty, (3) an overt act in furtherance of the conspiracy, and

(4) a deprivation of a constitutionally protected right. *See Parker v. Landry*, 935 F.3d 9, 17–18 (1st Cir. 2019).

183.    The Governor's COVID-19 Vaccine Mandate, combined with the Defendant employers' agreements to enforce its provisions and revoke any potential for a religious exemption for healthcare workers in Maine, constitutes a conspiracy to violate Plaintiffs' civil and constitutional rights.

184.    The Governor, Director Shah, and Commissioner Lambrew have all reached an agreement with the Defendant employers to deprive all healthcare workers in Maine with any exemption or accommodation for the exercise of their sincerely held religious beliefs.

185.    MaineHealth's agreement with the Governor to deprive Plaintiffs of their constitutionally protected liberties is evidenced in its denial of Jane Doe 1's request for a religious exemption and accommodation. Specifically, its statement that MaineHealth is "**no longer able to consider religious exemptions for those who work in the state of Maine**." (Exhibit B at 2 (emphasis added).) By agreeing to refuse to even consider its employees' requests for religious exemption and accommodation, MaineHealth has reached an express or tacit agreement to deprive Plaintiffs of their constitutionally protected rights to equal protection and religious exercise.

186.    Even if MaineHealth's denials of its employees' requests for religious exemptions was somehow insufficient to demonstrate an agreement, the Governor's own Official Statement concerning the imposition of the COVID-19 Vaccine Mandate shows that MaineHealth entered into an agreement with the Governor by noting the Governor's mandate was "welcomed by . . . MaineHealth" and its CEO's statement that it "*applauds Gov. Mills' decision to make COVID-19 vaccination a requirement for the state's health care workforce for the same reasons our organization chose to require vaccination for all its care team members*." (Exhibit A). *See also*

43

Office of Governor Janet Mills, *Mills Administration Requires Health Care Workers To Be Fully Vaccinated Against COVID-19 By October 1* (Aug. 12, 2021), https://www.maine.gov/governor/mills/news/mills-administration-requires-health-care-workers-be-fully-vaccinated-against-COVID-19-october (italics original).

187.    Defendant Northern Light's explanation of its agreement with the Governor to deprive Plaintiffs of their rights to seek and receive an accommodation of their sincerely held religious beliefs was even more explicit: "*Governor Mills' decision to require vaccination of health care workers is another example of close alignment between the government and the health care community.*" (Exhibit A) *See also* Office of Governor Janet Mills, *Mills Administration Requires Health Care Workers To Be Fully Vaccinated Against COVID-19 By October 1* (Aug. 12, 2021), https://www.maine.gov/governor/mills/news/mills-administration-requires-health-care-workers-be-fully-vaccinated-against-COVID-19-october (italics original).

188.    MaineGeneral's agreement with the Governor to deprive its employees of their constitutionally protected exercise of religious beliefs is plainly evidenced by its statements to Jane Doe 5 that it was not permitted to even consider a request for a religious exemption because of the Governor's mandate. (Exhibit D at 1-2.).

189.    The Governor and Defendant employers have reached an express or tacit agreement to mandate COVID-19 vaccines for their employees while explicitly agreeing to deprive them of their right to request and receive an accommodation and exemption for their sincerely held religious beliefs.

190.    The purpose behind the Governor's COVID-19 Vaccine Mandate, the MCDC's removal of the option for a religious exemption in the State of Maine, and all Defendants' agreement to blatantly ignore federal law's requirement that employees be provided with a

44

religious exemption and accommodation for sincerely held religious beliefs is based upon a conspiratorial purpose to deprive Plaintiffs of their rights to the exercise of their religious beliefs and equal protection.

191. Defendants' conspiratorial agreement has been made express by their stating that no religious exemptions would be permitted and by informing Plaintiff employees of the legally ridiculous position that Title VII does not apply in Maine and that federal law does not supersede Maine law when it comes to the Governor's COVID-19 Vaccine Mandate.

192. The Governor has engaged in an overt act in furtherance of the conspiracy to deprive Plaintiffs of their civil rights by mandating that all healthcare workers receive a mandatory COVID-19 vaccine and by failing to recognize that federal law provides each of these employees with the option to request and receive a religious exemption and accommodation from the COVID-19 Vaccine Mandate.

193. Defendant employers have each engaged in an overt act in furtherance of the conspiracy to deprive Plaintiffs of their civil rights by refusing to consider, evaluate, or accept any Plaintiff's request for a religious exemption and accommodation from the COVID-19 Vaccine Mandate.

194. By denying Plaintiffs their requested religious exemption and accommodation and threatening termination and discharge from employment because of the exercise of their sincerely held religious beliefs, Defendants' conspiracy has resulted in a deprivation of Plaintiffs' constitutionally protected right to free exercise of religion.

195. By denying Plaintiffs their requested religious exemption and accommodation and threatening termination and discharge from employment because of the exercise of their sincerely held religious beliefs while at the same time granting and accepting the preferred category and

class of medical exemptions for similarly situated healthcare workers, Defendants' conspiracy has resulted in a deprivation of Plaintiffs' constitutionally protected right to equal protection of the laws under the Fourteenth Amendment.

196.    Defendants' refusal to consider or grant Plaintiffs' requests for accommodation and exemption from the Governor's COVID-19 Vaccine Mandate has caused, is causing, and will continue to cause irreparable harm and actual and undue hardship on Plaintiffs' sincerely held religious beliefs.

197.    Plaintiffs have no adequate remedy at law for the continuing deprivation of their most cherished constitutional liberties and sincerely held religious beliefs.

WHEREFORE, Plaintiffs respectfully pray for relief against Defendants as hereinafter set forth in their prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

A.    That the Court issue a temporary restraining order restraining and enjoining Defendants, all of their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with the Governor's COVID-19 Vaccine Mandate such that:

        i.    Defendant Governor Mills will not enforce her unconstitutional mandate that John Doe 1 require his employees to receive a COVID-19 vaccine and refuse to provide a religious exemption or accommodation for such employees in violation of John Doe 1's and his employees' sincerely held religious beliefs;

      ii.    Defendants immediately cease in their refusal to consider, evaluate, or accept Plaintiffs' requests for exemption and accommodation for their sincerely held religious beliefs;

      iii.    Defendants will immediately grant Plaintiffs' requests for religious exemption and accommodation from the Governor's COVID-19 Vaccine Mandate, provided that Plaintiffs agree to abide by reasonable accommodation provisions such as masking, testing, symptom monitoring, and reporting;

      iv.    Defendants will immediately cease threatening to discharge and terminate Plaintiffs from their employment for failure to accept a COVID-19 vaccine that violates their sincerely held religious beliefs; and

      v.    Defendants will immediately cease proclaiming that federal law does not apply in Maine or otherwise declining Plaintiffs' requests for religious exemption on the basis that Title VII does not apply in the State of Maine;

B.    That the Court issue a preliminary injunction pending trial, and a permanent injunction upon judgment, restraining and enjoining Defendants, all of their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with the Governor's COVID-19 Vaccine Mandate such that:

      i.    Defendant Governor Mills will not enforce her unconstitutional mandate that John Doe 1 require his employees to receive a COVID-19 vaccine and refuse to provide a religious exemption or accommodation for such

employees in violation of John Doe 1's and his employees' sincerely held religious beliefs;

    ii.    Defendants immediately cease in their refusal to consider, evaluate, or accept Plaintiffs' requests for exemption and accommodation for their sincerely held religious beliefs;

    iii.    Defendants will immediately grant Plaintiffs' requests for religious exemption and accommodation from the Governor's COVID-19 Vaccine Mandate, provided that Plaintiffs agree to abide by reasonable accommodation provisions such as masking, testing, symptom monitoring, and reporting;

    iv.    Defendants will immediately cease threatening to discharge and terminate Plaintiffs from their employment for failure to accept a COVID-19 vaccine that violates their sincerely held religious beliefs; and

    v.    Defendants will immediately cease proclaiming that federal law does not apply in Maine or otherwise declining Plaintiffs' requests for religious exemption on the basis that Title VII does not apply in the State of Maine;

C.    That this Court render a declaratory judgment declaring that the Governor's COVID-19 Vaccine Mandate, both on its face and as applied by Defendants is illegal and unlawful in that it purports to remove federal civil rights and constitutional protections from healthcare workers in Maine, and further declaring that

    i.    in imposing a mandatory COVID-19 vaccine without any provision for exemption or accommodation for sincerely held religious beliefs, the Governor has violated the First Amendment to the United States

Constitution by imposing a substantial burden on Plaintiffs' sincerely held religious beliefs while granting exemptions to similarly situated healthcare workers with medical exemptions to the COVID-19 Vaccine Mandate;

ii.  by refusing to consider or evaluate Plaintiffs' requests for religious exemption and accommodation, Defendants have violated Title VII and other federal protections for Plaintiffs in Maine and have blatantly ignored the Supremacy Clause's mandate that federal protections for religious objectors in Maine supersede and apply with full force in Maine;

iii.  by terminating, threatening to terminate, or otherwise taking adverse employment action against Plaintiffs on the basis of their sincerely held religious beliefs, Defendants have violated Title VII of the Civil Rights Act of 1964;

iv.  that by creating a class system in which religious objectors in Maine are disparately and discriminatorily denied the option of receiving an exemption or accommodation while simultaneously allowing and granting exemptions for other nonreligious reasons, Defendant Governor Mills has violated Plaintiffs' rights to equal protection of the law; and

v.  that by entering into an agreement to unlawfully deprive Plaintiffs of their right to request and receive a religious exemption and accommodation from the Governor's COVID-19 Vaccine Mandate, Defendants have conspired to violate Plaintiffs' civil rights to free exercise of religious beliefs and equal protection of the law;

D.      That this Court award Plaintiffs damages in an amount to be proven at trial, including damages for adverse employment action resulting in lost wages and other compensatory damages, and further including nominal damages in the absence of proof of damages;

E.      That this Court adjudge, decree, and declare the rights and other legal obligations and relations within the subject matter here in controversy so that such declaration shall have the full force and effect of final judgment;

F.      That this Court retain jurisdiction over the matter for the purposes of enforcing the Court's order;

G.      That this Court award Plaintiffs the reasonable costs and expenses of this action, including a reasonable attorney's fee, in accordance with 42 U.S.C. § 1988; and

H.      That this Court grant such other and further relief as the Court deems equitable and just under the circumstances.

Respectfully submitted,

| /s/ Stephen C. Whiting | /s/ Daniel J. Schmid |
|---|---|
| Stephen C. Whiting | Mathew D. Staver* |
| ME Bar No. 559 | Horatio G. Mihet* |
| The Whiting Law Firm | Roger K. Gannam* |
| 75 Pearl Street, Suite 207 | Daniel J. Schmid* |
| Portland, ME 04101 | LIBERTY COUNSEL |
| (207) 780-0681 | P.O. Box 540774 |
| Email: steve@whitinglawfirm.com | Orlando, FL 32854 |
|  | Phone: (407) 875-1776 |
|  | Facsimile: (407) 875-0770 |
|  | Email: court@lc.org |
|  | hmihet@lc.org |
|  | rgannam@lc.org |
|  | dschmid@lc.org |
|  | *Applications for Admission pro hac vice pending |

***Attorneys for Plaintiffs***

## **VERIFICATION**

I, Jane Doe 1, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States and the State of Maine, that the foregoing statements are true and correct to the best of my knowledge.

Dated: August 24, 2021

/s/ Jane Doe 1_____
Jane Doe 1
(Original Signature of Jane Doe 1 retained by Counsel)

## **VERIFICATION**

I, Jane Doe 2, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States and the State of Maine, that the foregoing statements are true and correct to the best of my knowledge.

Dated: August 24, 2021

/s/ Jane Doe 2_____
Jane Doe 2
(Original Signature of Jane Doe 2 retained by Counsel)

## **VERIFICATION**

I, Jane Doe 3, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States and the State of Maine, that the foregoing statements are true and correct to the best of my knowledge.

Dated: August 24, 2021

/s/ Jane Doe 3
Jane Doe 3
(Original Signature of Jane Doe 3 retained by Counsel)

53

## **<u>VERIFICATION</u>**

I, Jane Doe 4, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States and the State of Maine, that the foregoing statements are true and correct to the best of my knowledge.

Dated: August 24, 2021

/s/ Jane Doe 4
Jane Doe 4
(Original Signature of Jane Doe 4 retained by Counsel)

## <u>VERIFICATION</u>

I, Jane Doe 5, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States and the State of Maine, that the foregoing statements are true and correct to the best of my knowledge.

Dated: August 24, 2021

/s/ Jane Doe 5
Jane Doe 5
(Original Signature of Jane Doe 5 retained by Counsel)

## <u>VERIFICATION</u>

I, Jane Doe 6, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States and the State of Maine, that the foregoing statements are true and correct to the best of my knowledge.

Dated:  August 24, 2021

/s/ Jane Doe 6_____
Jane Doe 6
(Original Signature of Jane Doe 6 retained by Counsel)

## <u>VERIFICATION</u>

I, John Doe 1, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States and the State of Maine, that the foregoing statements are true and correct to the best of my knowledge.

Dated: August 24, 2021

/s/ John Doe 1
John Doe 1
(Original Signature of John Doe 1 retained by Counsel)

## <u>VERIFICATION</u>

I, John Doe 2, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States and the State of Maine, that the foregoing statements are true and correct to the best of my knowledge.

Dated:  August 24, 2021

/s/ John Doe 2
John Doe 2
(Original Signature of John Doe 2 retained by Counsel)

## <u>VERIFICATION</u>

I, John Doe 3, am over the age of eighteen years and a Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge (unless otherwise indicated). If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States and the State of Maine, that the foregoing statements are true and correct to the best of my knowledge.

Dated: August 24, 2021

/s/ John Doe 3
John Doe 3
(Original Signature of John Doe 3 retained by Counsel)