UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE 1, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:21-cv-00242-JDL |
| | ) |
| JANET T. MILLS, in Her Official | ) |
| Capacity as Governor of the | ) |
| State of Maine, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

On Wednesday, August 25, 2021, the Plaintiffs, who are healthcare workers and one individual healthcare provider,[1] filed a five-count Complaint against Janet T. Mills, the Governor of the State of Maine; Dr. Nirav D. Shah, the Director of the Maine Center for Disease Control and Prevention; Jeanne M. Lambrew, the Commissioner of the Maine Department of Health and Human Services; and five private entities that operate healthcare facilities in Maine (ECF No. 1). The Plaintiffs' Complaint challenges recent changes to Maine law which, they contend, have the effect of requiring all employees of Maine healthcare facilities to be vaccinated against the COVID-19 coronavirus by October 1, 2021 (the "Vaccine Mandate"). This, the Plaintiffs argue, violates their federal constitutional and

---

[1] Specifically, the Plaintiffs are: Jane Does 1-5, who are healthcare workers employed by the Defendant healthcare facilities; John Doe 1, who is a licensed healthcare provider who operates his own practice; Jane Doe 6, who is a healthcare worker employed by John Doe 1; John Does 2-3, who are healthcare workers employed by the Defendant healthcare facilities; and a number of other yet-unnamed Jack and Joan Does who are healthcare workers employed by the Defendant healthcare facilities.

statutory rights because it does not include an exemption based on their sincerely held religious beliefs that cause them to object to being vaccinated for the COVID-19 coronavirus. They also contend that their employers—Defendants Genesis Healthcare of Maine, LLC; Genesis Healthcare, LLC; Northern Light Health Foundation; MaineHealth; and MaineGeneral Health—have violated federal law by refusing to grant them a religious exemption from the vaccination requirement.

Along with their Complaint, the Plaintiffs have filed an ex parte Motion for Temporary Restraining Order and Preliminary Injunction, requesting that the Court enjoin the Defendants from enforcing the Vaccine Mandate (ECF No. 3). On the morning of Thursday, August 26, 2021, I convened a hearing with the Plaintiffs' counsel to address their request for an ex parte temporary restraining order.

The criteria for the granting of a temporary restraining order (TRO) without first proving notice to the defendants against whom the TRO is sought are set forth in Rule 65(b)(1) of the Federal Rules of Civil Procedure:

> **(1) *Issuing Without Notice*.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, the Plaintiffs have failed to satisfy both requirements. As to the first requirement, no facts have been shown by affidavit or verified complaint demonstrating that specific, irreparable harm will ensue in the brief time-period

required for the Defendants to be afforded an opportunity to be heard in opposition to the motion.

As to the second requirement, Plaintiffs point to a demand letter that their counsel sent to Governor Mills, Dr. Shah, and Commissioner Lambrew on August 18, 2021, before this case was brought. The letter states that the Plaintiffs intended to "seek emergency injunctive relief and all other remedies available under law" if their demands were not met. ECF No. 1-5 at 10. But this letter preceded the filing of this action. It did not and could not notify the Defendants that the Plaintiffs were acting on their earlier demand by filing this action and moving the Court to issue a temporary restraining order. Further, the Plaintiffs have not shown why notifying the Defendants of the motion for a temporary restraining order should not be required.

Accordingly, the Plaintiffs' motion (ECF No. 3) is **DENIED IN PART** as to the request for a temporary restraining order. The Clerk is directed to schedule a case management conference regarding the Plaintiffs' request for a preliminary injunction on August 31, 2021, at 2:00 p.m., to be conducted by videoconference.

**SO ORDERED.**

**Dated this 26th day of August, 2021.**

                /s/ JON D. LEVY
                **CHIEF U.S. DISTRICT JUDGE**