**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **JANE DOES 1-6, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **1:21-cv-00242-JDL** |
| | ) | |
| **JANET T. MILLS, in her official capacity as Governor of the State of Maine, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ON PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER**

The Plaintiffs in this case are Maine healthcare workers and one individual healthcare provider, who challenge recent changes to Maine law which, they contend, have the effect of requiring all employees of Maine healthcare facilities to be vaccinated against the COVID-19 coronavirus by October 1, 2021. On August 25, 2021, the Plaintiffs filed a five-count Complaint against Janet T. Mills, the Governor of Maine; Dr. Nirav D. Shah, the Director of the Maine Center for Disease Control and Prevention (MCDC); Jeanne M. Lambrew, the Commissioner of the Maine Department of Health and Human Services (DHHS); and five incorporated entities that operate healthcare facilities in Maine[1] (the "Hospital Defendants") (ECF No. 1). The Plaintiffs contend that the Emergency Rule issued by the Department of Health and Human Services and Maine Center for Disease Control and Prevention, 10-144 C.M.R. ch. 264, § 2(A) (effective Aug. 12, 2021), which mandates vaccines for

[1] Specifically, the Hospital Defendants are Genesis Healthcare of Maine, LLC; Genesis Healthcare, LLC; Northern Light Health Foundation; MaineHealth; and MaineGeneral Health.

healthcare workers, and the Hospital Defendants' actions in enforcing it, violate federal law.

The Plaintiffs seek permission to proceed using pseudonyms, as well as a protective order restricting the Defendants' access to their identities (ECF No. 21). For the reasons that follow, I grant the Plaintiffs' motion in part and deny the motion in part.

## I. BACKGROUND

The Complaint names and describes the Plaintiffs using the following pseudonyms: Jane Does 1-5 and John Does 2-3 are healthcare workers employed by the Hospital Defendants; John Doe 1 is a licensed healthcare provider who operates his own practice; and Jane Doe 6 is a healthcare worker employed by John Doe 1. Additionally, the Complaint names two thousand nominal parties—Jack Does 1 through 1000 and Joan Does 1 through 1000—who are allegedly healthcare workers employed by the Hospital Defendants, but who have not yet been identified.

The Plaintiffs assert that they have sincerely held religious objections to the COVID-19 vaccine, and that the lack of a religious exemption to Maine's vaccination requirement violates their federal constitutional and statutory rights. They contend that the highly sensitive nature of the case, which involves their personal medical decisions as well as their religious beliefs, as well as the threat of retribution and retaliation from the Defendants and from the public at large, justifies a court order restricting access to their identities.

## II. DISCUSSION

In their motion, the Plaintiffs seek two forms of protection. First, they request leave to proceed pseudonymously, i.e., to shield their identities from the public at large. Second, they ask the Court to issue a protective order that would restrict disclosure of their identities even to the Defendants; specifically, they request an "attorney's-eyes-only" provision in which the Plaintiffs' identities would only be known by Defendants' attorneys and no one else.

### 1. Proceeding Under Pseudonym

"There is a strong common law presumption favoring public access to judicial proceedings and records," and in general, a case must proceed in the real names of the parties. *Doe v. Reg'l Sch. Unit No. 21*, No. 2:19-00341-NT, 2020 WL 2833248, at *1 (D. Me. May 29, 2020) (internal quotation marks omitted). However, federal courts permit parties to proceed under pseudonym in some circumstances. *See id.* Although neither the Supreme Court nor the First Circuit has specifically explained the circumstances under which a plaintiff may proceed pseudonymously, other circuit courts "have developed balancing tests specifically for assessing whether the use of a pseudonym should be permitted." *Id.* at *2. Courts in the First Circuit have generally followed the Third Circuit's test, which sets forth nine factors which ultimately focus on "whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation." *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011); *see Reg'l Sch. Unit No. 21*, 2020 WL 2833248, at *2; *Doe v. Trs. of Dartmouth Coll.*, No. 18-cv-040-LM, 2018 WL 2048385, at *4-5 (D. Mass. May 2, 2018).

After considering the *Megless* factors in conjunction with the limited record available at this point, as well as the Defendants' failure to object to the Plaintiffs proceeding pseudonymously, I conclude that the Plaintiffs have a reasonable fear of harm that outweighs the public's interest in open litigation at this preliminary stage. In arriving at this conclusion, I take judicial notice of the substantial public controversy currently surrounding public and private mandates requiring individuals to be vaccinated for the COVID-19 coronavirus or to provide proof of vaccination status. Fed. R. Evid. 201(b)(1). Thus, the Plaintiffs will be permitted to proceed under pseudonyms. However, the Court reserves the authority to revisit this issue should the case proceed past the preliminary-injunction stage.

**2. Scope of the Protective Order**

A court may issue a protective order upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1). Within the context of a protective order, "an 'attorneys' eyes only' designation is highly restrictive, and . . . the party requesting such an order [] has the initial burden to 'describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact.'" *Perez v. Bodega Latina Corp.*, No. EP-19-CV-00360, 2021 WL 3272211 (W.D. Tex. July 30, 2021). Additionally, I must consider whether the Plaintiffs have demonstrated a strong interest in designating their identities as "attorneys eyes only" that outweighs a competing need of the defendants to know the plaintiffs' identities to participate meaningfully in the case. *Reese v. Liberty*, No. 1:18-cv-00421, 2019 WL 5549219 at *1 (D. Me. Oct. 25, 2019).

The Plaintiffs contend that their identities must be protected from public disclosure and limited to attorneys' eyes only[2] to avoid retribution and retaliation from their employers and from government officials. In response, the State Defendants agree that a protective order limiting public disclosure of the Plaintiffs' identities is reasonable, but argue that an "attorneys eyes only" provision will be "unworkable" because it would impede the State Defendants' ability to prepare their defense. ECF No. 25 at 6.

As described above, I find that the Plaintiffs have demonstrated good cause to protect their identities from public disclosure at this preliminary stage. However, I am not persuaded that the Plaintiffs' concerns about retribution and retaliation apply if the identities are disclosed to the State Defendants. The Plaintiffs do not contend that any one plaintiff is employed by the State Defendants. To the extent that the Plaintiffs suggest that, as holders of state-issued healthcare licenses, they may be subjected to retribution and retaliation by the State Defendants, they have offered no credible support for that fear. As public officials, the State Defendants are sworn to uphold the law and can be held to account if they fail to do so. Moreover, the Plaintiffs' state-issued licenses are property interests and thus protected by the rights of due process and equal protection guaranteed by the Federal and Maine Constitutions.

[2] In support of this request, Plaintiffs cite inapposite case law in which the anonymity of witnesses rather than parties was protected. *See MacNamara v. City of New York*, 249 F.R.D. 70 (S.D.N.Y. 2008) (protecting the identity of undercover police officers); *Were v. Bobby*, No. 1:10-cv-698, 2019 WL 7046593 (S.D. Ohio Dec. 23, 2019) (protecting the identity of cooperating witnesses). Plaintiffs' reliance on *Aguilar v. Immigration & Customs Enforcement Division* is similarly misplaced, No. 07 Civ. 8224, 2009 WL 1789336 (E.D.N.Y. June 23, 2018), as that decision restricted the plaintiffs' identities from the defendants because the defendants occupied the unique role of both assisting in the case's defense and prosecuting parallel immigration cases. Here, as the government points out, the State Defendants do not occupy a dual role.

On the other side of the scale, the State Defendants point out that without knowing the Plaintiffs' identities, they will be unable to assess the Complaint's factual allegations and potentially challenge the Plaintiffs' standing to sue and the Court's exercise of jurisdiction. *See Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016). Additionally, resolving the merits of the Plaintiffs' motion for preliminary injunction will require the Court to consider the public interest and weigh the comparative burdens on the parties if a preliminary injunction is granted or denied. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Shielding the Plaintiffs' identities from the State Defendants would impede the State Defendants' ability to present arguments addressing the severity of the burden that a preliminary injunction might impose.

In addition, although a preliminary injunction would be addressed to the three named state officials, it would potentially influence the behavior of a host of other state and local officials whom are charged with enforcing state law and protecting public health. Thus, a careful assessment of the consequences of the grant or denial of a preliminary injunction is vital. That assessment will be advanced by the ability of all of the parties to this case to frame their arguments in relation to the circumstances associated with the actual persons who have invoked the Court's jurisdiction and seek judicial redress.

Accordingly, a Protective Order will issue which limits the disclosure of the Plaintiffs' identities to the State Defendants, but without the "attorneys' eyes only" limitation that Plaintiffs seek. A hearing will be convened to address the terms of the Protective Order. Counsel for the parties are directed to consider and be prepared

to address the elements of the protective order issued in *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 470-71 (E.D. Pa. 1997).

## III. CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Proceed Under Pseudonyms and for Protective Order (ECF No. 21) is **GRANTED** in part and **DENIED** in part. The Court will convene a hearing today at 1:30 p.m. to address the issuance of a protective order.

**SO ORDERED.**

**Dated this 2nd day of September, 2021.**

**/s/ JON D. LEVY**
**CHIEF U.S. DISTRICT JUDGE**