UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANE DOES 1-6, JOHN DOES-1-3, JACK DOES 1-1000, and JOAN DOES 1-1000,<br><br>  Plaintiffs,<br><br>  v.<br><br>JANET T. MILLS, Governor of the State of Maine, JEANNE M. LAMBREW, Commissioner of the Maine Department of Health and Human Services, NIRAV D. SHAH, Director of the Maine Center for Disease Control, MAINEHEALTH, GENESIS HEALTHCARE OF MAINE, LLC, GENESIS HEALTHCARE, LLC, NORTHERN LIGHT FOUNDATION, and MAINEGENERAL HEALTH<br><br>  Defendants. | Civil Action 1:21-cv-00242-JDL |

**NEWS MEDIA MOTION TO INTERVENE AND
INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 24(a) and (b), MTM Acquisition, Inc., d/b/a *Portland Press Herald/Maine Sunday Telegram*, *Kennebec Journal*, and *Morning Sentinel*, and SJ Acquisition, Inc., d/b/a *Sun Journal* (collectively, the "Media Intervenors") hereby move for leave to intervene in the above-captioned case for the limited purpose of challenging Plaintiffs' ongoing use of pseudonyms in this matter. The Media Intervenors further request that the Court hold a conference to establish a schedule for submissions on the merits of their challenge to the use of pseudonyms. Defendants take no position with respect to this motion. Plaintiffs object to the motion. This motion is made on the grounds that:

1

18348953.1

1. In its Order on Plaintiffs' Motion to Proceed Under Pseudonyms and for Protective Order, this Court granted Plaintiffs' request to proceed using pseudonyms, but "reserve[d] the authority to revisit this issue should the case proceed past the preliminary-injunction stage." *Does 1-6 v. Mills*, No. 1:21-CV-00242-JDL, 2021 WL 4005985, at *2 (D. Me. Sept. 2, 2021) (hereinafter, "Order").

2. On October 13, 2021, this Court denied Plaintiffs' request for a preliminary injunction. *Does 1-6 v. Mills*, No. 1:21-CV-00242-JDL, 2021 WL 4783626 (D. Me. Oct. 13, 2021). The U.S. Court of Appeals for the First Circuit affirmed this Court's decision on October 19, 2021. *Does 1-6 v. Mills*, No. 21-1826, 2021 WL 4860328 (1st Cir. Oct. 19, 2021). On October 29, 2021, the U.S. Supreme Court denied Plaintiffs' application for injunctive relief. *Does 1-3 v. Mills*, No. 21A90, 2021 WL 5027177 (U.S. Oct. 29, 2021). The preliminary injunction stage of this litigation has therefore concluded.

3. The Media Intervenors have a presumptive First Amendment and common law right of access to court proceedings and judicial records in this matter. *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8 (1986) (holding that the First Amendment right of access attaches to judicial proceedings and documents where "the place and process have historically been open to the press and general public," and where "public access plays a significant positive role in the functioning of the particular process in question"); *In re Salem Suede, Inc.*, 268 F.3d 42, 45 (1st Cir. 2001) ("[T]here is a strong common law presumption favoring public access to judicial proceedings and records."). In a case of first impression in the First Circuit, Judge Torresen recently recognized "a qualified First Amendment right of public access to civil complaints." *Courthouse News Serv. v. Glessner*, No. 1:21-CV-00040-NT, 2021 WL 3024286, at *15 (D. Me. July 16, 2021), appeal pending, No. 21-1624 and 21-1642. In doing so, she acknowledged that

18348953.1

"many circuits that have concluded that the constitutional right of access applies to civil proceedings." *Id*. at *11; s*ee e.g., N.Y.C.L. Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012) ("[T]he First Amendment guarantees a qualified right of access not only to criminal but also to civil trials and to their related proceedings and records."); *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659 (3d Cir. 1991) ("[T]he First Amendment . . . protects the public's right of access to the records of civil proceedings.").

4.  Allowing civil litigants to proceed under pseudonyms withholds valuable information from the press and the public about pending litigation and functions as a form of closure of court proceedings and records. In addition, if Plaintiffs are permitted to continue to pursue their claims in this matter pseudonymously, this Court will necessarily be asked to take further steps to preserve their anonymity—such as closing the courtroom during a Plaintiff's testimony—that would further deprive the Media Intervenors of their presumptive rights of access to court proceedings and records in this case.

5.  Intervention is the appropriate procedural mechanism in a civil case for a third party, including members of the press or public, to assert rights of access to judicial records, to challenge protective orders, and to contest the closure of judicial proceedings. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988) ("[W]here intervention is available (*i.e.* civil cases), it is an effective mechanism for third-party claims of access to information generated through judicial proceedings."). Intervention is "the procedurally correct course" for third-party challenges to protective orders. *Id*. (quotation marks omitted).

6.  MTM Acquisition, Inc. is a corporation organized and existing under the laws of the State of Maine and has its principal place of business in Portland. It is the publisher of the *Portland Press Herald*, the *Maine Sunday Telegram*, the *Kennebec Journal*, and the *Morning*

*Sentinel* newspapers. SJ Acquisition, Inc. is a corporation organized and existing under the laws of the State of Maine and has its principal place of business in Lewiston. It is the publisher of the *Sun Journal* newspaper. As newspaper publishers in Maine, Media Intervenors have a compelling interest in public access to information on pending judicial proceedings about the constitutionality of a state public health order, the outcome of which will impact people throughout Maine.

7. This motion is timely. The preliminary injunction stage of the litigation has now concluded. By its Order, the Court reserved the right to revisit the question of whether Plaintiffs should be permitted to continue to proceed pseudonymously should this case proceed beyond the preliminary injunction stage. A scheduling order for the declaratory judgment stage of the litigation has not yet been issued, and the parties have made no filings in connection with the declaratory judgment stage.

## Conclusion

The Media Intervenors therefore respectfully request that this Court permit them to intervene in this matter for the limited purpose of challenging Plaintiffs' ongoing use of pseudonyms. The Media Intervenors further request that this Court convene a scheduling conference to establish merits briefing deadlines on their request and permit their counsel them to participate in any upcoming scheduling conference in this matter. If the Court does not conduct a scheduling conference, the Media Intervenors request that the Court establish a schedule permitting the Media Intervenors to submit briefing on the issue of Plaintiffs' continued use of pseudonyms once this motion has been granted.

DATED at Portland, Maine this 10th day of November, 2021

        Respectfully submitted,

        /s/ Sigmund D. Schutz
        Sigmund D. Schutz
        Jonathan G Mermin
        Preti Flaherty LLP
        P.O. Box 9546
        One City Center Portland, ME 04112
        (207) 791-3000
        sschutz@preti.com
        jmermin@preti.com

        Katie Townsend*
        Shannon Jankowski*
        THE REPORTERS COMMITTEE FOR
        FREEDOM OF THE PRESS
        1156 15th St NW, Suite 1020
        Washington, D.C. 20005
        (202) 795-9300
        ktownsend@rcfp.org
        sjankowski@rcfp.org

        *Counsel for Media Intervenors*

        **Pro hac vice* application pending*

18348953.1