# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JANE DOES 1-6, JOHN DOES-1-3, JACK DOES 1-1000, and JOAN DOES 1-1000,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JANET T. MILLS, Governor of the State of Maine, JEANNE M. LAMBREW, Commissioner of the Maine Department of Health and Human Services, NIRAV D. SHAH, Director of the Maine Center for Disease Control, MAINEHEALTH, GENESIS HEALTHCARE OF MAINE, LLC, GENESIS HEALTHCARE, LLC, NORTHERN LIGHT FOUNDATION, and MAINEGENERAL HEALTH,<br><br>　　　　Defendants. | Civil Action No. 1:21-cv-00242-JDL |

### STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY PENDING DISPOSITION OF PETITION FOR WRIT OF CERTIORARI IN UNITED STATES SUPREME COURT AND INCORPORATED MEMORANDUM OF LAW

Defendants Janet T. Mills, Governor of the State of Maine, Jeanne M. Lambrew, Commissioner of the Maine Department of Health and Human Services (Department), and Dr. Nirav D. Shah, Director of the Maine Center for Disease Control (Maine CDC) (collectively, "State Defendants"), hereby oppose Plaintiffs' motion to stay this proceeding pending disposition of their cert petition in the United States Supreme Court, ECF No. 81.

This Court has inherent power to stay proceedings to manage its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The general rule for an interlocutory appeal of a preliminary injunction is that it 'does not defeat the power of the trial court to proceed

1

further with the case.'" *Pharm. Care Mgmt. Ass'n v. Me. Atty. Gen.*, 332 F. Supp. 2d 258, 259 (D. Me. 2004) (quoting 16 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3921.2 at 53 (3d ed. 1999).)

In determining whether to stay a proceeding pending the disposition of a cert petition seeking review of an interlocutory order, this Court has looked to "(1) the likelihood of success on appeal; (2) whether the party seeking the stay will suffer irreparable harm if the stay is not granted; (3) whether the court's issuance of a stay will result in substantial harm to the other interested parties; and, (4) where the public interest lies." *United States v. Kenney*, No. CR-07-66-B-W, 2008 WL 3285891, at *2 (D. Me. Aug. 5, 2008); *see also Maine v. U.S. Dep't of Interior*, No. CIV. 00-122-B-C, 2001 WL 98373, at *2 (D. Me. Feb. 5, 2001) (applying same factors in evaluating motion to stay pending appeal to First Circuit).

In evaluating motions to stay, this Court also seeks to avoid further proceedings that would impinge directly on the questions presented in the interlocutory appeal. *See Pharm. Care Mgmt. Ass'n*, 332 F. Supp. at 260 (analyzing *United States v. Mala*, 7 F.3d 1058 (1st Cir. 1993)). For example, further trial court proceedings after a putative intervenor sought review of the denial of a motion to intervene would be inconsistent with the issues being determined on appeal, i.e., whether the intervenor-appellant was entitled to participate as a full party to the case. *Maine v. Norton*, 148 F. Supp. 2d 81, 83 (D. Me. 2001). In contrast, further trial court proceedings are permitted when "there is no inconsistency . . . between the interlocutory appeal and proceeding toward final resolution of the merits." *Pharm. Care Mgmt. Ass'n*, 332 F. Supp. 2d at 260.

Applying these factors and considerations here, Plaintiffs' motion should be denied.

First, it is unlikely that Plaintiffs' cert petition will be granted. The First Circuit correctly affirmed this Court's denial of Plaintiffs' motion for a preliminary injunction. The interlocutory posture of Plaintiffs' petition also weighs against the Supreme Court granting their petition. *See, e.g.*, *Am. Const. Co. v. Jacksonville, T. & K.W. Ry. Co.*, 148 U.S. 372, 384 (1893) ("this court should not issue a writ of certiorari to review a decree of the circuit court of appeals on appeal from an interlocutory order," absent compelling reason to do so). Further, Plaintiffs' claims against State Defendants are moot because the state agency rule that Plaintiffs challenge is no longer in effect and has been superseded by the final non-emergency rule. *See U.S. Dep't of Justice v. Provenzano*, 469 U.S. 14, 15 (1984) (enactment of new statute rendered issue as to which certiorari was granted moot).

Second, Plaintiffs will not suffer any harm if the stay is not granted, nor do they allege any such harm in their motion.

Third, unnecessary delay will harm State Defendants. Although Plaintiffs assert that they seek a modest stay of proceedings—until January 2022 at the latest—their proposed timeline assumes the Supreme Court grants or denies their petition at the first conference where the Supreme Court considers the petition. But other options are also possible: the Supreme Court may not consider the petition in January or could hold the petition for a period of weeks or months. In that event, a stay of these proceedings would cause unnecessary delay.

Fourth, the public interest lies in timely resolution of issues critical to public health. All parties – and the public – would be served by promptly resolving Plaintiffs' challenge to the Department and Maine CDC's immunization regulation.

Lastly, continuing with the litigation will not impinge on any of the issues[1] that Plaintiffs seek review of in the Supreme Court. Plaintiffs' pending cert petition seeks review of this Court's denial of their motion for preliminary injunction and the First Circuit's affirmance of that denial. Those preliminary decisions, while important, are not final judgments. "Any decision in the [Supreme Court] on the preliminary injunction will by definition be preliminary so far as the merits are concerned." *Pharm. Care Mgmt. Ass'n*, 332 F. Supp. 2d at 260. This Court and the First Circuit have determined, repeatedly, that Plaintiffs are unlikely to succeed on the merits of their claims, but those decisions do not hold that Plaintiffs will not finally succeed after discovery and trial. "It is an appropriate use of judicial resources (and those of the parties) to proceed with the actual merits so as to obtain a final resolution." *Id.*

In sum, and based on the foregoing, State Defendants request that Plaintiffs' motion to stay be denied.

DATED: December 3, 2021　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　AARON M. FREY
　　　　　　　　　　　　　　　　　　　　Attorney General

　　　　　　　　　　　　　　　　　　　　THOMAS A. KNOWLTON
　　　　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　　Chief, Litigation Division
　　　　　　　　　　　　　　　　　　　　thomas.a.knowlton@maine.gov

　　　　　　　　　　　　　　　　　　　　/s/ Kimberly L. Patwardhan
　　　　　　　　　　　　　　　　　　　　KIMBERLY L. PATWARDHAN
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　kimberly.patwardhan@maine.gov

---

[1] Plaintiffs have not sought Supreme Court review with respect to their conspiracy and Equal Protection claims. ECF No. 81-1 at i-ii. Further, the putative News Media intervenors seek leave to intervene "for the limited purpose of challenging Plaintiffs' ongoing use of pseudonyms in this matter." ECF No. 76 at 1. The grant or denial of that motion to intervene has no bearing on the issues Plaintiffs seek review of in the Supreme Court.

VALERIE A. WRIGHT
Assistant Attorney General
valerie.a.wright@maine.gov

Office of the Attorney General
6 State House Station
Augusta ME  04333-0006
Tel.  (207) 626-8800
Fax (207) 287-3145

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 3, 2021, I electronically filed this document with the Clerk of the Court using the CM/ECF system; that the same will be sent electronically to registered participants as identified in the CM/ECF electronic filing system for this matter.

                                                /s/ Kimberly L. Patwardhan
                                                KIMBERLY L. PATWARDHAN
                                                Assistant Attorney General
                                                Office of the Attorney General
                                                6 State House Station
                                                Augusta ME  04333-0006
                                                Tel.  (207) 626-8570
                                                Fax (207) 287-3145
                                                kimberly.patwardhan@maine.gov