**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**
**Bangor Division**

| | |
|---|---|
| JANE DOES 1–6, et al., | ) |
|         Plaintiffs, | ) |
| v. | ) Case No. 1:21-cv-00242-JDL |
| JANET T. MILLS, in her official capacity as Governor of the State of Maine, et al., | ) |
|         Defendants. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**MEDIA CORPORATIONS' REQUEST TO INTERVENE**

Pursuant to this Court's Order (dkt. 84), Plaintiffs hereby file this Response in Opposition to MTM Acquisition, Inc. and SJ Acquisition, Inc.'s (hereinafter "Media Corporations") Motion to Intervene. (Dkt. 75.) For the following reasons, the Motion should be denied.

**INTRODUCTION**

From the outset of the instant litigation, the complaint, pleadings, filings, proceedings, and orders of this Court have been open to the public. Indeed, at the hearing on Plaintiffs' Motion for a Temporary Restraining Order, prior to Defendants even having the opportunity to appear and be heard in opposition, the media was present on the Zoom hearing and was allowed to access all arguments, discussions, and proceedings before this Court. Again, at the hearing on Plaintiffs' Motion for Preliminary Injunction, the media was present and was granted unrestricted access to all arguments, discussions, and proceedings before this Court. The docket in the instant matter is unrestricted and is available to anyone in the public, including Media Corporations. Plaintiffs have not filed any pleading or argument under seal and have not requested that any such argument be restricted from the public or Media Corporations. Put simply, what has occurred to date in the instant proceedings – and what will occur in the proceedings after Media Corporations' request is

adjudicated – will be open to the public and Media Corporations. In essence, Media Corporations' motion seeks a solution to a nonexistent problem. They have access to the instant proceedings, and will continue to have such access throughout the litigation.

Plaintiffs have merely requested one limited and reasonable exception to the otherwise public nature of the proceedings—their identity. As this Court has noted, there is "substantial public controversy currently surrounding public and private mandates requiring individuals to be vaccinated for the COVID-19 coronavirus or to provide proof of vaccinations status." (Dkt. 32, Order on Motion to Proceed Under Pseudonyms, at 4.) In fact, as this Court has already recognized, "**Plaintiffs have a reasonable fear of harm that outweighs the public's interest in open litigation at this preliminary stage**." (*Id.* (emphasis added).) Nothing has changed from that initial determination. Media Corporations have certainly not identified any such change. The Court's sound and reasoned determination should remain the rule.

Media Corporations' qualified right of access in the instant proceedings is already satisfied, separate and apart from their unwarranted intervention in the instant matter. Media Corporations do not satisfy the elements for intervention of right under Fed. R. Civ. P. 24(a) and do not satisfy the requirements of permissive intervention under Fed. R. Civ. P. 24(b). Media Corporations' Motion should therefore be denied.

## LEGAL ARGUMENT

### I. MEDIA CORPORATIONS' QUALIFIED RIGHT OF ACCESS IS ALREADY SATSIFIED AND THUS INTERVENTION IS UNWARRANTED.

No one, especially not Plaintiffs, disputes that Media Corporations and the public at large have a qualified right of access to judicial proceedings. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 576 (1980) ("[T]he First Amendment guarantees of speech and press, standing alone, prohibit the government from summarily closing courtroom doors."). And, there

appears agreement among courts that the presumption of open court proceedings, *Press-Enterprise Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 8 (1986), likewise applies to the qualified right of access to documents filed in those proceedings. *See, e.g.*, *In re Boston Herald, Inc.*, 321 F.3d 174, 182 (1st Cir. 2003) ("The Supreme Court recognized a First Amendment right of access to certain judicial proceedings and documents in *Richmond Newspapers*."). But, what cannot be gainsaid is that "the First Amendment does not grant the press or the public an automatic constitutional right of access to every document connected to judicial activity." *Id.* at 184.

To determine whether the qualified right of access attaches, courts are required to inquire into whether "civil complaints have historically been open to the press and general public" and "whether public access plays a significant positive role in the functioning of the particular process in question." *Courthouse News Serv. v. Glessner*, No. 1:21-cv-00040, 2021 WL 3024286, *14 (D. Me. July 16, 2021) (quoting *Press-Enterprise*, 478 U.S. at 8). These prongs are often referred to as the logic and experience prongs. *Id.*; *see also In re Boston Herald*, 321 F.3d at 184. While access to pleadings, complaints, and other documents easily satisfy these two considerations, **Media Corporations already have access to the Verified Complaint, every pleading and motion filed, they have attended every hearing held in the instant matter, and have access to every order of this Court**. In fact, Media Corporations were even permitted to participate and present argument at a status conference that this Court held before the Court even adjudicated their request to intervene. Thus, Media Corporations already have the qualified First Amendment access they seek.

Given their undisputed access to these proceedings, Media Corporations' argument in essence boils down to their claim that the First Amendment demands they be granted access to Plaintiffs' **identities** regardless of the other considerations weighing against such a contention.

3

(Dkt. 76, at ¶4.) But, there can be no dispute that the general right of access to court records and proceedings – a right that is already plainly granted to Media Corporations in the instant proceedings – does not come with the concomitant right to access **every** piece of information that is related to the proceedings. Indeed, there are a host of exceptions that the First Amendment right of access to court proceedings does not cover. *See, e.g.*, *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 32-33 (1984) (noting that discovery materials, depositions, interrogatories, and other non-public court records are not subject to the First Amendment right of access); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) (holding that there is no First Amendment right of access to certain motions filed or the discovery underlying such motions); *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775 (1st Cir. 1988) (same).

Where, as here, "disclosure of sensitive personal information," which "has no bearing on the merits" of the underlying claims, "could well undermine the judicial process" by "imposing a high price on the exercise of one's constitutional rights," the First Circuit has held the First Amendment right of access is trumped by the interest of the litigants in maintaining privacy. *In re Boston Herald*, 321 F.3d at 188. Media Corporations' Motion should be denied.

**II.     MEDIA CORPORATIONS DO NOT SATISFY THE REQUIREMENTS FOR INTERVENTION UNDER RULE 24.**

Rule 24 provides for two forms of intervention: (1) intervention of right and (2) permissive intervention. Fed. R. Civ. P. 24(a)-(b). To intervene as of right, the movant-intervenor bears the burden of satisfying four requirements: (1) the timeliness of their motion; (2) a concrete interest in the pending action; (3) "a realistic threat" that the pending action's resolution would hinder the movant's ability to protect that interest; and (4) the absence of adequate representation by any existing party. *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009).

Permissive intervention, by contrast, has only two criteria. Upon a timely motion, the court has discretion to allow permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." *Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 112–133 (1st Cir. 1999). And although permissive intervention is "wholly discretionary," *id.* at 113, Rule 24(b)(3) expressly provides that the court must consider "whether intervention will prejudice the existing parties or delay the action." Fed. R. Civ. P. 24(b)(3). Thus, even where both requirements are met, the court may properly deny intervention from qualified intervenors when adding new parties will prejudice the parties and delay the litigation. Here, Media Corporations utterly fail to even discuss, let alone demonstrate, that they satisfy any of the requirements for intervention under Rule 24. The Motion should be denied.

### A. Media Corporations Have Failed to Comply with Fed. R. Civ. P. 24(c).

Federal Rule of Civil Procedure 24(c) requires that a motion to intervene "must" "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Failure to comply with this requirement generally warrants dismissal of the intervenor's motion. *See Pub. Serv. Co. of N.H. v. Patch*, 136 F. 3d 197, 205 n.6 (1st Cir. 1998) (citing cases).[1] Movants have not filed the pleading required by Rule 24(c). Nor does their Motion and "Incorporated Memorandum of Law" satisfy this requirement. *See* Fed. R. Civ. P. 7(a) (providing that pleadings do not include motions). Because Movants "did not file a proposed [pleading] when moving for

---

[1] *See also*, *Cent. Maine Rest. Supply v. Omni Hotels Mgmt. Corp.*, 73 B.R. 1018, 1020 (D. Me. 1987) (denying motion to intervene in part because of the movant's "failure to include a pleading setting forth its defense"); *Brigade Leveraged Cap. Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 516 (D.P.R. 2016) (denying motion to intervene because party failed to meet Rule 24(c)'s "mandatory" requirement of including a responsive pleading); *but see Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505, 515 (1st Cir. 2017) ("[D]enial of a motion to intervene *based solely* on the movant's failure to attach a pleading, absent prejudice to any party, constitutes an abuse of discretion." (emphasis added)).

intervention, though required to do so," the Court should dismiss their motion. *R & G Mortg. Corp.*, *supra*, 584 F.3d at 11.

      **B.**      **Media Corporations Are Not Entitled To Intervention As Of Right.**

            **1.**      **Media Corporations Fail To Even Address, Let Alone Demonstrate, The Requirements For Intervention.**

Despite their claims that they seek only "limited" intervention for the purposes of challenging Plaintiffs' use of pseudonyms (dkt. 76 at 1), Media Corporations still seek to intervene as of right under Fed. R. Civ. P. 24(a). (*Id.*) Media Corporations fail to even address, let alone discuss or demonstrate, their entitlement to the relief they seek under Rule 24. Media Corporations' failure is fatal to their request, and this Court should—as a matter of binding First Circuit law—deny their Motion. "**It is black letter law that a failure to satisfy any one of these four requirements sounds the death knell for a motion to intervene as of right**." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020) (emphasis added). Put simply, "[a]n applicant for intervention as of right must run the table and fulfill all four of the preconditions." *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998). Here, Media Corporations claim only that they have a qualified right of access to the instant proceedings under the First Amendment, and thus they are entitled to intervene in the matter to demand unveiling Plaintiffs' identities in the instant litigation. Aside from claiming that their Motion is timely (dkt. 76, ¶7), Media Corporations fail to address any of the other elements required for intervention. That failure is fatal, and they cannot now be heard on their claims for intervention. The Motion must—as a matter of law—be denied.[2]

---

[2]    The Court should not allow Media Corporations to rectify their fatal error in their forthcoming Reply, because "[t]he purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum." *Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F. Supp. 2d 298, 349 (D. Mass. 2010).

### 2. Media Corporations' Motion Is Untimely, Or—At Minimum—Premature.

Media Corporations' request for intervention is untimely. The First Circuit has outlined several factors to determine the timeliness of a motion to intervene as of right: (1) the progress of the case; (2) the length of time the intervenor knew their interest was imperiled; (3) "foreseeable prejudice" to the existing parties if intervention is granted, or to the intervenor if it is denied; and (4) "any idiosyncratic circumstances" that weigh for or against intervention. *See Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 65 (1st Cir. 2008) (cleaned up).

First, the current progress of this case counsels against intervention. Media Corporations contend that their motion for intervention is timely because the "preliminary injunction stage of the litigation has now concluded." (Dkt. 76 at 4.) Media Corporations are mistaken. The preliminary injunction stage of this case is ongoing because Plaintiffs have filed a Petition for Writ of Certiorari to the United States Supreme Court from the First Circuit's order affirming the denial of a preliminary injunction. (*See* Dkt. 81-1.) It is also for that reason that Plaintiffs have asked this Court to stay further proceedings here pending the disposition of Plaintiffs' petition. (*See* Dkt. 81.) Thus, contrary to Media Corporations' contention, the preliminary injunction stage is not over, and their request for intervention is not timely—it is premature at best.

Second, and alternatively, the length of time between this Court's order granting Plaintiffs' motion to proceed pseudonymously (dkt. 32) and Media Corporations' Motion also factors against intervention. The Court issued its Order on September 2 (dkt. 32), yet Media Corporations did not move for intervention until November 10, over two months later. Indeed, the fact that Media Corporations waited over two months to move to intervene shows that their alleged injury is purely speculative, or nonexistent. Media Corporations were undoubtedly aware of this Court's prior

order at the time it was issued. They have been enjoying access to this case under that order until now, and should not now be heard to complain.

Third, Media Corporations have not demonstrated that they will be prejudiced if they are not made a party to this lawsuit. Fourth, and relatedly, Media Corporations have pointed to no "idiosyncratic circumstances" justifying their timing in seeking intervention. *See Geiger*, 521 F.3d at 65. The parties to this case, on the other hand, would be prejudiced by Media Corporations' intervention. This is particularly so because Media Corporations have requested that this Court schedule briefing deadlines on their request and permit their counsel to participate in any upcoming scheduling conference in this matter. (Dkt. 76 at 4.) Such additional briefing is unnecessary to resolving Plaintiffs' claims and will serve only to delay the Court's final disposition of the case. Thus, under the circumstances presented, Media Corporations request for intervention is untimely.

### 3. Media Corporations' Asserted Interest Is Entirely Speculative And Thus Insufficient For Intervention of Right.

Media Corporations have no direct interest in the pending action that warrants intervention as of right. "An interest that is too contingent or speculative—let alone an interest that is wholly nonexistent—cannot furnish a basis for intervention as of right." *Ungar v. Arafat*, 634 F.3d 46, 51-52 (1st Cir. 2011) (quoting *Travelers Indem. Co.*, 884 F.2d at 638). *See also In re Request from United Kingdom*, 685 F.3d 1, 7 n.5 (1st Cir. 2012) (same). Here, Media Corporations claim that this Court **could** "be asked to take further steps to preserve their anonymity," (dkt. 76, ¶4), and that this Court **could** issue some orders in the future that **might** potentially limit public access to proceedings in the instant matter. (*Id.*) Media Corporations' requests and its asserted interest in the litigation are entirely too speculative to warrant intervention. Media Corporations' assertions have already been demonstrated false by the proceedings to date in the instant matter. (*Supra* Section I.) Before Defendants even appeared and were heard in opposition to Plaintiffs' claims, Media

Corporations were present on the Zoom hearings before this Court, had ready access to every document filed in the instant litigation, and were present for all arguments made in the matter to date. To suggest that—at some potential point in the future—Media Corporations' asserted interest might be harmed by the granting of additional restrictions or protections **that Plaintiffs have never requested and have no intention to request** is entirely too speculative to warrant intervention. Simply put, Media Corporations' purported interest is entirely "speculative, requiring a series of events, any one of which might not happen." *Canadian Nat'l R. Co. v. Montreal, Maine & Atlantic R., Inc.*, 272 F.R.D. 44, 46 (D. Me. 20210).

Plaintiffs have not sought to seal their pleadings in this case, do not seek to hide their constitutional and statutory claims from open proceedings, and do not seek to close off the trial or future hearings in this case. Plaintiffs desire for the public to see these proceedings bearing on substantial matters of First Amendment importance. As such, Media Corporations' claim that they might not be able to access judicial proceedings in this case is belied by the facts. Shielding Plaintiffs' identities from the public is necessary to protect their safety and the personal nature of their medical and religious decisions. (*See* dkt. 21 at 3-8.). The Motion should be denied.

### C.     Media Corporations Are Not Entitled To Permissive Intervention.

Media Corporations have also failed to satisfy the minimum requirement for permissive intervention under Rule 24(b). To be sure, "[w]hen a third party essays a challenge to a sealing order, permissive intervention is the procedurally correct vehicle." *R & G Mortg. Corp.*, *supra*, 584 F.3d at 1 (citing *Pub. Citizen*, 858 F.2d at 783). Ordinarily, the starting point for permissive intervention is that the party seeking intervention must establish "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In addition,

9

"permissive intervention must be supported by independent jurisdictional grounds." *Int'l Paper Co. v. Inhabitants of Town of Jay, Me.*, 887 F.2d 338, 346 (1st Cir. 1989).

Here, Media Corporations have no claim that shares a common question with the claims of the original parties. Media Corporations only contend that allowing Plaintiffs to proceed under pseudonyms "deprive[s]" their "presumptive rights of access to court proceedings and records." (Dkt 76, ¶4.) But that assertion does not raise questions of law or fact in common with, or contained in, any claim or defense in this action. In fact, Media Corporations are admittedly seeking relief that wholly diverges from the agreement of the Parties to the instant litigation. (*See* Plaintiffs' Response to Defendants' Motion to Amend Protective Order, filed simultaneously herewith.)

Moreover, because the Parties do not disagree that Plaintiffs may continue to pursue their claims under pseudonyms, Media Corporations' Motion is an effort to impermissibly expand the scope of the proceedings beyond the issues raised by the parties. "[C]ourts recognize a presumption of sorts that intervenors take the case as it stands." *United States ex rel. Drennen v. Fresenius Med. Care Holdings, Inc.*, No. 09-10179-GAO, 2018 WL 1557253, *2 (D. Mass. Mar. 30, 2018). Intervention is not available where a movant seeks to "inject new, unrelated issues into pending litigation," *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), or to "expand the suit well beyond the scope of the current action." *Akina v. Hawaii*, 835 F.3d 1003, 1012 (9th Cir. 2016). Because Media Corporations' intervention would expand the scope beyond matters not contested by the Parties, and seeks relief that, **if granted will require collateral litigation and interlocutory appeals**, intervention would unduly prejudice Plaintiffs and most certainly delay the action.

## CONCLUSION

For the foregoing reasons, Media Corporations' Motion should be denied.

Respectfully submitted,

| | |
|---|---|
| /s/ Stephen C. Whiting | /s/ Daniel J. Schmid |
| Stephen C. Whiting | Mathew D. Staver* |
|     ME Bar No. 559 | Horatio G. Mihet* |
| The Whiting Law Firm | Roger K. Gannam* |
| 75 Pearl Street, Suite 207 | Daniel J. Schmid* |
| Portland, ME 04101 | LIBERTY COUNSEL |
| (207) 780-0681 | P.O. Box 540774 |
| Email: steve@whitinglawfirm.com | Orlando, FL 32854 |
| | Phone: (407) 875-1776 |
| | Facsimile: (407) 875-0770 |
| | Email: court@lc.org |
| | hmihet@lc.org |
| | rgannam@lc.org |
| | dschmid@lc.org |
| | *Applications for Admission pro hac vice pending |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2021, I caused a true and correct copy of the foregoing to be electronically filed with this Court. Service will be effectuated on all Counsel of Record via this Court's ECF/electronic notification system.

/s/ Daniel J. Schmid
Daniel J. Schmid