UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANE DOES 1-6, JOHN DOES-1-3, JACK DOES 1-1000, and JOAN DOES 1-1000,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>JANET T. MILLS, Governor of the State of Maine, *et al.*<br><br>　　　　　　Defendants. | Civil Action 1:21-cv-00242-JDL |

**PROPOSED INTERVENORS' REPLY IN SUPPORT OF MOTION TO INTERVENE**

Identifying the parties to a proceeding is "an important dimension" of public access. *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997) ("The people have a right to know who is using their courts.") Litigants seeking to pursue claims pseudonymously therefore must justify any departure from that presumption of openness. *Id.; see also Doe v. Reg'l Sch. Unit No. 21*, No. 2:19-00341-NT, 2020 WL 2833248, at *1 (D. Me. May 29, 2020) ("Except in the most exceptional cases," litigants "must be prepared to proceed . . . in the real names of the parties.") (internal quotations and citations omitted). In its Order on Plaintiffs' Motion to Proceed Under Pseudonyms and for Protective Order, this Court, considering "the limited record available . . . as well as the Defendants' failure to object to the Plaintiffs proceeding pseudonymously," concluded that "the Plaintiffs have a reasonable fear of harm that outweighs the public's interest in open litigation *at this preliminary stage*." *Does 1-6 v. Mills*, No. 1:21-CV-00242-JDL, 2021 WL 4005985, at *2 (D. Me. Sept. 2, 2021) (emphasis added) (hereinafter, "Order"). However, the Court "reserve[d] the authority to revisit this issue

should the case proceed past the preliminary-injunction stage." *Id.* The relief proposed Media Intervenors now seek is not, as Plaintiffs argue, "a solution to a nonexistent problem," Opp'n 2, but rather a timely opportunity for the Court to consider and assess the press and the public's First Amendment and common law rights of access to this proceeding. Because Media Intervenors meet all of the requirements for intervention under Rule 24, their Motion to Intervene should be granted.

    **I.    Pseudonymous litigation violates the public's First Amendment and common law rights of access to court proceedings.**

Rule 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings. This rule serves the critical purpose of facilitating public scrutiny of judicial proceedings. Although the First Circuit has yet to consider this question, other federal courts of appeal strongly disfavor pseudonymous litigation, as the veil it casts over the court "runs afoul of the public's common law right of access to judicial proceedings." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *see also Doe v. Vill. of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016); *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998).

Plaintiffs assert that because the press and the public have, to date, been afforded access to public filings and proceedings in the case, Media Intervenors "already have the qualified First Amendment access they seek." Opp'n 3. But Plaintiffs' argument ignores the fact that the press and the public have a "legitimate interest in knowing all of the facts involved [in judicial proceedings], including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (per curiam) (emphasis added). "[A]nonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Vill. of Deerfield*, 819 F.3d at 377.

Moreover, Plaintiffs' argument fails to consider the potential consequences of pseudonymity. If Plaintiffs are permitted to continue to proceed pseudonymously, this Court will have to take further steps to preserve their anonymity that would further violate the public's presumptive right of access to court proceedings and records. For example, to the extent that arguments are made based on information about the Plaintiffs that could reveal their identities, Plaintiffs inevitably must ask the Court to redact or seal that information to preserve their anonymity. Plaintiffs may also seek to close proceedings they attend to provide testimony, or proceedings at which others testify about them, lest members of the public recognize the Plaintiffs by sight or piece together their identities through the substance and context of the testimony. All of this would substantially impair the press and the public's First Amendment and common law rights of access to judicial proceedings and records—rights which the Media Intervenors seek to vindicate through intervention.

## II. Media Intervenors satisfy the procedural criteria to intervene for the limited purpose of challenging the restriction on access to Plaintiffs' identities.

Intervention under Rule 24 is the appropriate procedural mechanism for third parties, including members of the press and public, to challenge court closures and to assert their right of access to judicial records and proceedings. *See, e.g.*, *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988) ("[W]here intervention is available (*i.e.* civil cases), it is an effective mechanism for third-party claims of access to information generated through judicial proceedings."); *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000) ("The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings," which entails the "right to be heard in a manner that gives full protection to the asserted right" of access) (internal quotations and citations omitted). Courts in the First Circuit have routinely granted this type of limited-purpose intervention, regardless of their subsequent

rulings on the merits of the access question.[1]  Moreover, every circuit court that has addressed the issue has agreed that Rule 24 permits third parties to intervene for the limited purpose of asserting rights of access to court proceedings and records.[2]

Here, Media Intervenors meet all of the requirements for intervention.  Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," so long as intervention does not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1).[3]  The motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).  Although permissive intervention generally requires independent jurisdictional grounds, *Int'l Paper Co. v. Inhabitants of Town of Jay*, 124 F.R.D. 506, 510 (D. Me.), *aff'd*, 887 F.2d 338 (1st Cir. 1989), where, as here, "intervenors seek to modify an order of the court, the court has jurisdiction based on the fact that it already has the power to modify the

---

[1] S*ee, e.g.*, *In re Bos. Herald, Inc.*, 321 F.3d 174, 177 (1st Cir. 2003); *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 407 (1st Cir. 1987); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 3–4 (1st Cir. 1986); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, No. 03-MD-1532 (MJK), 2009 WL 861485, at *6 (D. Me. Mar. 26, 2009).
[2] *See Public Citizen*, 858 F.2d at 783; *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294–95 (2d Cir. 1979); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979); *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987); *Jessup*, 227 F.3d at 997–99; *Flynt v. Lombardi*, 782 F.3d 963, 966–67 (8th Cir. 2015); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *United Nuclear Corp.*, 905 F.2d at 1427; *Comm'r, Alabama Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1173 n.12 (11th Cir. 2019); *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045–46 (D.C. Cir. 1998).
[3] Rule 24(a) also provides for intervention as of right. Although intervention to challenge access restrictions more frequently occurs under Rule 24(b), it is also proper under Rule 24(a).  *See, e.g.*, *Ford v. City of Huntsville*, 242 F.3d 235, 241 (5th Cir. 2001); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 351 (S.D.N.Y. 1996).  Media Intervenors meet the criteria to intervene as of right because their motion is timely, they have a substantial interest in access to Plaintiffs' identities, the existing parties do not adequately represent that interest, and Media Intervenors' access rights will be impaired if they do not intervene.

protective order and no independent jurisdictional basis [for intervention] is needed." *Pansy*, 23 F.3d at 779 n.3; *see also Flynt*, 782 F.3d at 967; *Nat'l Children's Ctr., Inc.*, 146 F.3d at 1046.

    A.  <u>The Media Intervenors' motion is timely</u>.

Contrary to Plaintiffs' framing, Opp'n 7, the Media Intervenors' motion is neither too early nor too late. Plaintiffs assert that the preliminary injunction stage of the litigation is not yet complete and that, therefore, the motion is premature. *Id.* However, this argument—based solely on the fact that Plaintiffs have filed a Petition for Writ of Certiorari—is very likely misplaced given the long odds against the Supreme Court granting their petition. Moreover, should this Court deny Plaintiffs' motion to stay proceedings while the petition for certiorari is pending, this case will proceed with motion practice and discovery on the merits of Plaintiffs' claims for declaratory judgment and permanent injunctive relief.

Nor, as Plaintiffs next contend, is the Media Intervenors' motion too late. *Id.* On the contrary, this Court specifically "reserve[d] the authority to revisit" Plaintiffs' request to proceed using pseudonyms "should the case proceed past the preliminary-injunction stage." Order *2. Because intervention for the limited purpose of vindicating access rights "pertains to a particularly discrete and ancillary issue," it is proper throughout the lifespan of a case, even after its conclusion. *Public Citizen*, 858 F.2d at 786 (finding Public Citizen's post-judgment motion to intervene for the limited purpose of seeking modification to a protective order timely under Rule 24); *see also Pansy*, 23 F.3d at 780; *United Nuclear Corp.*, 905 F.2d at 1427; *Meyer Goldberg*, 823 F.2d at 161–64; *U.S. ex rel. Franklin v. Parke-Davis*, 210 F.R.D. 257, 258 (D. Mass. 2002) (finding access-related intervention timely where discovery ongoing).

Granting intervention will neither delay this case nor prejudice the parties. Plaintiffs warn that granting the Motion will "require collateral litigation and interlocutory appeals."

Opp'n 10. Yet, none of the Defendants in this case oppose the Motion. And the mere possibility that Plaintiffs may file an appeal if the Media Intervenors' motion is granted cannot be sufficient grounds to deny intervention. If it were, no court could grant a motion to intervene unless all parties to the case consented to the intervention—an illogical result that would frustrate the purpose of Rule 24.

  B. <u>Media Intervenors' claim shares a common question of law with the main action.</u>

Courts have routinely recognized that the question of access serves as a common legal question between the parties and intervenors in access-related intervention motions. *See Comm'r, Alabama Dep't of Corr.*, 918 F.3d at 1173 n.12; *Flynt*, 782 F.3d at 967; *Jessup*, 227 F.3d at 998–99; *Pansy*, 23 F.3d at 778 ("By virtue of the fact that the Newspapers challenge the validity of the Order of Confidentiality entered in the main action, they meet the requirement of [Rule 24(b)] that their claim must have 'a question of law or fact in common' with the main action."); *United Nuclear Corp.*, 905 F.2d at 1427; *see also Nat'l Children's Ctr., Inc.*, 146 F.3d at 1047 (affording "considerable breadth" to the question of whether a common question of law or fact is presented in access-related intervention motions); *Beckman Indus., Inc.*, 966 F.2d at 474 (finding that, because the movant will not become a party, "[t]here is no reason to require such a strong nexus of fact or law" as in non-access-related motions to intervene ). The press and the public's presumptive right of access to judicial records and proceedings, including the identities of the Plaintiffs, qualifies as a common question of law that satisfies Rule 24(b).

  C. <u>The Motion satisfies the requirements of Rule 24(c).</u>

Plaintiffs' contention that the motion fails to comply with the requirements of Rule 24(c), Opp'n 5, also misses the mark. The Motion to Intervene and Incorporated Memorandum of Law fully "set[] out the claim or defense for which intervention is sought," as required by Rule 24(c),

identifying the legal and factual grounds for Media Intervenors' request and describing the presumptive First Amendment and common law rights of access to civil judicial records. Nothing more is required, because access-related intervention does not add a claim or defense. Courts routinely approve intervention motions "without a pleading where the court [is] otherwise apprised of the grounds for the motion," and reject "technical objection[s]" based on a narrow reading of Rule 24(c).  *Beckman Indus., Inc.*, 966 F.2d at 474; *see also Public Citizen*, 858 F.2d at 784; *City of Bangor v. Citizen Commc'ns Co.*, No. 02-CV-83 (GZS), 2007 WL 1557426, at *4 (D. Me. May 25, 2007), *aff'd*, 532 F.3d 70 (1st Cir. 2008).

## CONCLUSION

WHEREFORE, Media Intervenors respectfully request that the Court grant their motion to intervene on the limited issue of public access.

DATED at Portland, Maine this 8th day of December, 2021.

Respectfully submitted,

*/s/ Sigmund D. Schutz*
Sigmund D. Schutz
Jonathan G. Mermin
Preti Flaherty Beliveau & Pachios LLP
P.O. Box 9546, One City Center
Portland, ME 04112
(207) 791-3000
SSchutz@preti.com
JMermin@preti.com

Katie Townsend (*pro hac vice*)
Shannon Jankowski (*pro hac vice*)
The Reporters Committee for
Freedom of the Press
1156 15th St NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300
ktownsend@rcfp.org
sjankowski@rcfp.org

*Counsel for Media Intervenors*

18441653.1