# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE
### Bangor Division

| | |
|---|---|
| JANE DOES 1–6, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00242-JDL |
| | ) |
| JANET T. MILLS, in her official capacity as | ) |
| Governor of the State of Maine, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STAY PENDING DISPOSITION OF PETITION FOR WRIT OF CERTIORARI IN UNITED STATES SUPREME COURT

Plaintiffs, in support of their Motion to Stay Pending Disposition of Petition for Writ of Certiorari (Doc. 81), reply to the Opposition (Doc. 85) of State Defendants and the Objection (Doc. 87) of Defendants MaineHealth, Genesis Healthcare of Maine, LLC, Genesis Healthcare, LLC, and MaineGeneral Health (the "Maine-Genesis Defendants"), as follows:

1.      Neither response offers a compelling reason to risk the potentially unnecessary but significant expenditure of time and resources required to fully litigate this case in this Court while the United States Supreme Court has before it the central issue of the case—whether Maine's vaccine mandate for healthcare workers is constitutional. Three Supreme Court Justices have already said it is not. *Does 1–3 v. Mills*, No. 21A90, 2021 WL 5027177, at *4 (U.S. Oct. 29, 2021) (Gorsuch, J., dissenting).

2.      Although State Defendants agree with Plaintiffs that granting a stay is within this Court's inherent power to manage its docket, State Defendants are wrong to impose an inapposite test on the Court's inherent discretion, as if Plaintiffs were seeking to stay an *order* of this Court to stop its going into effect. (Opp'n 1–2.) In both cases cited by Plaintiffs, *United States v. Kenney*, No. CR-07-66-B-W, 2008 WL 3285891, at *2 (D. Me. Aug. 5, 2008), and *Maine v. U.S. Dep't of*

*Interior*, No. CIV. 00-122-B-C, 2001 WL 98373, at *2 (D. Me. Feb. 5, 2001), this Court applied the familiar four-part test applicable to motions for preliminary injunctive relief and injunctions pending appeal in granting the respective litigants' motions to stay the Court's *order* requiring the respective litigants to take certain actions. These cases do not support the proposition that such a test is applicable to a request for a stay of *proceedings* that would not require any litigant to do anything or otherwise alter the legal relationship between the parties. Moreover, although State Defendants represent that the requested stay "will harm State Defendants," they do not identify any such harm. State Defendants are currently able to enforce the challenged vaccine mandate at will, and the requested stay will not change that. Even under the inapposite test invoked by State Defendants, this absence of harm justifies the stay regardless of the other factors. *See Kenney*, 2008 WL 3285891, at *1 ("Despite the absence of any likelihood of success on appeal, the lack of irreparable harm to the [movant], and a mixed impact on the public interest, the Court grants the [movant]'s motion for stay pending resolution of her petition for writ of certiorari because there is no evident harm to the Government from delay.")

3.      The Maine-Genesis Defendants' arguments, though more verbose, are equally faulty in their premises and equally unavailing. Fundamentally, they cite no authority imposing a test on this Court's inherent authority to enter an order that temporarily stays its *proceedings* while not requiring any party to do anything or otherwise altering their legal relationships.

**First**, while Plaintiffs agree the *principles* embodied in Federal Rule of Appellate Procedure 41 should guide this Court—substantial question and good cause (Pls.' Mot. 2 n.2)—the appellate Rule 41 itself does not apply to Plaintiffs' motion to this Court, or bar it. (Obj. 3–4.) Appellate Rule 41(d) provides for a stay of a circuit court's mandate for up to 90 days before a certiorari petition is even filed and, if filed, until the petition is decided. But Plaintiffs did not need

relief from the First Circuit's mandate—it did not require any party to do anything—and thus Plaintiffs did not seek to stay its issuance pending the filing or consideration of their certiorari petition to the Supreme Court. Rather, Plaintiffs sought an emergency writ of injunction from the Supreme Court to enjoin the challenged vaccine mandate, and expeditiously filed their certiorari petition 23 days after the First Circuit's decision instead of the 90 days allowed by Supreme Court Rule 13. (Docs. 72, 73, 81-1.) Plaintiffs' motion to this Court to stay its proceedings is for the express purpose of conserving judicial and party resources while the Supreme Court considers issues that will potentially shape or determine the course and outcome of this litigation. (Mot. 4.) Plaintiffs do not seek, by their stay motion, relief from the First Circuit's mandate or Maine's vaccine mandate. Appellate Rule 41 does not govern Plaintiffs' stay motion or this Court's inherent discretion to control its docket.

**Second**, the so-called *Hollingsworth* standard does not apply to motions to stay district court *proceedings* under district courts' inherent authority to control their dockets, and the Maine-Genesis Defendants cite no authority to support their argument that it does. In *Hollingsworth v. Perry*, the Supreme Court considered an application to stay a district court *order* allowing the broadcast of a federal trial. 558 U.S. 183, 184, 189 (2010). But the test endorsed by the Supreme Court for granting such relief—stopping a district court order from taking effect pending yet-to-be-filed petitions for certiorari and mandamus—has no application to Plaintiffs' stay motion to this Court. Moreover, the Maine-Genesis Defendants ignore the fact that three Justices of the Supreme Court already opined that the Supreme Court's standards for providing the extraordinary relief of an immediate writ of injunction are satisfied here:

> *This case presents an important constitutional question, a serious error, and an irreparable injury*. Where many other states have adopted religious exemptions, Maine has charted a different course. There, healthcare workers who have served on the front line of a

> pandemic for the last 18 months are now being fired and their
> practices shuttered. All for adhering to their constitutionally
> protected religious beliefs. *Their plight is worthy of our attention*.

*Does 1–3 v. Mills*, 2021 WL 5027177, at *4 (Gorsuch, J., dissenting, joined by Thomas and Alito, JJ.) (emphasis added). And, as shown in Plaintiffs' Motion (pp.2–3), Justice Barrett, joined by Justice Kavanaugh, indicated their concurrence with the denial of immediate injunctive relief was due to the reluctance to evaluate the merits of Plaintiffs' claims in the first instance on an emergency application from one case, instead of on a certiorari petition following more development in the lower courts. *Id.* at *1 (Barrett, J., concurring). But, as also shown in Plaintiffs' stay motion, the subsequent decision by the Second Circuit on the same subject, which is before the Supreme Court on two separate and still-pending emergency applications for writs of injunction, has shifted the conditions for Supreme Court review considerably towards those preferred by Justices Barrett and Kavanaugh, and the addition of at least one of their votes to the votes of the three Justices already in favor of granting Plaintiffs relief is likely. Thus, contrary to the Maine-Genesis Defendants' prognostications, Plaintiffs' chances in "the certiorari lottery" are better than most. (Obj. 10.)

**Third**, the so-called *Hilton* test does not apply to Plaintiffs' stay motion or this Court's inherent authority to control its docket. (Obj. 9–10.) This test, gleaned from *Hilton v. Braunskill*, 481 U.S. 770 (1976), is the same four-part test, erroneously invoked by State Defendants, applicable to motions to stay the effect of a district court *order*. *See* 481 U.S. at 776 ("Different Rules of Procedure govern the power of district courts and courts of appeals to stay an *order* pending appeal." (emphasis added)). For the reasons already covered above, the test has no application here.

4. Neither State Defendants nor the Maine-Genesis Defendants have articulated any reason for this Court to require the parties to resume full speed litigation while the Supreme Court

considers important and potentially dispositive issues in the case, or any actual harm that will or even could result from a modest pause. And Defendant Northern Light Health Foundation, presumably subject to the same effects of a stay as the Maine-Genesis Defendants, does not oppose the stay. (Doc. 86 at 1.) Under the requested stay, all Defendants would remain free to enforce their challenged policies, as they have been doing. A stay of this litigation will benefit Defendants for the same reasons it will benefit Plaintiffs and the Court—by avoiding the potentially unnecessary expenditure of time and resources.

5. Since the filing of Plaintiffs' Motion and Defendants' respective responses, the Supreme Court denied Plaintiffs' motion to expedite consideration of their certiorari petition. The Supreme Court, however, also denied State Defendants' and the Maine-Genesis Defendants' motions to extend the time for their responses to Plaintiffs' certiorari petition. Thus, the Supreme Court gives no indication that its consideration of Plaintiffs' certiorari petition will be anything but regular. As shown in Plaintiffs' Motion (p.4), on the Supreme Court's regular calendar, the petition would be considered on or around January 7, 2022, if not before. And, if any actual harm from a stay of this Court's proceedings manifests for any Defendant while the Supreme Court considers Plaintiffs' petition, nothing would stop that Defendant from asking this Court to address it.

## **CONCLUSION**

For all of the foregoing reasons, and the reasons in Plaintiffs' Motion, Plaintiffs respectfully request that the Court enter an order staying all proceedings in this case pending the Supreme Court's disposition of Plaintiffs' pending certiorari petition.

Respectfully submitted,

/s/ Stephen C. Whiting                    /s/ Roger K. Gannam

Stephen C. Whiting                       Mathew D. Staver

ME Bar No. 559                        Horatio G. Mihet

The Whiting Law Firm                  Roger K. Gannam

75 Pearl Street, Suite 207             Daniel J. Schmid

Portland, ME 04101                  LIBERTY COUNSEL

(207) 780-0681                        P.O. Box 540774

steve@whitinglawfirm.com        Orlando, Florida 32854

                                          (407) 875-1776

                                          court@LC.org | hmihet@LC.org

                                          rgannam@LC.org | dschmid@LC.org

                                          *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this December 8, 2021, I caused a true and correct copy of the foregoing to be electronically filed with the Court. Service will be effectuated on all counsel of record by the Court's ECF/electronic notification system.

                                          /s/ Roger K. Gannam

                                          Roger K. Gannam

                                          *Attorney for Plaintiffs*