UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANE DOES 1-6, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:21-cv-00242-JDL |
| | ) |
| JANET T. MILLS, in her official capacity as Governor of the State of Maine, et al., | ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO INTERVENE**

On September 2, 2021, I granted the Plaintiffs' motion to proceed pseudonymously in this case. *Does 1-6 v. Mills*, No. 1:21-cv-00242, 2021 WL 4005985, at *2 (D. Me. Sept. 2, 2021). In that order, I reserved the authority to revisit the issue in the event the case proceeded beyond the preliminary injunction stage. *Id.* More recently, two media companies—MTM Acquisition, Inc., d/b/a *Portland Press Herald/Maine Sunday Telegram*, *Kennebec Journal*, and *Morning Sentinel*, and SJ Acquisition, Inc., d/b/a *Sun Journal* (the "Media Intervenors")—have moved to intervene (ECF No. 76) pursuant to Federal Rule of Civil Procedure 24(a)-(b) for the limited purpose of challenging the Plaintiffs' ongoing use of pseudonyms. The Plaintiffs oppose the motion, while the Defendants take no position.

**I. LEGAL STANDARD**

Intervention "is an effective mechanism for third-party claims of access to information generated through judicial proceedings." *Pub. Citizen v. Liggett Grp.,*

*Inc.*, 858 F.2d 775, 783 (1st Cir. 1988). Courts have discretion to allow permissive intervention pursuant to Federal Rule of Civil Procedure 24(b) upon a timely showing that the "putative intervenor 'has a claim or defense that shares with the main action a common question of law or fact.'" *Ne. Patients Grp. v. Me. Dep't of Admin. & Fin. Servs.*, No. 1:20-cv-00468, 2021 WL 1135019, at *2 (D. Me. Mar. 23, 2021) (quoting Fed. R. Civ. P. 24(b)(1)(B)). When the party moving to intervene does so for a limited purpose and does not seek to become a party to the litigation, the nexus-of-fact-or-law requirement is loosened, and "[s]pecificity, *e.g.*, that the intervenors' claim involve the same legal theory that was raised in the main action, is not required." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (alterations omitted) (quoting *Beckman Indus., Inc. v. Int'l Ins.*, 966 F.2d 470, 474 (9th Cir. 1992)). Instead, if a party seeks "to intervene in a case for the limited purpose of unsealing judicial records, most circuits have found that "there is no reason to require such a strong nexus of fact or law." *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015). The district court also "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020) (quoting Fed. R. Civ. P. 24(b)(3)). Within these parameters, "the district court . . . enjoys very broad discretion in granting or denying the motion." *Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999).

Pseudonymous proceedings in federal court are generally disfavored because "'[t]here is a strong common law presumption favoring public access to judicial

proceedings and records.'" *Flanders v. Maine*, No. 2:12-cv-00277, 2019 WL 2929500, at *2 (D. Me. July 8, 2019) (slip copy) (quoting *In re Salem Suede, Inc.*, 268 F.3d 42, 45 (1st Cir. 2001)). This Court has additionally recognized "a qualified First Amendment right of public access to civil complaints." *Courthouse News Serv. V. Glessner*, No. 1:21-cv-00040, 2021 WL 3024286, at *15 (D. Me. July 16, 2021). Against this backdrop, I turn to consider the media companies' motion.

## II. LEGAL ANALYSIS

The Media Intervenors' motion is timely. The preliminary injunction phase of this proceeding has concluded, and the Media Intervenors seek to intervene for the limited purpose of challenging the continued use of pseudonyms. If pseudonymity continues, measures to restrict the public's access to information would be necessary, including sealing and redacting records and closing testimonial proceedings. Accordingly, the circumstances of the litigation have changed such that the motion has been timely brought.

Nonetheless, the Plaintiffs resist the motion to intervene, arguing that it comes both too early, as protective measures such as sealing and redaction have not yet been requested or implemented, and too late, as the protective order issued three months ago. These arguments are unavailing given my earlier reservation of authority to reconsider the protective order should the case proceed beyond the preliminary injunction stage. Further, the Media Intervenors promptly brought their motion upon the conclusion of the preliminary injunction proceedings. The nexus requirement is also satisfied because the Media Intervenors seek to intervene for the

limited purpose of challenging the continued use of pseudonyms for the remainder of the litigation. *Pansy*, 23 F.3d at 778 ("By virtue of the fact that the Newspapers challenge the validity of the Order of Confidentiality . . . they meet the requirement of Fed. R. Civ. P. 24(b)(2) that their claim must have 'a question of law or fact in common' with the . . . action.")

The Plaintiffs also contend that allowing intervention will create undue delay and unfairly prejudice them because they are committed to filing an interlocutory appeal to challenge intervention if the Media Intervenors' motion is granted, which will result in further delay. Although an interlocutory appeal will no doubt extend the life of this litigation, that extension is neither undue nor unfairly prejudicial to the Plaintiffs' interests. It is the Plaintiffs, and not the Court, who will determine whether the added time and expense associated with an interlocutory appeal furthers their interests and is warranted.

The Plaintiffs also argue that the motion should be denied because the Media Intervenors seek to challenge an issue not currently contested by either party. This argument fails to account for the added factor that on a motion for permissive intervention, courts consider "whether the 'putative intervenor's interest is adequately represented by an existing party.'" *Massachusetts v. U.S. Dep't of Health & Hum. Servs.*, 289 F. Supp. 3d 259, 265 (D. Mass. 2018) (quoting *KG Urban Enters., LLC v. Patrick*, 293 F.R.D. 42, 49 (D. Mass. 2013)). Because the Media Intervenors seek to vindicate their and the public's common law and First Amendment rights of access to judicial proceedings, and that interest is not currently represented by any

of the parties, this consideration weighs in favor of granting, not denying, intervention.

Finally, Plaintiffs assert that because the Media Intervenors did not separately file a pleading with their motion, they have not complied with Federal Rule of Civil Procedure 24(c) and the motion should be denied. A party seeking to intervene must file a motion "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). However, "the Court's ultimate decision on intervention must be driven by the merits of the motion, especially when the record otherwise makes clear exactly what claims or defenses the proposed intervenor seeks to pursue or otherwise resolve." *City of Bangor v. Citizen Commc'ns Co.*, No. 02-183-B-S, 2007 WL 1557426, at *2 (D. Me. May 25, 2007), *aff'd*, 532 F.3d 70 (1st Cir. 2008) (holding that "there was no abuse of discretion in the district court's decision to elevate substance over form" in excusing an intervenor from strict compliance with Federal Rule of Civil Procedure 24(c)).

Here, no new claim or defense will be added to the existing suit if intervention is granted, nor will additional parties to the litigation be joined in relation to the merits of the Plaintiffs' claims. Thus, this is an instance in which a pleading is not necessary. *See Liggett Grp.*, 858 F.2d at 784 ("[F]ederal courts have been quite lenient in permitting participation by parties who failed to comply strictly with Rule 24."). Because the motion for intervention fully explains the basis for intervention, and the Plaintiffs point to no tangible harm or prejudice resulting from the motion's failure

to be accompanied by a separate pleading, strict compliance with Rule 24(c) is not warranted.

### III. CONCLUSION

For the foregoing reasons, the Media Intervenor's Motion to Intervene (ECF No. 76) is **GRANTED**.

**SO ORDERED.**

**Dated this 30th day of December, 2021.**

_____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**
