UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANE DOES 1-6, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>JANET T. MILLS, Governor of the State of Maine, et al.<br><br>   Defendants. | Civil Action 1:21-cv-00242-JDL |

## MEDIA INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL

Media Intervenors, by and through counsel, respectfully submit this Opposition to Plaintiffs' Motion to Stay Proceedings Pending Interlocutory Appeal (ECF No. 138).

## Introduction

On May 31, 2022, this Court granted Media Intervenors' Motion to Unseal Plaintiffs' Identities and ordered Plaintiffs to file a first amended complaint by June 7, 2022 identifying by name the individual Plaintiffs who elect to proceed with this action. ECF 131 (the "Order"). In its Order, the Court recognized that the Federal Rules of Civil Procedure, the common law, and—as courts around the country have generally held—the First Amendment all protect the public's presumptive right of access to civil proceedings and records, including litigants' names. *Id.* at 3–4. Holding that pseudonymity is therefore permissible only in "'exceptional cases,'" the Court applied a non-exhaustive multi-factor test to assesses "'whether [Plaintiffs have] a reasonable fear of severe harm that outweighs the public's interest in open litigation.'" *Id.* at 4–5 (quoting *Doe v. Megless*, 654 F.3d 404, 408–09 (3d Cir. 2011)). In doing so, the Court found "a near total absence of proof that [Plaintiffs'] expressed fears are objectively reasonable," and that

Plaintiffs' claimed privacy interests were insufficient to outweigh the strong public interest in the case. *Id.* at 13. Accordingly, the Court granted Media Intervenors' Motion to Unseal Plaintiffs' Identities and set a seven-day deadline for Plaintiffs to file an amended complaint identifying the individual Plaintiffs by name. *Id.*

On June 1, 2022, Plaintiffs appealed that Order to the First Circuit. ECF 132. Six days later, on June 7, Plaintiffs moved for a stay of all proceedings pending resolution of their appeal or, in the alternative, a stay of the Order pending resolution of their appeal. ECF 138. Plaintiffs did not seek expedited resolution of their motion to stay; indeed, they waited until the last possible moment—their deadline under the Order to file an amended complaint identifying the Plaintiffs—to file it. Plaintiffs represent that Defendants oppose a stay of the proceedings, but that State Defendants and Defendants MaineHealth, MaineGeneral, and Genesis take no position on a stay of the Order. ECF 138 at 1. Plaintiffs did not seek Media Intervenors' position on a stay in advance of filing their motion, apparently because, in Plaintiffs' counsel's view, Media Intervenors' position as to whether an Order granting their own motion to unseal Plaintiffs' identities should be stayed is somehow "irrelevant."[1]

Media Intervenors oppose Plaintiffs' eleventh-hour motion to stay the Order, as a stay would unduly delay public access to the identities of the Plaintiffs in this case. Media

---

[1] Within an hour of the filing of Plaintiffs' motion to stay at 3:03 PM on June 7, counsel for Media Intervenors contacted the Court's clerk via email, copying counsel for all parties, to advise that the motion to stay was opposed by Media Intervenors and that this written opposition was forthcoming. Shortly thereafter, Plaintiffs' counsel responded to all counsel and the Court's clerk via email asserting that obtaining Media Intervenors' position as to the relief requested by Plaintiffs' motion is "unnecessary and irrelevant" because Media Intervenors have intervened "for the limited purpose of challenging the Plaintiffs' ongoing use of pseudonyms," and the requested stay only involves the "timing and filing of pleadings." That distinction makes little sense, as the Court's resolution of the motion to stay will determine whether the relief sought by Media Intervenors—press and public access to the names of the Plaintiffs litigating this case—will be immediately available, or instead delayed for an indeterminate amount of time.

Intervenors take no position on Plaintiffs' request for a stay as it pertains to further proceedings on Defendants' fully briefed motions to dismiss, which Media Intervenors understand would be limited to a hearing on those pending motions on June 24, 2022 and any subsequent ruling issued by the Court.  However, should this Court grant Plaintiffs' motion to stay the Order, Media Intervenors agree that all other, further proceedings in the case should be stayed pending resolution of Plaintiffs' appeal.  If such further proceedings take place with Plaintiffs' identities still sealed, the press and public, including Media Intervenors, will be deprived of the ability to observe this litigation, despite the Court's holding that Plaintiffs have failed to overcome the public's strong interest in doing so.

## Argument

In its Order, this Court correctly held that Plaintiffs failed to show that their asserted fears of harm from disclosure of their identities outweighed the public's interest in open courts.  The Court examined Plaintiffs' claims that they would face severe harms from disclosing their identities and found "a near total absence of proof that [Plaintiffs'] expressed fears are objectively reasonable." *Id.* at 13.  On the other side of the balance, the Court held that there is significant public interest in disclosing Plaintiffs' identities, given that the case addresses the government's COVID-19 response and the obligations of healthcare workers across Maine, and because Plaintiffs bring as-applied challenges that will turn on individualized facts. *Id.* at 11–12. The Order is well reasoned and correct, and it should be promptly implemented. Should the Court stay the Order, Media Intervenors ask that it also stay all further proceedings in the case— other than those concerning the fully briefed, pending motions to dismiss now set to be heard on June 24—so that the public does not irreparably lose the ability to monitor the ongoing litigation.

A trial court's decision on whether to stay proceedings pending the resolution of an appeal is discretionary, as this Court noted when denying Plaintiffs' prior motion to stay.  ECF 96 at 2 (citing *City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 99 (1st Cir. 2008)).  "'The proponent of a stay bears the burden of establishing its need.'" *Id.* at 3 (quoting *Widi v. McNeil*, No. 2:12-cv-00188, 2013 WL 5348628, at *3 (D. Me. Sept. 24, 2013)).  In determining whether to issue a stay pending appeal pursuant to Rule 62(c), district courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Coastal Ctys. Workforce, Inc. v. LePage*, No. 17-CV-417-JAW, 2018 WL 545712, at *2 (D. Me. Jan. 24, 2018) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 770–71 (1987)).  The first factor is most important, as "'[t]he sine qua non of the stay pending appeal standard is whether the movants are likely to succeed on the merits.'" *Id.* (quoting *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16–17 (1st Cir. 2002)).  All four factors weigh in favor of denying Plaintiffs' motion to stay the Order pending appeal.  Alternatively, those factors support a stay of further proceedings pending resolution of that appeal.

*First*, Plaintiffs are unlikely to succeed on their claims that their purported fears of severe harm are reasonable and sufficiently substantial to overcome the strong presumption of open access to civil proceedings and records.  "It is difficult for a losing party to successfully make a 'strong showing' to the trial court that there is a likelihood of success on appeal, since 'if the court had concluded it was likely making the wrong decision, it would have made the right one.'" *Id.* (quoting *United States v. Burk*, 372 F. Supp. 2d 104, 106 (D. Me. 2005)).  This Court did not make the wrong decision.  It thoroughly evaluated Plaintiffs' evidence and arguments, controlling First Circuit precedent, and the decisions of courts addressing similar pseudonymity

issues nationally, and correctly held that Plaintiffs have failed to overcome the strong public interest in open courts.  Noting that many people nationwide share Plaintiffs' religion-based opposition to COVID-19 vaccines, the Court held that "Plaintiffs' religious beliefs and their resulting medical decisions not to be vaccinated against COVID-19 . . . do not present privacy interests so substantial as to support pseudonymous proceedings."  Order at 8.  The Court also noted "a near total absence of proof" supporting a reasonable fear of severe harm, offering only a conclusory attorney affidavit that quoted anonymous online comments that did not directly or even indirectly threaten Plaintiffs.  Order at 10, 13.  Simply put, Plaintiffs cannot make the requisite "strong showing" that they are likely to succeed on appeal.

*Second*, Media Intervenors acknowledge that, absent a stay of the Order, Plaintiffs will be required to reveal their identities, which would moot the relief sought by their appeal.  But as this Court recognized by setting a seven-day deadline for Plaintiffs to file an amended complaint—a deadline Plaintiffs effectively ignored by waiting until late on June 7 to seek a stay—further delaying public access to Plaintiffs' identities would irreparably injure Media Intervenors, other members of the press, and the public.  Order at 34; *see also Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 507 (1st Cir. 1989) ("[E]ven a one to two day delay impermissibly burdens the First Amendment . . . .").  Plaintiffs' motion does not even acknowledge, let alone address, this injury to the public.  If the Court stays its Order pending appeal, in order to avoid irreparable injury to Media Intervenors and the public, Media Intervenors respectfully ask that the Court also stay all further proceedings in this Court—with the exception that Media Intervenors take no position on

whether the June 24 hearing and any subsequent decision on the pending and fully briefed motions to dismiss should be included in such a stay.

Plaintiffs argue that they would be harmed by having to reveal their identities in the amended complaint.  However, "[t]he First Circuit has observed that irreparable harm works in conjunction with the likelihood of success on the merits," requiring courts to evaluate "'the risk of such harm in light of the party's chance of success on the merits.'"  *NCTA - Internet & Television Ass'n v. Frey*, No. 19-CV-420 (NT), 2020 WL 2529359, at *2 (D. Me. May 18, 2020) (quoting *Coastal Ctys. Workforce, Inc. v. LePage*, No. 17-CV-417 (JAW), 2018 WL 545712, at *4 (D. Me. Jan. 24, 2018)).  This Court has already considered and rejected as speculative Plaintiffs' arguments regarding the harms they claim to fear; as such, both Plaintiffs' likelihood of success and risk of harm are *de minimis* at best.  Moreover, as the Court noted in its Order, no Plaintiffs elected to drop out of the case rather than comply with the Court's December 2021 order requiring them to disclose their identities to Defendants, nor have any of the Plaintiffs claimed any harm resulting from that disclosure.  Order at 10.  Similarly, formerly pseudonymous plaintiffs in other cases challenging COVID-19 vaccine mandates have filed amended complaints disclosing their names after courts ordered them to do so.  *See, e.g.*, Amended Complaint, ECF 11, *Doe v. City Univ. of N.Y.*, No. 21-CV-9544 (NRB) (S.D.N.Y. filed Feb. 14, 2022) (naming formerly pseudonymous student plaintiff challenging university vaccine mandate); Second Amended Complaint, ECF 54-2, *Am.'s Frontline Doctors v. Wilcox*, No. 21-CV-1243 (JGB) (C.D. Cal. filed Jan. 11, 2022) (same).

*Third*, Media Intervenors take no position on whether staying the Order would prejudice Defendants.  Defendants did not participate in the briefing on the motion to unseal Plaintiffs' identities.  Plaintiffs state that Defendants oppose a stay of the proceedings, but that State

Defendants and Defendants MaineHealth, MaineGeneral, and Genesis take no position on a stay of the Order.  ECF 138 at 1.  Media Intervenors do not request that the Court stay further proceedings on Defendants' pending, fully briefed motions to dismiss.[2]

*Fourth*, delaying access to Plaintiffs' names goes against the public interest.  There is a strong public interest in open courts, including the names of plaintiffs pursuing claims in civil lawsuits—a well-established fact that Plaintiffs overlook.  "Public access to judicial records and documents allows the citizenry to 'monitor the functioning of our courts, thereby [e]nsuring quality, honesty and respect for our legal system.'"  *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (quoting *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984)); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("The people have a right to know who is using their courts.").  Pseudonymity is a deviation from the "customary and constitutionally-embedded presumption of openness in judicial proceedings," and is permitted only in "exceptional cases."  *Doe v. Univ. of Rhode Island*, No. 93-CV-560B (RWL), 1993 WL 667341, at *2 (D.R.I. Dec. 28, 1993).  It prevents the

---

[2]  Additionally, denying a stay of the Order would not harm judicial economy.  Plaintiffs would simply be required to comply with the Court's order to file an amended complaint revealing their names, or to voluntarily dismiss themselves from the action, which would proceed apace.  Plaintiffs argue that judicial economy would be harmed by proceeding with only some Plaintiffs while other Plaintiffs awaited the resolution of their appeal; yet this is not an option available to them under the Court's Order.  *See* ECF 138 at 6.  Moreover, contrary to Plaintiffs' arguments, they have not introduced any admissible, sworn testimony establishing that individual Plaintiffs would drop out of the litigation if required to reveal their names.  *Id.*  Plaintiffs provided only a speculative, hearsay-based attorney affidavit saying an "unspecified number of the Plaintiffs would remove themselves from this action," which the Court correctly determined "does not allow for a meaningful evaluation of" their claims.  ECF 131 at 10 (citing ECF 21-1).  As this Court noted, the fact that no Plaintiffs dropped out of the litigation after being ordered to provide their names to Defendants further undercuts their position.  *Id.*  Last, judicial economy would also be preserved if the Court grants Media Intervenors' alternative request to stay all proceedings other than the fully briefed motions to dismiss.  The First Circuit would render its decision on Plaintiffs' appeal of the Order, then trial court proceedings would resume—avoiding the possibility of piecemeal litigation or duplicative discovery.

press, and by extension the public, from learning who the litigants are, exploring their acts and views in connection with the litigation, and understanding its full context and significance.

Here, Plaintiffs have failed to demonstrate the requisite "reasonable fear of severe harm that outweighs the public's interest in open litigation." *Megless*, 654 F.3d at 409. Plaintiffs' religion-based opposition to COVID-19 vaccines is shared by many; they have not pointed to any specific threats of severe harm against them; and they have not demonstrated that they have kept their identities confidential to date. Meanwhile, the public's interest in the case is significant given that its resolution will affect the state's public health authority, Maine healthcare workers' rights and obligations, and constitutional law. For these reasons, the Court was correct in holding that the public interest compels disclosure of Plaintiffs' identities. A stay of the Order would unduly delay that disclosure and undermine the public interest, and should not be entered. Should the Court nevertheless stay the Order pending appeal, the strong public interest in open courts warrants a stay of further proceedings in this case pending resolution of Plaintiffs' appeal. To rule otherwise would allow Plaintiffs to continue to cloak their identities in secrecy while litigating a case of great public concern.

## Conclusion

For the foregoing reasons, Media Intervenors respectfully request that this Court deny Plaintiffs' motion to stay the Order. Alternatively, should the Court stay the Order pending appeal, Media Intervenors ask that the Court also stay all further proceedings in this Court while that appeal is pending—with the exception that Media Intervenors take no position on whether

the June 24 hearing and any subsequent decision on the pending and fully briefed motions to dismiss should be included in such a stay.

DATED at Portland, Maine this 8th day of June, 2022.

        Respectfully submitted,

        */s/ Sigmund D. Schutz*
        Sigmund D. Schutz
        Jonathan G. Mermin
        Preti Flaherty Beliveau & Pachios LLP
        P.O. Box 9546, One City Center
        Portland, ME 04112
        (207) 791-3000
        SSchutz@preti.com
        JMermin@preti.com

        Katie Townsend (*pro hac vice*)
        Shannon Jankowski (*pro hac vice*)
        The Reporters Committee for
        Freedom of the Press
        1156 15th St NW, Suite 1020
        Washington, D.C. 20005
        (202) 795-9300
        ktownsend@rcfp.org
        sjankowski@rcfp.org

        *Counsel for Media Intervenors*