## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JANE DOES 1-6, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:21-cv-00242-JDL |
| | ) |
| JANET T. MILLS, in her official | ) |
| capacity as Governor of the | ) |
| State of Maine, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER ON MOTION TO STAY PENDING APPEAL

On May 31, 2022, I granted a Motion to Unseal the Plaintiffs' Identities (ECF No. 131) filed by two media companies—MTM Acquisition, Inc., d/b/a *Portland Press Herald/Maine Sunday Telegram, Kennebec Journal*, and *Morning Sentinel*, and SJ Acquisition, Inc., d/b/a *Sun Journal* (collectively, the "Media Intervenors"). The Media Intervenors were granted leave to intervene for the limited purpose of challenging the Plaintiffs' use of pseudonyms in this matter (ECF No. 95). The Plaintiffs have appealed the May 31 order to the U.S. Court of Appeals for the First Circuit (ECF No. 132), and now seek a stay of proceedings in this Court or, in the alternative, a stay of this Court's order requiring disclosure of Plaintiffs' identities while their appeal is pending (ECF No. 138).

The Defendants—Northern Light Eastern Maine Medical Center ("EMHS"); Janet T. Mills, Governor of the State of Maine, Jeanne M. Lambrew, Commissioner of the Maine Department of Health and Human Services ("Department), and Dr. Nirav D. Shah, Director of the Maine Center for Disease Control (Maine CDC)

1

(collectively, "State Defendants"); and MaineHealth, Genesis Healthcare of Maine, LLC, Genesis Healthcare LLC, and MaineGeneral Health—all oppose a stay of the proceedings (ECF Nos. 141, 142, 143). EMHS (ECF No. 141) opposes both a stay of the proceedings and a stay of the May 31 order. The Media Intervenors (ECF No. 139) oppose a stay of the May 31 order.

## I. BACKGROUND

The factual background of this action is set forth in my prior orders granting the Media Intervenors' motion to unseal the Plaintiffs' identities, *see Does 1-6 v. Mills*, No. 1:21-cv-242, 2022 WL 1747848, at *1 (D. Me. May 31, 2022), and denying the Plaintiffs' motion for preliminary injunction, *see Does 1-6 v. Mills*, No. 1:21-cv-00242, 2021 WL 4783626, at *2-4 (D. Me. Oct. 13, 2021).

## II. DISCUSSION

A district court considers four factors when determining whether to grant a stay of a civil judgment or proceedings pending appeal: "(1) [W]hether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos.*, 996 F.3d 37, 44 (1st Cir. 2021) (quoting *Nken*, 556 U.S. at 434). In addition, for the reasons set forth in my order granting the Media Intervenors' Motion to Unseal the Plaintiffs' Identities, I conclude that the Plaintiffs have not made a strong showing that they are likely to succeed on the merits. I also conclude that the Plaintiffs will not be irreparably injured absent a stay. Finally, for

the reasons addressed in both previous orders, I conclude that the requested stay would substantially injure the interests of the Media Intervenors and would be contrary to the public interest.

Although I conclude that the Plaintiffs have failed to demonstrate their entitlement to a stay of the proceedings or a stay of the Court's May 31, 2022, order granting the Media Intervenors' Motion to Unseal the Plaintiffs' Identities, I will delay the effective date of the order for an additional 21 days to permit the Plaintiffs more time to seek relief from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 8(a) (permitting the filing of a motion to stay an order of the district court pending appeal directly with the court of appeals when "the district court has denied the motion or failed to afford the relief requested").

### III.  CONCLUSION

For the reasons stated above, the Plaintiffs' Motion to Stay Proceedings (ECF No. 138) is **DENIED**.  The Order to Unseal Plaintiffs' Identities (ECF No. 131) is hereby **MODIFIED**, and it is **ORDERED** that the Plaintiffs shall file a first amended complaint, by July 8, 2022, identifying by name those individual Plaintiffs who elect to proceed as named and identified Plaintiffs in this action.

**SO ORDERED.**

**Dated: June 17, 2022.**

                                                               /s/ JON D. LEVY
                                                **CHIEF U.S. DISTRICT JUDGE**