## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| ALICIA LOWE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. <u>1:21-cv-00242-JDL</u> |
| JANET T. MILLS, in her official capacity as | ) | |
| Governor of the State of Maine, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STAY</u>

Pursuant to Local Rule 7(b) and the Court's Order (dkt. 178), Plaintiffs hereby respond in opposition to State Defendants' Motion to Stay (dkt. 173, "Stay Motion"). For the following reasons, the Stay Motion should be denied. Plaintiffs have waited long enough to have their fundamental First Amendment rights vindicated, and they should be permitted to engage in discovery to prove the merits of their constitutional claims, which are not now, and will not become, moot.

## INTRODUCTION

Plaintiffs initiated the instant action on August 25, 2021 (dkt. 1). Since the filing of Plaintiffs' Verified Complaint and Motion for Temporary Restraining Order (dkt. 3) and continuing to this day, Plaintiffs have been incessantly pleading for relief from the unconstitutional injury forced upon them by State Defendants for nearly two years. Their efforts have produced ten written opinions and orders on the merits of substantive motions from this Court (dkt. 11, 32, 65, 68, 95, 96, 131, 140, 145, 156); three appeals to the United States Court of Appeals for the First Circuit Court of Appeals, *see Lowe v. Mills*, 68 F.4th 706 (1st Cir. 2023); *Does 1-3 v. Mills*, 39 F.4th 20 (1st Cir. 2022); *Does 1-6 v. Mills*, 16 F.4th 20 (1st Cir. 2021); and three appeals to the Supreme Court of the United States, *e.g. Does 1-3 v. Mills*, 142 S. Ct. 17 (2021); *Does 1-3 v. Mills*,

142 S. Ct. 1112 (2022), not counting the Petition for Writ of Certiorari that Plaintiffs are filing this week as to their Title VII claims against the private employer defendants. Because of the State Defendants' erroneous legal positions in this case, including their initially successful but ultimately defunct argument that this case should be dismissed, it took Plaintiffs nearly two years to obtain a decision from the First Circuit that articulated what Plaintiffs have alleged since the beginning— "that the Mandate treats comparable secular and religious activity dissimilarly without adequate justification" in violation of the First Amendment. *Lowe*, 68 F.4th at 709. And, upon receiving the First Circuit's decision permitting them to probe their claims in discovery, Plaintiffs were met with the news that State Defendants would now seek to evade review of the constitutional injury they forced upon Plaintiffs by revoking one rule of those challenged by Plaintiffs. (Stay Motion 2.) Thus, after putting Plaintiffs to the choice of their livelihoods or their religious beliefs, instituting a discriminatory vaccination requirement that resulted in Plaintiffs' unconstitutional termination from their jobs (dkt. 156 at 5-6), and contending at every turn that their religious beliefs had no accommodation in Maine, State Defendants now seek to pour salt in Plaintiffs' constitutional wounds by claiming, in essence, "never mind." Neither State Defendants' request for a stay nor their efforts to evade constitutional scrutiny should be countenanced by the Court.

State Defendants' request to stay this action is based on the speculation that Maine *might* revoke the rule at issue in this litigation, that State Defendants *might* thereafter file a motion to dismiss alleging that the *potential* revocation of one aspect of Plaintiffs' challenge *might* moot Plaintiffs' claims, and that this Court *might* agree that such *potential* actions moot Plaintiffs' claims, which would then require a fourth appeal. But, speculation alone is insufficient to warrant a stay, and State Defendants' motion is based on speculation on top of speculation. Plaintiffs have

waited long enough to prove their claims in this Court, and State Defendants' attempts to evade that review must fail. State Defendants' motion should be denied.

## ARGUMENT

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). State Defendants bear the burden of clearly demonstrating the basis for precluding Plaintiffs from having their day in court. *Id.* at 255 ("True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward."); *Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The proponent of a stay bears the burden of establishing its need."). "A stay is an intrusion into the ordinary processes and administration of judicial review, and accordingly is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (cleaned up). And, that intrusion is why "a lengthy and categorical stay tak[ing] no account whatever of the [plaintiffs'] interest in bringing this case to trial" represents an abuse of discretion. *Clinton*, 520 U.S. at 707.

### A. The Duration of the Requested State is Irrelevant Because Undue Prejudice and Irreparable Injury Will Result from even a Minimal Delay.

State Defendants contend that they seek only a modest stay "of relatively short duration" while they seek to change an agency rule and then purportedly seek dismissal of Plaintiffs' claims on the basis of that speculative rule change. (Stay Motion 4.) On that basis, State Defendants contend that a stay is warranted. (*Id.*) This is incorrect.

First, the remaining claims in Plaintiffs' First Amended Verified Complaint (dkt. 152, "First Amend. V. Compl.") that were adjudged to state a claim by the First Circuit, *Lowe v. Mills*, 68 F.4th 706 (1st Cir. 2023), all involve allegations of constitutional injury under the First and Fourteenth Amendments. (First Amend. V. Compl. ¶¶110-127, 140-155.) *See also Lowe*, 68 F.4th

at 718 (holding that Plaintiffs' "complaint states a claim under the Free Exercise Clause"); *id.* ("[B]ecause we reverse the dismissal of the free exercise claim, we also reverse the dismissal of the equal protection claim."). Thus, since the institution of State Defendants' mandate and the corresponding revocation of any protections for religious objectors, Plaintiffs' allegations, when proved true through the discovery process, will demonstrate that they have been suffering the loss of their First Amendment freedoms for nearly two years. (*See* dkt. 1.) While State Defendants contend that the continued yoke of constitutional injury for the "relatively short duration of a few months" (Stay Motion 4) "will not injure or prejudice Plaintiffs" (*id.*), the First Amendment compels a different conclusion. Indeed, "[t]here can be no question that the challenged restrictions . . . will cause irreparable harm. The loss of First Amendment freedoms, *for even minimal periods of time*, unquestionably constituted irreparable harm." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)) (emphasis added). *See also Sindicato Puertorriqueno de Trabajadores v. Furtuno*, 699 F.3d 1, 15 (1st Cir. 2012) (same).

Second, Plaintiffs unquestionably have an interest in the expeditious resolution of their claims. *See, e.g.*, *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.2d 72, 78 (1st Cir. 2004) (noting plaintiff's "obvious interest in proceeding expeditiously"); *S.E.C. v. Liberty*, No. 2:18-cv-139-JDL, 2020 WL 4677292, *2 (D. Me. Aug. 12, 2020) (LEVY, J.) (noting the parties' "understandable interest in concluding the civil matter without any unreasonable delay"); *Digital Equipment Corp. v. Currie Enter.*, 142 F.R.D. 8, 12 (D. Mass. 1991) ("The plaintiff is entitled to a speedy discovery process."). "That is particularly true in the context of complex litigation," as State Defendants concede the instant action is (Stay Motion 7), "which *must* proceed in an efficient manner." *Digital Equipment*, 142 F.R.D. at 12 (emphasis added).

State Defendants' primary retort is that a purportedly short stay is not prejudicial because the case is in its early stages of litigation. (Stay Motion 5.) But, the early stages of litigation is insufficient alone to justify a stay. *Chr. Hansen HMO GmbH v. Glycosyn LLC*, 2023 WL 2429355, *4 (D. Mass. Mar. 9, 2023) ("although this case is in its early stages, that alone does not compel a stay"); *ADA Solutions, inc. v. Engineered Plastic, Inc.*, 826 F. Supp. 2d 348, 352 (D. Mass. 2011) ("That does not, of course, warrant the stay of every case in its early stages."). In fact, though State Defendants claim that the case is in its infancy, that ignores the relevant history of this matter. Though discovery has not commenced, the instant matter can hardly be considered in its infancy. Plaintiffs filed their complaint in August 2021 (dkt. 1), the case has resulted in ten written opinions and orders on the merits of substantive motions from this Court (dkt. 11, 32, 65, 68, 95, 96, 131, 140, 145, 156); has been to the First Circuit Court of Appeals three times, *see Lowe v. Mills*, 68 F.4th 706 (1st Cir. 2023); *Does 1-3 v. Mills*, 39 F.4th 20 (1st Cir. 2022); *Does 1-6 v. Mills*, 16 F.4th 20 (1st Cir. 2021); and has been to the Supreme Court of the United States three times, *see Does 1-3 v. Mills*, 142 S. Ct. 17 (2021); *Does 1-3 v. Mills*, 142 S. Ct. 1112 (2022). It is simply untrue that Plaintiffs' claims remain in infancy. Plaintiffs deserve to have their claims proceed expeditiously, and State Defendants' requested stay should be denied.

**B.    State Defendants' Requested Stay is Based Entirely on Speculation and a Potential Motion to Dismiss on Dubious Grounds, Which Does Not Justify a Stay.**

State Defendants contend that the matter should be stayed because of a pending agency process that may or may not result in a change to the challenged Rule, which—in turn—*might* purportedly result in a motion to dismiss based on mootness (Stay Motion 6), which Plaintiffs will oppose and demonstrate to be without merit. Such speculation does not warrant a stay. Indeed, many courts have denied stays where the proponent of the stay bases its motion on speculation as

to what might happen in the future. *See, e.g.*, *Acquis, LLC v. EMC Corp.*, No. 14-cv-13560, 2016 WL 4250245, *3 (D. Mass. Aug. 10, 2016) ("the effect that the [external event] may have on this case is too speculative to warrant a further stay"); *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-cv-1067, 2017 WL 11812653, *4 (N.D. Ill. Mar. 24, 2017) ("Courts, including this one, have denied stays in similar contexts where the efficiency benefits of a stay are too speculative."); *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-cv-410-SI, 2016 WL 3844209, *5 (D. Ore. July 15, 2016) ("[T]he Court will not base it stay decision on speculation about what [another government body] may or may not do."); *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, No. 14-CV-1288-JPS, 2016 WL 7495808, *3 (E.D. Wis. Dec. 30, 2016) (denying motion to stay based on speculation about what different court may do in similar case).

And, basing a stay on speculation is particularly unwarranted where—as here—the duration of the stay in uncertain. *See, e.g.*, *Ramirez Lluveras v. Pagan Cruz*, No. 08-1486 (FAB), 2010 WL 11679649, *6 (D.P.R. Aug. 5, 2010) ("the Court certainly agrees that granting a stay given these uncertain timelines would burden the plaintiffs, who have an interest in resolving their case efficiently."). State Defendants contend that the stay would be of relatively short duration (Stay Motion 4), but that is speculative as well. State Defendants can only "expect" that the Rule change might occur by the middle of October, 2023. (*Id.*) State Defendants then suggest that they might file a motion to dismiss if the Rule is changed as they speculate, which will then require briefing and an adjudication by this Court prior to the expiration of their requested stay. That is a far cry from a "short duration," and is entirely speculative. State Defendants' motion should be denied.

C.   **Even If State Defendants' Rule Making Process Eliminates Certain Elements of the Mandate, Which Is Far From Certain, Plaintiffs' Claims Will Remain Justiciable and Capable of Redress.**

In addition to State Defendants' speculative contentions that the agency *might* revoke a rule that *might* have an impact on Plaintiffs' claims, State Defendants' contention that Plaintiffs' claims will be entirely moot is also erroneous and cannot serve as a justification for staying this case. Plaintiffs have challenged State Defendants' unconstitutional refusal to recognize religious exemptions and accommodations while permitting similarly situated nonreligious exemptions under *the Rule and Statute* as a violation of the First Amendment. (Dkt. 152 First Amend. V. Compl. ¶¶110-127 (alleging that the differential treatment between religious and nonreligious beliefs under Maine's immunization scheme violates the Free Exercise Clause). Moreover, Plaintiffs have specifically challenged the statutory removal of religious accommodations as a violation of the Fourteenth Amendment. (*Id.*, ¶147 ("By removing statutorily required religious accommodations from consideration in Maine, the Governor has created and singled out for disparate treatment a specific class of healthcare employees (*i.e.*, religious objectors to COVID-19 vaccinations) as compared to other similarly situated healthcare workers (*i.e.*, those with medical exemption requests."); *see also id.* ¶¶140-155).)

And, State Defendants—throughout the litigation—have recognized Plaintiffs' challenge as one to the overall scheme in Maine that prohibits religious accommodations, as opposed to an individual agency rule. (*See, e.g.*, dkt. 49, Response in Opposition to Preliminary Injunction, at 7 ("Plaintiffs' claims involve two different State legal authorities [the Statute and the Rule]"); *id.* at 8 ("neither the statute nor the rule violates Plaintiffs' First Amendment rights"); dkt. 109, State Defendants' Motion to Dismiss, at 10 ("Plaintiffs assert that the unavailability of a religious exemption in the *Statute* constitutes a violation of their right to free religious exercise." (emphasis

added)); *id.* at 11 ("The Rule and Statute are Neutral Laws of General Applicability that are Rationally Related to a Legitimate Government Interest.").) The First Circuit likewise recognized the scope of Plaintiffs' claims necessarily involved an adjudication of State Defendants' unconstitutional statute. *Lowe*, 68 F.4th at 709 (categorizing Plaintiffs' challenge and the "Mandate" as both the Statute and the Rule (citing 10-144-264 Me. Code R. §2(A)(7); Me. Rev. Stat. Ann. Tit. 22, §802)).

However, in seeking the instant stay, State Defendants only suggest that one aspect of Plaintiffs' challenge—the Rule—*might* be revoked or amended. (Stay Motion at 3-4.) There is no suggestion, nor could there be, that the *potential* Rule change would alter the constitutional injury Plaintiffs suffer under the *statute* that prohibits religious accommodations. And, even if Plaintiffs' challenge were only to the Rule (which it is not), the speculative repeal of the Rule would still not moot Plaintiffs' challenge under various exceptions to mootness, including the doctrines of sham repeals to manipulate the Court's jurisdiction, and the "capable of repetition yet evading review" exception to mootness. All of these issues will require not only briefing, but also likely discovery, before they can be adjudicated by this Court.[1]

---

[1] State Defendants are wrong when they contend that mootness is largely a "legal inquiry" for which discovery is not necessary. (Stay Motion 6). On the contrary, the Supreme Court has recognized that "where issues arise as to jurisdiction … discovery [pursuant to Fed. R. Civ. P. 12(b)(1)] is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). *See also Demmlar v. ACH Food Cos., Inc.*, No. 15-12556-LTS, 2016 WL 4703875 (D. Mass. Jun 9, 2016) (noting that jurisdictional discovery is often warranted to determine questions of mootness); *Strahan v. Roughead*, No. 08-cv-10919-MLW, 2010 WL 4827880, *12 (D. Mass. Nov. 22, 2010) (granting plaintiff's request for jurisdictional discovery to determine whether defendants' assertions of mootness were factually supported). This is yet another reason why the Stay Motion should be denied, and discovery should be allowed to continue.

Thus, even assuming State Defendants' speculation proves true, it will not moot Plaintiffs' claims. There is no basis to stay this case because there will be no basis to dismiss Plaintiffs' claims as moot.

**D.     State Defendants Will Not Suffer Prejudice Sufficient to Justify a Stay.**

Much like the speculative basis for the stay itself, *supra* Section B, State Defendants' assertions of prejudice are too speculative to warrant a stay. (Stay Motion 5.) "The defendants' caterwauling about the onus of conducting [discovery] during the pendency of a [speculative agency process] rings hollow." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.2d 72, 78 (1st Cir. 2004). This is true because "[s]peculation concerning the potential burden [State Defendants] will face if discovery is not stayed is insufficient to support a finding of good cause to stay discovery." *Huang v. GeLab Cosmetics LLC*, No. 22 C 2928, 2023 WL 3226198, *2 (N.D. Ill. May 3, 2023); *Basin Acquisition Corp. v. Mazda Motor of Am., Inc.*, 2011 WL 13289673, *2 (D.N.M. Aug. 1, 2011) ("[G]ood cause for stay of discovery is not demonstrated by speculation."); *Vargas v. Cnty. of Los Angeles*, No. CV 19-3279 PSG (ASx), 2019 WL 6655269, *3 (C.D. Cal. July 10, 2019) (denying motion to stay because "Defendants' contention that they would be prejudiced without a stay . . . is nothing but speculation").

State Defendants' assertions of prejudice are largely based on the notion that the challenged Rule *might* be amended in the rule making process, that the theoretical change *might* cause them to file a motion to dismiss, and that this Court *might* adjudicate State Defendants' *potential* motion to dismiss in their favor, notwithstanding Plaintiffs' forthcoming opposition. (Stay Motion 5-6.) "However, every step in that proposed chain of events requires speculation on speculation." *Mack v. Old Dominion Freight Line, Inc.*, No. 5:21-cv-118-TES, 2023 WL 158903, *3 (M.D. Ga. Jan. 11, 2023). And, "[s]peculation does not satisfy Rule 26(c)'s good cause requirement." *Edmonds v.*

*Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 8996835, *2 (W.D. Wash. Mar. 6, 2020) (quoting *Rosario v. Starbucks Corp.*, No. C16-1951RAJ, 2017 WL 4122569, *1 (W.D. Wash. Sept. 18, 2017)).

Finally, State Defendants' prior positions with respect to a stay are largely equal to the moment: "the public interest lies in timely resolution of issues critical to public health. All Parties – and the public – would be served by promptly resolving Plaintiffs' challenge to the Department and Maine CDC's immunization regulation." (Dkt. 142, State Defendants Response Opposing Motion to Stay, at 5.) And, this Court denied that motion to stay. (Dkt. 145.) That interest remains true today, and Plaintiffs have a vital interest in proceeding expeditiously with this matter.

## CONCLUSION

State Defendants' Motion to Stay is premised entirely on speculation piled on speculation. State Defendants' attempt to stay this litigation on the basis of what a State agency *might* do that *might* have an impact on the course of the litigation fails to demonstrate good cause for the stay. Plaintiffs have waited long enough to have their claims proceed in this Court, and they deserve that chance now. State Defendants' Motion should be denied.

Respectfully submitted,

/s/ Stephen C. Whiting
Stephen C. Whiting
ME Bar No. 559
The Whiting Law Firm
75 Pearl Street, Suite 207
Portland, ME 04101
(207) 780-0681
steve@whitinglawfirm.com

/s/ Daniel J. Schmid
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid
Liberty Counsel
P.O. Box 540774
Orlando, Florida 32854
(407) 875-1776
court@LC.org | hmihet@LC.org
rgannam@LC.org | dschmid@LC.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August, 2023, I cause a true and correct copy of the foregoing to be electronically filed with this Court. Service will be effectuated on all counsel of record via this Court's ECF/electronic notification system.

/s/ Daniel J. Schmid
Daniel J. Schmid