**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| ALICIA LOWE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Case No. 1:21-cv-00242-JDL |
| JANET T. MILLS, in her official capacity as | ) |
| Governor of the State of Maine, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR FINAL JUDGMENT**

Pursuant to Local Rule 7(b), Plaintiffs hereby respond in opposition to the Motion for Entry of Final Judgment of Provider Defendants MaineHealth, Genesis Healthcare of Maine, LLC, Genesis Healthcare, LLC, MaineGeneral Health, and Northern Light Eastern Maine Medical Center (collectively "Provider Defendants"). (Dkt. 172, "Motion for Final Judgment"). For the following reasons, the Motion should be denied.

**INTRODUCTION**

Plaintiffs initiated the instant action on August 25, 2021 (dkt. 1). Plaintiffs' efforts since the initiation of the complaint have produced ten written opinions and orders on the merits of substantive motions from this Court (dkt. 11, 32, 65, 68, 95, 96, 131, 140, 145, 156); three appeals to the United States Court of Appeals for the First Circuit Court of Appeals, *see Lowe v. Mills*, 68 F.4th 706 (1st Cir. 2023); *Does 1-3 v. Mills*, 39 F.4th 20 (1st Cir. 2022); *Does 1-6 v. Mills*, 16 F.4th 20 (1st Cir. 2021); and three appeals to the Supreme Court of the United States, *e.g. Does 1-3 v. Mills*, 142 S. Ct. 17 (2021); *Does 1-3 v. Mills*, 142 S. Ct. 1112 (2022), not counting the Petition for Writ of Certiorari that Plaintiffs filed on August 15, 2023, on their Title VII claims against Provider Defendants. *See Lowe, et a. v. Mills, et al.*, Docket No. 23-152 (U.S. 2023).

On August 18, 2022, this Court entered its Order (dkt. 156) on all Defendants' motions to dismiss and dismissed Plaintiffs' claims in their entirety. (Dkt. 156, Order at 36.) The next day, August 19, 2022, the Court entered Final Judgment as to all Defendants. (Dkt. 157, Judgment ("Judgment of Dismissal is hereby entered as to defendants Janet T. Mills, Jeanne M. Lambrew, Dr. Nirav D. Shaw, MaineHealth, Genesis Healthcare of Maine, LLC, Genesis Healthcare LLC, MaineGeneral Health and Northern Light Eastern Maine Medical Center.").) On September 15, 2022, Plaintiffs noticed their appeal to the United States Court of Appeals for the First Circuit from the Court's order of dismissal and judgment. (Dkt. 158.) On May 25, 2023, the First Circuit issued its Opinion, affirming the district court's dismissal of Plaintiffs' Title VII claims against Provider Defendants and reversing the dismissal as to Plaintiffs' First and Fourteenth Amendment claims against State Defendants. (*See* dkt. 163.) That same day, the First Circuit entered its Judgment affirming the dismissal of Plaintiffs' Title VII claims against Provider Defendants. (*See* dkt. 164.)

Because the First Circuit affirmed the dismissal of Plaintiffs' Title VII claims against Provider Defendants, there is nothing left for this Court to do. Plaintiffs were left with one avenue to challenge the final dismissal of their claims against Provider Defendants: a petition for a writ of certiorari to the United States Supreme Court, which Plaintiffs filed on August 15, 2023. And, it was that very petition for a writ of certiorari that Provider Defendants were hoping to trigger with their instant Motion. (Dkt. 172, Motion for Final Judgment at 5 ("If Plaintiffs wish to pursue certiorari on their Title VII claims, there is no good reason for them not to have to do so now.").) Plaintiffs agree, which is why they have already filed for certiorari. As such, there is no need for further order of this Court under Rule 54(b) or otherwise. The claims against Provider Defendants will rise or fall on the Supreme Court's decision, whether on certiorari or on the ultimate merits.

# ARGUMENT

### A.     This Court's Judgment as to Provider Defendants Is Already Final.

This Court's Judgment became effectively final upon being affirmed by the First Circuit. This is so because a judgment is final once it is determined that there is nothing left to be decided. *See, e.g.*, *Clark v. Williard*, 292 U.S. 112, 118 (1934) (holding that a judgment is final when "[s]o far as these respondents are concerned, there is nothing more to be decided"); *Richfield Oil Corp. v. State Bd. of Equalization*, 329 U.S. 69, 72 (1946) (relevant question is whether "there is nothing left to be decided"). Here, because the Court entered Final Judgment as to all claims against all Defendants (dkt. 156, 157), and because that Judgment was subsequently affirmed as to Provider Defendants by a separate Judgment of the First Circuit (*see* dkt. 164), any further orders would not alter the finality of this Court's Judgment. Provider Defendants even concede as much in the Motion. (Dkt. 172, Motion for Final Judgment at 4 (noting that aside from any Supreme Court review, "Plaintiffs' case against Provider Defendants has concluded in all respects.").) Plaintiffs agree, which is why they have already sought certiorari from this Court's Final Judgment of dismissal as to the Title VII Claims.

But, to prove the finality point further, the interplay between Fed. R. Civ. P. 54 and Fed. R. App. P. 36 is instructive. Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

On August 19, 2022, this Court entered Judgment dismissing all parties and all claims. (Dkt. 157.) Specifically, it stated: "JUDGMENT of Dismissal is hereby entered as to defendants Janet T. Mills, Jeanne M. Lambrew, Dr. Nirav D. Shaw, MaineHealth, Genesis HealthCare of Maine LLC, Genesis Healthcare LLC, MaineGeneral Health and Northern Light Eastern Maine Medical Center." (Dkt. 157 at 1.) This Court did not "direct entry as to one or more, but fewer than all claims or parties," as contemplated by Rule 54(b). It directed entry of final judgment as to *all* claims and *all* defendants. Had this Court not done so, the original order would not have been final under 28 U.S.C. §1291, and Plaintiffs could not have sought an appeal with the First Circuit in the first place. The Court's Judgment was, in all respects, final for purposes of 28 U.S.C. §1291 and Fed. R. Civ. P. 54.

The First Circuit's order affirmed the Judgment of this Court in part: "[W]e affirm the dismissal of the plaintiffs' claims under the Supremacy Clause, §1985, and Title VII. We also affirm the dismissal of the plaintiffs' claims against Governor Mills and their damages claims against the State. We reverse the dismissal of the remaining claims, and remand for proceedings consistent with this opinion." (Dkt. 163 at 42.)

The First Circuit's Judgment, entered on May 25, 2023 (dkt. 164), states: "Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: The district court's dismissal of the plaintiffs' claims is affirmed in part and reversed in part, and the matter is remanded to the district court for further proceedings consistent with the opinion issue this day." (Dkt. 164.) Thus, the final Judgment of this Court was affirmed in part, but that does not implicate Rule 54(b) at all, because Rule 54(b) has nothing to say about this situation and is not applicable here. Rule 54(b) strictly applies to the judgment of the district courts, and Fed. R. App. P. 36, which contains no similar provision concerning partial judgment applies to the circuit courts,

including the First Circuit's Judgment here. In fact, nothing in the Federal Rules of Appellate Procedure provides an analogue to Fed. R. Civ. P. 54(b). This Court's Judgment was final when it was entered, and, as to Provider Defendants, remained final after the First Circuit's Judgment on May 25, 2023. As the Supreme Court said in *Clark*, "[s]o far as these respondents are concerned, there is nothing more to be decided." *Clark*, 292 U.S. at 118.

      **B.**    **Plaintiffs' Deadline to Seek Certiorari Already Crystalized and Plaintiffs Have Already Sought Certiorari, So Provider Defendants' Purpose in Filing their Motion is Already Moot.**

Provider Defendants note that "because [they] prevailed on appeal at the First Circuit, the only appellate review available to Plaintiffs as to those claims would be in the Supreme Court." (Dkt. 172, Motion for Final Judgment at 4.) Moreover, Provider Defendants contend that "[i]f Plaintiffs wish to pursue certiorari on their Title VII claims, there is no good reason for them not to do so now." (Dkt. 172, Motion for Final Judgment, at 5.) Plaintiffs agree. And, again, this is why Plaintiffs have already filed their Petition for Writ of Certiorari at the Supreme Court.

Specifically,

> the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within review must be sought. Only when the lower court changes matters of substance or resolves a genuine ambiguity, in a judgment previously rendered, should the period in which an appeal must be taken or a petition for writ of certiorari filed begin to run anew.

*Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211 (1952). *See also F.T.C. v. Colgate-Palmolive Co.*, 380 U.S. 374, 379 (1965) ("'If the court did no more by the second judgment than to restate what it had decided by the first one the 90 days would start to run from the first judgment."); *F.C.C. v. League of Women Voters of Cal.*, 468 U.S. 364, 372 n. 10 (1984) (same).

Thus, to the extent the Court would even contemplate reentering the Judgment solely as to Provider Defendants and the Title VII claims, that is immaterial for purposes of the finality of the Title VII claims brought by Plaintiffs. Granting Provider Defendants' Motion would merely be restating that which was already entered and not changing anything of substance as to those claims. Thus, to the extent that Provider Defendants are merely seeking to initiate the clock on Plaintiffs' deadline for seeking certiorari on the Title VII claims, that already occurred.

The federal statute governing the Supreme Court's certiorari jurisdiction demonstrates the point. "[A]ny writ of certiorari intended to bring **any judgment** or decree in a civil action, suit, or proceeding before the Supreme Court for review shall be taken or applied for within ninety days after the entry of such judgment." 28 U.S.C. §2101(c) (emphasis added). And, finality—although present in the instant matter—is not a prerequisite to certiorari. *See* 28 U.S.C. §1254(1) ("Cases in the court of appeals may be reviewed by the Supreme Court by the following methods: (1) By writ of certiorari granted upon the petition of any party to any civil or criminal case, **before or after** rendition of judgment or decree." (emphasis added)). As the Seventh Circuit has noted, "[a] litigant in a federal case is not compelled to wait until the case is over before seeking certiorari because it is not a requirement of certiorari to review an order of a federal court that the order be a final decision." *Air Line Pilots Ass'n, Int'l v. UAL Corp.*, 897 F.2d 1394, 1397 (7th Cir. 1990). Scholars likewise agree:

> Once a case has come to be in the court of appeals, there is power to issue certiorari without any limitation akin to the much elaborated and significantly reduced requirement of finality imposed on review of state court judgments. Certiorari may be granted to review decisions that do not dispose of the pending litigation, to examine orders that go merely to procedural steps before the court of appeals, or to decide a case that has not even been considered by the court of appeals.

17 Charles A Wright, Arthur R. Miller, & Edward H. Cooper, *Fed. Prac. & Proc.: Jurisdiction 2d* §4036 (1988).

Supreme Court Rule 13.1 states, "Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is fled with the Clerk of this Court within 90 days after entry of the judgment." And, Rule 13.2 states that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from issuance of the date of the mandate . . . ." (emphasis added). Thus, Plaintiffs' timeline for filing a petition for a writ of certiorari began to run from the date of the First Circuit's Judgment, which was entered on May 25, 2023. (Dkt. 164.) Plaintiffs have complied with that deadline, have filed their certiorari petition, and Provider Respondents can respond to it in due course. That is all that is left to do, and no further action from this Court is necessary.

## CONCLUSION

What Provider Defendants seek in their Motion has already occurred. As Provider Defendants suggested, "If Plaintiffs wish to pursue certiorari on their Title VII claim, there is no reason for them not to do so now." (Dkt. 172, Motion for Final Judgment, at 5). Plaintiffs did just that, and Provider Defendants are not, therefore, stuck "in procedural limbo, stalled on the brink of final judgment." (*Id.* at 2.) Provider Defendants sought a bridge "across the threshold to finality" (*id.*), and this Court and the First Circuit's Judgments have already provided it. "[T]here is nothing left to be decided" by this Court. *Richfield Oil Corp. v. State Bd. of Equalization*, 329 U.S. 69, 72 (1946). The Motion should be denied.

Respectfully submitted,

| | |
|---|---|
| /s/ Stephen C. Whiting | /s/ Daniel J. Schmid |
| Stephen C. Whiting | Mathew D. Staver |
| ME Bar No. 559 | Horatio G. Mihet |
| The Whiting Law Firm | Roger K. Gannam |
| 75 Pearl Street, Suite 207 | Daniel J. Schmid |
| Portland, ME 04101 | Liberty Counsel |
| (207) 780-0681 | P.O. Box 540774 |
| steve@whitinglawfirm.com | Orlando, Florida 32854 |
| | (407) 875-1776 |
| | court@LC.org | hmihet@LC.org |
| | rgannam@LC.org | dschmid@LC.org |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2023, I cause a true and correct copy of the foregoing to be electronically filed with this Court. Service will be effectuated on all counsel of record via this Court's ECF/electronic notification system.

/s/ Daniel J. Schmid
Daniel J. Schmid