UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALICIA LOWE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JANET T. MILLS, Governor of the State of Maine, et al., <br><br> Defendants. | Civil Action No. 1:21-cv-00242-JDL |

**STATE DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO STAY**

Defendants Janet T. Mills, Governor of the State of Maine, Jeanne M. Lambrew, Commissioner of the Maine Department of Health and Human Services (Department), and Nancy Beardsley, Acting Director of the Maine Center for Disease Control and Prevention (Maine CDC) (collectively, "State Defendants"), submit this reply memorandum in support of their motion to stay.

**ARGUMENT**

Plaintiffs do not dispute that the relevant factors to be considered by the Court on the motion to stay are the duration of the stay, the potential for any prejudice to Plaintiffs, the interests of judicial economy and efficiency, and hardship or inequity to State Defendants. *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992); *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009). All of these factors support the requested stay, and the balance of competing interests and equities weighs in favor of granting State Defendants' motion. *Marquis*, 965 F.2d at 1155.

1

I. **State Defendants' motion and requested stay are of short duration and not based on "speculation."**

On July 11, 2023, the Department announced that it was proposing to end the requirement that designated healthcare facilities (DHCFs) require their employees to be vaccinated against COVID-19 by amending the healthcare worker vaccination rule at issue in this case: Immunization Requirements for Healthcare Workers, 10-144 Me. Code R. ch. 264 ("Rule").  ECF No. 167-1.  That rulemaking is now well under way, but Plaintiffs contend that this process "may or may not result in a change to the challenged Rule."  ECF No. 179 at 5.  They therefore claim that the motion rests on "speculation" not only on what "might" happen at the conclusion of the rulemaking, but also on when that process will be complete.  ECF No. 179 at 5-6, 8-10.  The material before the Court demonstrates otherwise.

    A. **The materials before the Court show that the COVID-19 vaccination requirement in the Rule is on track for repeal.**

The Department and Maine CDC did not decide arbitrarily to end the requirement that DHCFs require their employees to be vaccinated against COVID-19.  Instead, the Department and Maine CDC proposed the Rule amendment in response to changed circumstances, including available clinical and epidemiological data about COVID-19, increased population immunity resulting from vaccination and prior infections, decreasing disease severity, improved treatments, and declining infection and death rates.  ECF No. 173-1 at 2.  This significant policy change was announced formally and accompanied by a decision to not enforce the current COVID-19 vaccination requirement during the pendency of the rulemaking.  ECF No. 167-1; ECF 173 at 3.

Moreover, Maine CDC and the Department have been proceeding with the rulemaking process during the pendency of this motion.  On July 19, 2023, notice of the proposed amendment to the Rule was published by the Maine Secretary of State.  The public hearing on the rule change occurred in Augusta on August 7, 2023.  Only one person provided comments at the public hearing,

and that commenter was in favor of the rule change. On August 17, 2023, the public comment period closed. Of the 48 comments received on the proposed rule change, only five commenters opposed removal of COVID-19 from the list of diseases against which healthcare workers in DHCFs must be vaccinated. The Maine Hospital Association, the Maine Health Care Association, and the Maine Medical Association, three of the most significant local medical associations in the State, all support the pending change in the Rule. ECF No. 167-1 at 2. In other words, all the available evidence demonstrates that the Department and Maine CDC have been proceeding deliberately towards repeal of the COVID-19 vaccine requirement and with the support of commenters and the regulated community. Plaintiffs have provided no evidence to suggest that the proposed rule change will not be adopted,[1] and their claim that the repeal of the COVID-19 vaccination requirement is speculative is therefore contrary to the record.

None of the patent infringement cases cited by Plaintiffs compel a different conclusion. ECF No. 179 at 6. In three of those cases,[2] a stay had been ordered during the pendency of inter partes review (IPR) of some or all of the same patents at issue because of the potential for the IPR to simplify issues in the pending patent litigation.[3] It was only when those final IPR decisions issued, and one party was seeking to extend the stay during an appeal to the Federal Circuit, that these courts denied stays because the outcome and length of the appeal were too speculative.[4] In

---

[1] Of course, State Defendants cannot guarantee that the COVID-19 vaccination requirement will be repealed at the completion of the rulemaking, just as Plaintiffs cannot guarantee that they will not decide to withdraw their lawsuit tomorrow. But the infinitesimally small possibility of one potential outcome does not render the process "speculative."

[2] The fourth case cited is addressed in the subsequent section.

[3] *See Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 11812653, at *1-2 (N.D. Ill. Mar. 24, 2017); *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, No. 14-CV-1288-JPS, 2016 WL 7495808, at *1 (E.D. Wis. Dec. 30, 2016); *Acqis, LLC v. EMC Corp.*, No. 14-CV-13560, 2016 WL 4250245, at *1 (D. Mass. Aug. 10, 2016).

[4] *See Oil-Dri Corp.*, 2017 WL 11812653, at *4 (noting "statistics showing that there is a 92% chance that the Federal Circuit will affirm the PTAB as to every challenged claim"); *Milwaukee Elec. Tool Corp.*, 2016 WL 7495808, at *2 ("now that those patents have survived IPR, there remains only a speculative possibility that the Federal Circuit will reverse the PTAB and invalidate them"); *Acqis, LLC*, 2016 WL 4250245, at

contrast, State Defendants have already demonstrated that the outcome of the rulemaking is not speculative and, as argued below, neither is its length.

### B.     The rulemaking will likely be complete on or before September 21, 2023.

Plaintiffs' claim that the duration of the stay is uncertain is likewise unfounded. In their motion, State Defendants identified a specific date for completion of the rulemaking: October 17, 2023. The Department and Maine CDC identified this date based on various statutory requirements, *see, e.g.*, 5 M.R.S.A. §§ 8052-53, 8056 (2013 & Supp. 2023), their institutional knowledge and experience with rulemaking, and the possibility of a spate of public comments, each one of which must be addressed. State Defendants also committed to filing their anticipated motion to dismiss on mootness grounds within five business days of the filing of the Rule with the Maine Secretary of State. *See* 5 M.R.S.A. § 8052(6) (non-emergency rules effective no sooner than five days after filing with the Maine Secretary of State).

Now that the public comment period has closed, the Department and Maine CDC have revised their rulemaking timetable. The Department now expects to complete the Rule amendment and repeal of the COVID-19 vaccine requirement on or before September 21, 2023. This revised timetable rests not on uncertain outside forces, but on the internal processes of the Department, Maine CDC, and the Office of the Maine Attorney General, all of which are involved in this action. This is unlike the circumstances of *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-CV-410-SI, 2016 WL 3844209, at *5 (D. Or. July 15, 2016), and *Ramirez Lluveras v. Pagan-Cruz*, No. CV 08-1486 (FAB), 2010 WL 11679649, at *6 (D.P.R. Aug. 5, 2010), when the stays sought were denied in part because of the uncertainty of when a separate entity, unrelated to the litigation, would act. *See* ECF No. 179 at 6.

---

*2-3 (denying stay pending appeal to Federal Circuit in part because appeals in that circuit averaged 11 months and because alleged effects of a merger were premature to warrant stay).

The revised timetable is more than three weeks sooner than originally anticipated. State Defendants remain committed to filing their motion to dismiss within five business days of the filing of the Rule with the Maine Secretary of State, and will notify the Court of when that occurs. With the cooperation of Plaintiffs on an expedited briefing schedule, the motion to dismiss now could be ready for the Court's decision before or by the end of October 2023.

In sum, the stay requested is of short duration based on circumstances within State Defendants' control and not based on speculation of what some entity unrelated to this litigation may or may not do.

## II. The other relevant stay factors support the requested stay.

Plaintiffs argue that any delay will prejudice them because they allege that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitute[s] irreparable harm." ECF No. 179 at 4 (citing *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020)). Plaintiffs' argument may have had more force if the COVID-19 vaccination requirement were currently being enforced. But there is no such enforcement and no state law preventing Plaintiffs from working in a DHCF, even though they are not vaccinated against COVID-19. Plaintiffs have not shown why a brief stay will cause them harm when, even under their theory, there is no current abridgement of their First Amendment rights.

Further, with respect to Plaintiffs' alleged loss of First Amendment freedoms, this Court has already reasoned:

> Unlike the state restrictions considered in *Cuomo*, the [Rule] at issue here . . . does not prevent the Plaintiffs from adhering to their religious beliefs and to refuse to be vaccinated. It is the employment consequences that may flow from that refusal that arguably gives rise to a possible violation of the First Amendment. Because there are remedies available for harms which result from unlawful employment practices, this is not a situation in which the possible harm flowing from a First Amendment violation is necessarily irreparable, as was the case in *Cuomo*.

ECF No. 44 at 4. And while Plaintiffs generally have an interest in the expeditious resolution of

5

their claims, *see* ECF No. 179 at 4, Plaintiffs also did not file their opposition to the motion to stay until 17 days later, on the last possible day allowed by the Court's briefing schedule, ECF No. 178.

Plaintiffs also contend that a stay in order to adjudicate a motion to dismiss will not simplify any of the issues because they are challenging not only the Rule, but also 22 M.R.S.A. § 802(4-B) (Supp. 2023), the state statute (Statute) that identifies available exemptions to vaccinations required for healthcare workers in DHCFs. Plaintiffs' Amended Complaint, however, is solely concerned with Plaintiffs' religious objections to vaccination against COVID-19, ECF No. 152 *passim*, and they already expressly disclaimed their intent to challenge any other required vaccine to the First Circuit, Oral argument at 1:38-2:02, *Lowe v. Mills*, 68 F.4th 706 (1st Cir. 2023) (No. 22-1710), https://www.ca1.uscourts.gov/sites/ca1/files/oralargs/22-1710_20230504.mp3. So contrary to Plaintiffs' claim, the removal of the requirement that DHCFs mandate their employees be vaccinated against COVID-19 does moot this case because the Court cannot provide them with any of the relief they seek.[5] *See Calvary Chapel of Bangor v. Mills*, 52 F.4th 40, 46 (1st Cir. 2022) ("So even if a suit presented a live dispute when filed, if events change such that the complaining party winds up with all the relief the federal court could have given it, the case is moot and must be dismissed." (cleaned up)).

Plaintiffs also contend that they would likely need discovery to oppose the motion to dismiss on mootness grounds, and so the Court should deny the stay. ECF No. 179 at 8. But Plaintiffs' alleged need for discovery to oppose State Defendants' motion to dismiss is further support for the stay. The scope of discovery needed to oppose the State Defendants' motion would be focused on the mootness exceptions for voluntary cessation and issues that are capable of

---

[5] Even if Plaintiffs' Amended Complaint could be read to challenge the Statute as it applies to other required vaccinations (which it cannot), resolving the COVID-19 aspect of the case would still narrow the scope of this action.

repetition, yet evading review.[6] In contrast, discovery on the merits of Plaintiffs' Amended Complaint would be far broader, encompassing seven plaintiffs and a time period of 24 months. A short stay will allow State Defendants to file their motion to dismiss and supporting evidence, at which point Plaintiffs can determine what, if any, discovery they believe that they need to oppose the motion with respect to the Court's jurisdiction. *Cf.* Fed. R. Civ. P. 56(d)(2).

And, contrary to Plaintiffs' claims, conducting that unnecessary discovery on the merits of the Amended Complaint would be a hardship to State Defendants. *See* ECF No. 173 at 5-6. Plaintiffs, once again, argue that State Defendants' assertions of hardship are speculative because the rule change is uncertain, ECF No. 179 at 9-10, but State Defendants have already shown that is not the case. While State Defendants did oppose Plaintiffs' stay request in the past, that was when the requirement that DHCFs ensure their employees are vaccinated against COVID-19 was in effect—which is no longer the case.

## CONCLUSION

All the factors discussed weigh in favor of staying this proceeding as to Plaintiffs and State Defendants until the rulemaking is complete and the anticipated motion to dismiss is decided.

Accordingly, and for the reasons stated herein and in their memorandum of law in support of the motion to stay, State Defendants respectfully request that their motion be granted and that the Court stay this matter as to Plaintiffs' remaining claims against State Defendants during the pending rulemaking and adjudication of the anticipated motion to dismiss.

---

[6] "A defendant's voluntary change in conduct moots a case only if it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Calvary Chapel*, 52 F.4th at 47 (quotation marks omitted). The exception for issues that are capable of repetition, yet evading review "operates only in extraordinary situations." *Id.* It "applies only if (1) the challenged action is in its duration too short to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.*

DATED:  August 21, 2023                    Respectfully submitted,

                                                                          AARON M. FREY
Attorney General

THOMAS A. KNOWLTON
Deputy Attorney General
Chief, Litigation Division
thomas.a.knowlton@maine.gov

/s/ Kimberly L. Patwardhan
KIMBERLY L. PATWARDHAN
Assistant Attorney General
kimberly.patwardhan@maine.gov

Office of the Attorney General
6 State House Station
Augusta ME  04333-0006
Tel. (207) 626-8800
Fax (207) 287-3145

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2023, I electronically filed this document and any attachments with the Clerk of the Court using the CM/ECF system; that the same will be sent electronically to registered participants as identified in the CM/ECF electronic filing system for this matter.

/s/ Kimberly L. Patwardhan
KIMBERLY L. PATWARDHAN
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta ME  04333-0006
Tel.  (207) 626-8570
Fax (207) 287-3145
kimberly.patwardhan@maine.gov