## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **ALICIA LOWE, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **1:21-cv-00242-JDL** |
| | ) | |
| **JANET T. MILLS et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER ON STATE DEFENDANTS' MOTION TO STAY

The State Defendants—Janet T. Mills, Governor of Maine, Jeanne M. Lambrew, Commissioner of the Maine Department of Health and Human Services, and Nancy Beardsley, Acting Director of the Maine Center for Disease Control and Prevention—have moved to stay this proceeding (ECF No. 173). Their motion seeks "to stay this matter as to Plaintiffs' remaining claims against State Defendants during the pending rulemaking on amendments proposed to the healthcare worker vaccination rule at issue in this case, Immunization Requirements for Healthcare Workers, 10-144 Me. Code R. ch. 264 ("Rule"), and an anticipated motion to dismiss." ECF No. 173 at 1. The State Defendants represent that the COVID-19 healthcare worker vaccination rule—which is the subject of Plaintiffs' Amended Complaint and constitutional challenges (ECF No. 152)—will be repealed effective on or about September 21, 2023.[1]  ECF No. 181 at 3-4. They also represent that the Department

---

[1]  The State Defendants initially asserted that the rule change repealing the healthcare worker vaccination rule would be "finalized . . . on or about October 17, 2023." ECF No. 173 at 2. After the public-comment period on the rule change closed on August 17, 2023, they revised their timetable for finalizing the repeal to "on or before September 21, 2023." ECF No. 181 at 4.

has not enforced the vaccination requirement against designated health care facilities since July 11, 2023, and will continue to suspend enforcement. Thus, the State Defendants contend that designated health care facilities "can permit employees who are not vaccinated against COVID-19 (and not medically exempt) to attend work in those facilities." ECF No. 173 at 3; *accord* ECF No. 181 at 5. And once the rule change is finalized, the State Defendants intend to "move to dismiss this matter on mootness grounds." ECF No. 173 at 3.

The Plaintiffs oppose the requested stay, citing this case's protracted history, which has included multiple appeals to the U.S. Court of Appeals for the First Circuit and the Supreme Court. ECF No. 179 at 1, 5. They fear that a stay, if granted, will last for an extended, indeterminate period because they intend to contest the State Defendants' promised motion to dismiss. *Id.* at 3-6. The Plaintiffs buttress this argument by emphasizing that their First Amendment challenge is "to the overall scheme in Maine that prohibits religious accommodations, as opposed to an individual agency rule." *Id.* at 7. Thus, the Plaintiffs argue, "the speculative repeal of the Rule would still not moot Plaintiffs' challenge under various exceptions to mootness, including the doctrines of sham repeals to manipulate the Court's jurisdiction, and the 'capable of repetition yet evading review' exception to mootness." *Id.* at 8.

A court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes [sic] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). "Of course, stays cannot be cavalierly dispensed: there

2

must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992); *see also Pan Am Sys., Inc. v. Hardenbergh,* 2012 WL 4855205, *1 (D. Me. Oct. 12, 2012). Those equities include (1) potential prejudice to the non-moving party, (2) hardship to the movant absent a stay, and (3) judicial economy. *Good v. Altria Grp., Inc.,* 624 F. Supp. 2d 132, 134 (D. Me. 2009).

Whether the instant case should be stayed turns largely on the likelihood of whether the repeal of the healthcare worker vaccination rule will render the Plaintiffs' constitutional challenges moot. "The doctrine of mootness enforces the mandate that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed. The burden of establishing mootness rests with the party invoking the doctrine[.]" *Am. Civil Liberties Union of Massachusetts v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 52 (1st Cir. 2013) (internal quotations and citations omitted). Even if moot under this standard, an action is not subject to dismissal where the voluntary cessation exception to the mootness doctrine applies. *See id.* at 43-44. That exception rests on the principle "'that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior.'" *Id.* at 54 (quoting *City News & Novelty, Inc. v. City of Waukesha,* 531 U.S. 278, 284 n.1 (2001)). "However, even in circumstances where the voluntary cessation exception applies, a case may still be found moot if the defendant meets 'the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id.* at 55  (quoting

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 190 (2000)).

The State Defendants' motion does not offer a developed argument, supported by case authority, demonstrating the merit of their mootness argument. As a consequence, the Plaintiffs did not present a fully developed argument in response. I am, therefore, not in a position to decide whether the expected final revocation of the COVID-19 healthcare worker vaccination rule will render all of the claims in the Amended Complaint moot and, if so, whether the voluntary cessation exception or some other exception to the mootness doctrine applies. The present possibility that I may, in the future, determine that the Amended Complaint is both moot and not subject to any exception to the mootness doctrine does not demonstrate the good cause required to stay this long-standing action.

My conclusion that the requested stay is not, at this juncture, supported by good cause does not mean that the State Defendants have no remedy for the harm they claim they may suffer in connection with the expense and demands of discovery. The Court has discretion to organize and time the discovery and pretrial process to account for the State Defendants' expected Motion to Dismiss. Either party may move to amend the Scheduling Order entered on July 12, 2023 (ECF No. 171), including, but not limited to, that order's deadline to disclose experts required by Fed. R. Civ. P. 26(a)(2)(A) and related deadlines leading up to the filing of dispositive motions.

It is accordingly **ORDERED** that the State Defendants' Motion to Stay (ECF No. 173) is **DENIED.**

4

SO ORDERED.

Dated:  August 25, 2023

_____/s/ JON D. LEVY_____
CHIEF U.S. DISTRICT JUDGE