## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ALICIA LOWE, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>JANET T. MILLS, Governor of the State of Maine, et al.,<br><br>            Defendants. | Civil Action No. 1:21-cv-00242-JDL |

### STATE DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS REMAINING CLAIMS AS MOOT

State Defendants submit this reply memorandum in support of their Motion to Dismiss Remaining Claims as Moot, ECF No. 188.  Fed. R. Civ. P. 12(b)(1); L.R. 7(c).

**I.      Plaintiffs' belated realization that the Rule and Statute work in tandem does not save their case from mootness post-repeal of the COVID-19 vaccination requirement.**

Throughout this litigation, State Defendants and the Court have treated Plaintiffs' claims as challenging the operation of a state statute, 22 M.R.S.A. § 802(4-B) (Supp. 2023) (Statute), that applied to them through a state regulation, Immunization Requirements for Healthcare Workers, 10-144 Me. Code R. ch. 264 (Rule). *See, e.g.*, ECF No. 49 at 10-19; ECF No. 109 at 11-17; ECF No. 65 at 10; ECF No. 156 at 9.  Thus, what Plaintiffs characterize as a "candid" and "fatal" "admission," ECF No. 195 (Opp'n) at 2, has been a feature of this litigation since its inception.[1]

In any event, the claim that Plaintiffs are still suffering an injury (solely from the Statute) that is sufficient to defeat mootness, Opp'n 3, is wholly unsupported by the allegations in

---

[1] Plaintiffs' request for leave to amend their Amended Complaint to clarify their challenge to the Statute, Opp'n 4-5, is, as they argue, unnecessary because it would not change the nature of their claim.  *See* Fed. R. Civ. P. 15(a)(2).

Plaintiffs' Amended Complaint, any other evidence, or established mootness jurisprudence. First, the Statute is not self-executing—its applicability is limited to diseases identified in the Rule. The Amended Complaint, however, only challenges the unavailability of a non-medical exemption to the now repealed COVID-19 vaccine requirement, *see* ECF No. 152 *passim*, a fact Plaintiffs seemingly ignore.[2] Next, other than their verified Amended Complaint, Plaintiffs have presented no other evidence demonstrating how their rights are affected solely from the application of the Statute. Third, Plaintiffs' theory, that they can continue to challenge the Statute without showing or even alleging how it is or likely will be applied to them in practice (i.e., through the Rule), is at odds with applicable precedent. *Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 9 (1st Cir. 2021) ("there is nothing harming [plaintiffs] and thus nothing left for us to do that would make a difference to [their] legal interests"). In sum, Plaintiffs' argument is divorced from any factual bases and constitutes an improper request for an "advisory opinion[] on [an] abstract proposition[] of law." *ACLU of Mass. v. U.S. Conference of Cath. Bishops*, 705 F.3d 44, 54 (1st Cir. 2013).

## II. The voluntary cessation exception to mootness does not apply because the repeal of the COVID-19 vaccination requirement was based on changed circumstances, not this litigation.

The voluntary cessation exception to mootness "'does *not* apply if the change in conduct is *unrelated* to the litigation." *Bos. Bit Labs*, 11 F.4th at 10 (quotation marks omitted). Plaintiffs contend that the repeal of the COVID-19 vaccination requirement was a litigation tactic, in response to the First Circuit's opinion that issued on May 25, 2023. Opp'n 5-6. The record shows, however, that the opinion issued while other rapid regulatory changes were occurring with respect to the COVID-19 pandemic.

---

[2]  In their Amended Complaint, Plaintiffs identify the law (or laws) they are challenging as the "Governor's COVID-19 Vaccine Mandate." ECF No. 152 *passim*. Yet, in their opposition to the present motion, Plaintiffs omit the phrase "Governor's COVID-19" and start each direct quotation to their Amended Complaint with "Vaccine Mandate." Opp'n 4. This shift in nomenclature is particularly inapt because the Statute does not require vaccination at all.

On May 1, 2023, the United States Center for Medicaid and Medicare Services (CMS) announced it would soon end its COVID-19 vaccine requirement. ECF No. 188-1 ¶ 9. The federal and state public health emergencies ended on May 11, 2023. *Id.* ¶¶ 10-11. Then, on June 5, 2023, CMS withdrew its COVID-19 healthcare staff vaccination requirements, but left other COVID-19 requirements in place. *Id.* ¶¶ 12-13. These changes triggered the Department's review of the evidentiary underpinnings of the Rule at the end of May and beginning of June 2023. *Id.* ¶¶ 16-17. The First Circuit's decision coincided with this timeline of regulatory changes and responses.

Regardless, the Department and Maine CDC repealed the COVID-19 vaccination requirement because the circumstances of the pandemic had changed since November of 2021 (when the Rule was amended on a non-emergency basis). Since then, new treatments for COVID-19 were approved and became widely available, and new vaccines and new vaccine formulations were approved. ECF No. 188-1 ¶¶ 22, 24-29. Critically, hospitalizations and deaths from COVID-19 in Maine declined significantly in 2022 and 2023 and then leveled off in the spring of 2023. ECF Nos. 188-2 & 188-3.[3] There were fewer outbreaks of COVID-19 in Maine healthcare facilities in 2023 than in 2022, and approximately 96% of the country's population now has some immunity against COVID-19 from vaccination, prior COVID-19 infection, or both. ECF No. 188-1 ¶¶ 42, 49. The review of this and other evidence resulted in the Department's repeal of the COVID-19 vaccination requirement for healthcare workers. *Id.* ¶¶ 19-36, 43-51.

Plaintiffs do not challenge or address <u>any</u> of these facts, focusing solely on the issuance of the First Circuit's opinion on May 25, 2023, which they claim establishes that the repeal of the COVID-19 vaccination requirement was solely a litigation tactic. Opp'n 5-6. The overwhelming

---

[3] Plaintiffs' contention that State Defendants knew of "changed circumstances" in January 2022, but did nothing until July of 2023, is a gross mischaracterization of the evidence, which shows a long, slow decline in hospitalizations and deaths over the course of 20 months, not a precipitous fall-off in a single month. *Compare* Opp'n 6, *with* ECF Nos. 188-2 & 188-3.

record evidence shows the repeal was in response to changed circumstances, which timeline happened to coincide with the First Circuit's opinion.  Plaintiffs' arguments regarding litigation tactics should be disregarded because they are speculation unsupported by any evidence.  *See Pietrangelo v. Sununu*, 15 F.4th 103, 106 (1st Cir. 2021).

### III.   There is no reasonable expectation that the COVID-19 vaccination requirement will be reinstated following dismissal of this case.

<u>Voluntary cessation</u>.   As an initial matter, Plaintiffs misstate the applicable standard. Plaintiffs claim that State Defendants must make it "absolutely clear" that the challenged conduct "would not and could not be reinstated" in order to satisfy their burden.  Opp'n 9-10.  The correct standard "holds that a defendant's voluntary change in conduct moots a case only if it is absolutely clear that the allegedly wrongful behavior <u>could not reasonably be expected to recur</u>."  *Calvary Chapel of Bangor v. Mills*, 52 F.4th 40, 47 (1st Cir. 2022) (quotation marks omitted) (emphasis added); *see also id.* at 47 n.3 (rejecting same argument Plaintiffs make here regarding the "absolutely clear" language).

Regardless, State Defendants have satisfied their burden under *Calvary Chapel*.  Because of the changed circumstanced highlighted above, neither the Department nor Maine CDC has any plans or intention to reinstate the COVID-19 vaccination requirement, and it is highly unlikely that the Department will seek to do so in the future.  ECF No. 188-1 ¶¶ 41, 51.  These changed circumstances also mean the legal controversy presented in the Amended Complaint is unlikely to recur in the future.  *See Clark v. Governor of New Jersey*, 53 F.4th 769, 778 (3d Cir. 2022), *cert denied*, 143 S. Ct. 2436 (2023).  It is therefore "absolutely clear" that the challenged conduct cannot be reasonably expected to recur.  *Calvary Chapel*, 52 F.4th at 48.

Plaintiffs argue that State Defendants' sworn statements are not enough, Opp'n 10 (criticizing "highly unlikely"), but they fail to address or acknowledge the changed facts and data

presented to the Court.  It is entirely appropriate for government policy to adapt and change as circumstances change.  In similar cases, courts have credited government officials' explanation for a change in or end to COVID-19 related requirements or restrictions and concluded that cases challenging those former requirements were moot.  *See, e.g.*, *Clark*, 53 F.4th at 778 ("Our knowledge of the virus and its vectors of transmission, the rollout of vaccines, and the availability of therapeutic responses to infection have totally changed the nature of the disease itself, our understanding of it, and our response to it."); *Calvary Chapel*, 52 F.4th at 48 & n.7; *Resurrection Sch. v. Hertel*, 35 F.4th 524, 529 (6th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 372 (2022); (mask mandate rescinded in response to high vaccination rates, low case counts, new treatment options, and warmer weather and case was moot).  Moreover, State Defendants' conduct post-repeal has been consistent with their representations to this Court.  *See Gray v. Mills*, No. 1:21-cv-00071-LEW, 2021 WL 5166157, at *6 (D. Me. Nov. 5, 2021) ("Defendants have not imposed any new public health restrictions in the four months since the State of Civil Emergency ended and have disavowed any intention of doing so.").

Plaintiffs next argue that the retention of statutory authority to require vaccination in the future defeats mootness, Opp'n 7-8, but that argument has been rejected by the First Circuit in both *Boston Bit Labs*, 11 F.4th 3, and *Calvary Chapel*, 52 F.4th 40.  As Judge Thompson explained: "That the Governor has the power to issue executive orders cannot itself be enough to skirt mootness, because then no suit against the government would ever be moot.  And we know some are."  *Calvary Chapel*, 52 F.4th at 49 (quoting *Bos. Bit Labs*, 11 F.4th at 10).  Similarly, that the Rule could be amended in the future is an insufficient basis to avoid mootness.

Plaintiffs also claim that State Defendants' defense of the constitutionality of the Rule and Statute precludes mootness.  Opp'n 11-12.  State Defendants are not required to renounce the legality of the Rule or Statute as Plaintiffs claim: "No matter how vehemently the parties <u>continue</u>

to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (quotation marks omitted) (emphasis added); *see also Health Freedom Def. Fund v. President of United States*, 71 F.4th 888, 892 (11th Cir. 2023) ("And while we recognize that the government continues to defend the legality of the Mandate, that fact has little, if anything to do with the voluntary-cessation analysis." (cleaned up)); *Harris v. Univ. of Mass. Lowell*, 43 F.4th 187, 191-92 (1st Cir. 2022).  And, the out-of-circuit precedent Plaintiffs cite in support differs from this case because in none of the cases cited did the party who changed its conduct claim that the modification was in response to changed conditions unrelated to the litigation.[4]

       <u>Capable of repetition, but evading review</u>.  Similarly, this exception to mootness requires Plaintiffs to demonstrate that there is a "reasonable expectation" or "demonstrated probability" that Plaintiffs will be subject to same action in the future.  *See ACLU of Mass.*, 705 F.3d at 57. Here, Plaintiffs focus on the authority to enact a future vaccination requirement and what they allege to be deliberate conduct by the State Defendants, but fail to address the core issue: showing that "there [i]s a <u>reasonable</u> expectation that the same complaining party would be subjected to the same action again."  *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (emphasis added).

       Plaintiffs have put forth no evidence showing that they will be subject to the same COVID-19 vaccination requirement in the future.  Notably, we are far removed from the early response to

---

[4]  *See, e.g.*, *Olagues v. Russioniello*, 770 F.2d 791, 795 (9th Cir. 1985) ("Russoniello terminated the investigation solely because it failed to produce evidence supporting any further investigative activities" and there was "no showing that an investigation conducted in the same manner against the same groups would not recur"); *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1186 (11th Cir. 2007) (highlighting defendant admitted that change in challenged policy "was to ... avoid future disputes such as the one at issue [in the instant case]"); *Jager v. Douglas Cnty. Sch. Dist.*, 862 F.2d 824, 833-34 (11th Cir. 1989) (identifying no change in circumstances that led school district to abstain from prayer before football games, which had been challenged in the lawsuit); *Pierce v. Ducey*, No. CV-16-01538-PHX-NVW, 2019 WL 4750138, at *5-7 (D. Ariz. Sept. 30, 2019) (explaining change in position was based on circumstances wholly related to the litigation).

the pandemic, when COVID-19 restrictions were adopted by gubernatorial executive order that were frequently fleeting in duration. *See, e.g.*, *Bayley's Campground, Inc. v. Mills*, 985 F.3d 153, 157-58 (1st Cir. 2021). In contrast, the Rule was in place for two years and then repealed when circumstances warranted. "[A]voiding mootness cannot rest on 'speculation' about some future potential event." *Harris*, 43 F.4th at 195 (quoting *Pietrangelo*, 15 F.4th at 106). Because there is no reasonable expectation or demonstrated probability that Plaintiffs will be subject to the same action in the future, this exception does not and cannot apply. *See ACLU of Mass.*, 705 F.3d at 57.

## IV.   Plaintiffs' request for a permanent injunction does not preclude mootness.

Plaintiffs last argument, that their request for declaratory relief and a permanent injunction are not moot because State "Defendants have plainly not demonstrated that a return to the prior infirmities will not happen," Opp'n 18-20, largely rehashes their other arguments. Plaintiffs' arguments, however, are not evidence, *Calvary Chapel*, 52 F.4th at 47 n.4, and suffer from the same defects addressed above. Unlike the cases they cite, they have not demonstrated that State Defendants will require COVID-19 vaccination in the future. *Cf. Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 47-49 (1st Cir. 2010) (cataloging defendant's brazen non-compliance with previous final judgment and permanent injunction entered on the same issue); *United Air Lines, Inc. v. Air Line Pilots Ass'n Int'l*, 563 F.3d 257, 275-76 (7th Cir. 2009) (describing how defendant repeatedly had failed to ensure its pilots followed interim agreement, and so permanent injunction was necessary to ensure compliance); *United States v. Bob Lawrence Realty, Inc.*, 474 F.2d 115, 127 (5th Cir. 1973) (explaining defendant refused to acknowledge that he had been found by the trial court to be in violation of federal law, while asserting he would violate the law in the future). No such evidence is present here. Accordingly, the repeal of the COVID-19 vaccination requirement renders Plaintiffs' claims seeking declaratory relief and a permanent injunction moot because there is no effective relief the Court can or needs to provide. *Bos. Bit Labs*, 11 F.4th at 9.

## CONCLUSION

For the reasons set forth above and in the Motion to Dismiss, ECF No. 188, State Defendants request that the remaining claims against them in Plaintiffs' Amended Complaint be dismissed as moot.

DATED:  October 24, 2023                    Respectfully submitted,

                                            AARON M. FREY
                                            Attorney General

                                            THOMAS A. KNOWLTON
                                            Deputy Attorney General
                                            Chief, Litigation Division
                                            thomas.a.knowlton@maine.gov

                                            /s/ Kimberly L. Patwardhan
                                            KIMBERLY L. PATWARDHAN
                                            Assistant Attorney General
                                            kimberly.patwardhan@maine.gov

                                            Office of the Attorney General
                                            6 State House Station
                                            Augusta ME  04333-0006
                                            Tel.  (207) 626-8800
                                            Fax (207) 287-3145

                                            Attorneys for State Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2023, I electronically filed this document and its attachments with the Clerk of the Court using the CM/ECF system and that the same will be sent electronically to registered participants as identified in the CM/ECF electronic filing system for this matter.

/s/ Kimberly L. Patwardhan
KIMBERLY L. PATWARDHAN
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta ME  04333-0006
Tel.  (207) 626-8570
Fax (207) 287-3145
kimberly.patwardhan@maine.gov

Attorney for State Defendants