UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALICIA LOWE, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No. 1:21-cv-00242-JDL |
| ) | |
| JANET T. MILLS, in her official ) | |
| capacity as Governor of the State ) | |
| of Maine, et al., ) | |
| ) | |
| Defendants ) | |

**PROVIDER DEFENDANTS' SUPPLEMENT TO
MOTION FOR ENTRY OF FINAL JUDGMENT**

Provider Defendants seek finality. All claims against them have been dismissed by this Court. (ECF No. 156.) The dismissal of those claims has been affirmed by the First Circuit. (ECF No. 165.) Plaintiffs petitioned for certiorari seeking the U.S. Supreme Court's review of those claims and that petition was denied. *Lowe v. Mills*, No. 23-152, 2023 WL 7117039 (U.S. Oct. 30, 2023).

Presumably, Plaintiffs sought review when they did because 28 U.S.C. § 1254 provides, in pertinent part:

> Cases in the courts of appeals may be reviewed by the Supreme Court by the following methods:
>
> (1) By writ of certiorari granted upon the petition of any party to any civil or criminal case, *before or after rendition of judgment or decree*.

(emphasis added). Notably, Section 1254 contains no time period within which the petition must be made.

By contrast, Rule 13 of the U.S. Supreme Court Rules provides, in pertinent part:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals

1

>   for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days *after entry of the judgment.*

(emphasis added).

Reading Section 1254 together with Rule 13, causes Provider Defendants some concern that Plaintiffs may argue that while their petition for certiorari was timely when filed despite the absence of a final judgment in the case pursuant to the language of section 1254, a petition could be in order under the language of Rule 13 up to ninety (90) days after entry of a final judgment in the case.

If Plaintiffs make such an argument, Provider Defendants would rather confront it now, than be forced to wait until the conclusion of the Plaintiffs' claims against the State to confront it notwithstanding the fact that Provider Defendants are confident that such argument would be unsuccessful. For the reasons set forth in Provider Defendants' Motion for Entry of Final Judgment (ECF No. 172), no just reason exists for such delay.

If the Court is of the view, as may be suggested by its order of November 7, that a denial of certiorari as to some but not all claims and some but not all parties has the effect of a Rule 54(b) final judgment order in a case where there was no Rule 54(b) order preceding the petition, Provider Defendants would be satisfied with an order of the Court ruling accordingly.

To the extent that is not the Court's inclination, however, Provider Defendants ask that the Court grant their Motion for Entry of Final Judgment, so that, in the event Plaintiffs seek to make the argument outlined above, it can be dealt with sooner rather than later.

   Dated: November 21, 2023

/s/ Ryan P. Dumais
Ryan P. Dumais, Esq.
rdumais@eatonpeabody.com

2

Eaton Peabody
P.O. Box 5249
Augusta, Maine 04332-5249
207-622-3747

*Counsel for Northern Light Eastern Maine Medical Center*

/s/ James R. Erwin
James R. Erwin, Esq.
jerwin@pierceatwood.com

/s/ Katherine L. Porter
Katherine L. Porter, Esq.
kporter@pierceatwood.com

Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
207-791-1100

*Counsel for Defendants MaineHealth, Genesis Healthcare of Maine, LLC, Genesis Healthcare LLC and MaineGeneral Health*

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2023, I electronically filed the foregoing Supplement to Motion for Entry of Final Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Ryan P. Dumais
Ryan P. Dumais, Esq.
